

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AAS:DKK/JN
F.#2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 3, 2019

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

        Re:   United States v. Huawei Technologies Co., Ltd., et al.
              Criminal Docket No. 18-00457 (AMD)

Dear Judge Donnelly:

        The government respectfully submits this response to Huawei Tech's and Huawei USA's (collectively, "Huawei") "Motion for the Court to Review the Government's Redactions" to the government's Motion to Disqualify James M. Cole, Esq. ("Redaction Motion"). (See Dkt. No. 51.) The government has already submitted to the Court copies of the Motion to Disqualify showing the various portions that were redacted and explained why the redactions are proper. The defendants' request for the disclosure of additional information should be rejected for the following reasons.

        First, the defendants' motion flips the paradigm at issue on its head, arguing that a party seeking to disqualify its former attorney should be required to reveal to the attorney's new client the very information it is trying to prevent the new client from learning. Indeed, the defendants suggest that the government may try to disqualify Cole, in order to prevent him from using the government's confidential information to aid Huawei, only if it first provides Huawei with that privileged information. (See Redaction Motion at 8 n. 3.) Not surprisingly, the defendants fail to cite any support for this proposition. The government's ability to protect its confidential and privileged information through a disqualification motion would be irreparably harmed if the government had to reveal the very information it was trying to protect in order to pursue the motion.

        Second, contrary to the defendants' arguments, their Sixth Amendment rights do not "trump" the government's need to protect its former attorney from disclosing privileged information to the defendants. This is particularly true here, where Huawei entered into the attorney client relationship with Cole knowing that Cole had recently served as Deputy Attorney

General ("DAG").[1]  Similarly, Cole chose to represent Huawei, in spite of his previous work as DAG.  It is these choices that have created the current situation, not the government's choice to prevent its former attorney from using its privileged information against the government.  Huawei concedes that it does not have an absolute right to counsel of its choice.  Nor has it shown that it has any right to the confidential information Cole possesses or the redacted information in the government's brief.  In other words, the government's interest in protecting the redacted information far outweighs any interest Huawei has in receiving it.  Huawei should not benefit from its decision to retain conflicted counsel to the government's detriment.

Third, Huawei argues that the "slightly less redacted version [of the motion] shown privately to Mr. Cole earlier this month included [no] information that would cause a reasonable lawyer to recuse himself from this matter."  (Redaction Motion at 2.)  This argument is without merit.  The version of the motion shown to Cole was not "slightly less redacted" than the public version—it was significantly less redacted, including through the disclosure of classified information.[2]  The version shown to Cole demonstrated a conflict requiring disqualification—and certainly provided enough information upon which to form an opposition to the motion.  Moreover, it is not clear how defense counsel can assert that the redactions in the publicly filed version of the Motion to Disqualify and the version of the Motion to Disqualify shown to Cole are substantially similar, because Cole was not authorized to discuss the version he reviewed with Huawei or with his co-counsel.

Cole does not argue in his affidavit that the version of the motion he reviewed fails as a matter of law to establish his disqualification.  Instead, he merely asserts that he did not receive as many facts as he believes were required to establish the need for disqualification, and that he does not "recollect[]" the facts discussed in the motion.  But the question of what Cole "recollects" is irrelevant once the government shows that Cole actually has relevant privileged information to use in this matter, or even just shows that the former matter is "substantially related" to this one.  See, e.g., United States v. Prevezon Holdings Ltd., 839 F.3d 227, 241 (2d Cir. 2016) (once a substantial relationship between two cases is established, the moving party "is entitled to the benefit of an irrebuttable presumption that confidences were shared").  The government has made that showing here.[3]  In addition, the Cole affidavit incorrectly states that

---

[1] The government reiterates that its motion does not seek to disqualify any other lawyer at Sidley Austin or at Jenner & Block.  As a result, the defendants' Sixth Amendment interest weighs even less, given that the defendants will still be represented by the numerous other attorneys whom the defendants have chosen.  The government merely seeks to prevent a single attorney—the one lawyer on the defense team who clearly has access to information to which the defendants are not entitled—from representing the defendants.

[2] On May 2, 2019, the government submitted to the Court the version of the Motion to Disqualify provided to Cole.  The government also submitted to the Court a redline showing all the redactions made to the publicly filed version of the Motion to Disqualify.

[3] Regardless of what Cole recalls at the moment, nothing will prevent possible refreshment of Cole's memory regarding confidences shared with him while DAG—to the government's detriment.

the government "provided me with no further information since that time." In fact, the version of the motion provided to Cole contains information about the nature of the conflict, including classified information, not previously provided to him.

Moreover, the defendants' repeated assertions that the government has "revealed nothing to Huawei" regarding the basis of the conflict, and that the government has concealed "all information about why disqualification" is warranted, also are incorrect. (See Redaction Motion at 1, 5.) The Motion to Disqualify explains that the conflict arises from a specific investigation in which Cole was involved in his role as DAG. As the government explained, that was the extent of the information that could be revealed without providing some of the very information the government seeks to prevent from being used improperly.

Fourth, the defendants' efforts to distinguish certain authority cited by the government to argue they are entitled to more information is unpersuasive. The conflict presented here is unprecedented. The government is not aware of any situation in which a former DAG—or other senior DOJ official—has attempted to represent a client when he had previously been involved in a substantially related matter while serving as DAG, let alone when the former representation involved classified information. It is therefore not surprising that, in other contexts, a party moving to disqualify a former attorney has provided more information than may have been provided in this case. At best, the defendants' reading of the case law establishes that the government should do what it has done here—provide the public and the defendant with the information about the nature of the conflict to the extent possible, and provide a full and complete picture of the conflict to the Court.[4]

Finally, nothing in the defendants' brief points to any materially improper redaction on the government's part. As explained in the government's submissions to the Court, the redactions are appropriate, and there is no additional material information to which the defendants are entitled. Should the Court have questions about specific redactions, the government is prepared to answer them.

---

[4] The defendants argue that Decora Inc. v. DW Wallcovering, Inc., 901 F. Supp. 161, 163–64 (S.D.N.Y. 1995), a case cited by the government in its letter to defense counsel, holds that an ex parte submission may be used only to supplement a motion to disqualify a former attorney. (See Redaction Motion at 6.) The case does not have such an absolute holding. And, in any event, the government has followed the process in Decora: It has supplemented the public motion, which identifies the conflict as stemming from Cole's involvement in an investigation while DAG, with an ex parte submission further to describe the conflict. Decora supports this approach. There, the court explained that "[t]he substantial relationship test and the receipt of ex parte submissions are designed to protect the confidences of the former client and to avoid the necessity of its disclosing confidences to an adversary" and that "district courts should devise methods, including in camera submissions, and other protective devices, to safeguard the interests of the former client." Id. Notably, the government has provided extensive information to the Court to support the "searching fact-specific inquiry" that the defendants contend the case law requires this Court conduct. (See Redaction Motion at 7-8.)

The defendants challenge a handful of specific redactions, but these redactions apply to information that was properly withheld from the public. Huawei also is aware of much of the information it claims to have been improperly withheld from it. For example, Huawei is aware of the identity of the office issuing the 2017 subpoena—which has not been identified publicly but was listed on the subpoena Huawei received—and the "Cole Discovery Request"— which Cole recently sent to the government but did not file publicly.

\*   \*   \*

For the forgoing reasons, Huawei's argument that the government should provide it with the very information it seeks to shield from disclosure by moving to disqualify Cole should be rejected.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:    /s/ David K. Kessler
Alexander A. Solomon
Julia Nestor
David K. Kessler
Kaitlin T. Farrell
Sarah M. Evans
Assistant U.S. Attorneys
(718) 254-7000

DEBORAH L. CONNOR
Chief
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Department of Justice

Laura M. Billings
Christian J. Nauvel
Trial Attorneys

JAY I. BRATT
Chief
Counterintelligence and Export Control Section
National Security Division, U.S. Department of Justice

Thea D. R. Kendler
David Lim
Trial Attorneys

cc:    Defense counsel (by ECF)