AAS:JN/DKK/KTF/SME
F. #2017R05903

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI DEVICE USA INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PROTECTIVE ORDER

Cr. No. 18-457 (S-2) (AMD)

IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1.     All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendants HUAWEI TECHNOLOGIES CO., LTD., and HUAWEI DEVICE USA INC. (collectively the "defendants"),[1] and the defendants' counsel ("Defense Counsel"),[2] by the

---

[1] The defendants are defined as HUAWEI TECHNOLOGIES CO., LTD., HUAWEI DEVICE USA INC., and their directors, officers, and in-house counsel. Without waiving any future rights or arguments, the parties will promptly seek to negotiate, in good faith, a separate agreement governing disclosure of Discovery Materials to co-defendant Wanzhou Meng and her counsel. Pending such agreement or further order of the Court, notwithstanding any other provision in this Protective Order, no Discovery Materials shall be disclosed to co-defendant Meng or her counsel.

[2] Defense Counsel is defined as lawyers for Sidley Austin LLP, Jenner & Block LLP, Clifford Chance LLP and Locke Lord LLP.

government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

2.    Discovery Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, may be used by the defendants, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case and any superseding indictment, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendants' appellate rights, involving the charges in the above-captioned case.

3.    Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the defendants and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4.    Defendants, Defense Counsel, and Defense Staff may use Discovery Materials without consent of the government or further order of the Court, so long as any person to whom the Discovery Materials are shown has signed this Protective Order, or has been provided a copy of this Protective Order, signed Attachment A to this Protective Order, and provided the signed copy to Defense Counsel.

2

5.      Defense Counsel may disclose or discuss Discovery Materials to or with (i) a person who is contacted or interviewed by Defense Counsel or Defense Staff in good faith as a potential witness, as well as that potential witness's counsel, and (ii) employees of the defendants who Defense Counsel believe in good faith are necessary to defend this action, without further order of the Court, provided that such potential witness and that potential witness's counsel and such employees have been provided with a copy of this Protective Order, signed Attachment A to this Protective Order, and provided the signed copy to Defense Counsel. Before disclosing Discovery Materials to a witness, potential witness or employee of the defendants, Defense Counsel must redact information of the type identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure.  In no case, however, may Defense Counsel or Defense Staff allow a potential witness, a potential witness's counsel, or an employee of the defendants to retain the Discovery Materials, other than attorney work product based on Discovery Materials, which work product shall not be disclosed, disseminated or discussed publicly or with any person not entitled to view the Discovery Materials under this Protective Order, and may be retained only by a potential witness or employee's counsel.

6.      If a co-defendant has appeared in the above-captioned case, Defense Counsel may disclose or discuss Discovery Materials to or with a co-defendant, the co-defendant's counsel, or counsel's staff, irrespective of paragraph 5 above, so long as the co-defendant and the co-defendant's counsel have either become a party to this Protective Order or signed a standalone order containing identical protections, and the respective order is filed on the above-captioned docket.

7.      In the event the defendants, Defense Counsel and/or Defense Staff wish to disclose or discuss any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials to or with any individual to whom, or in a manner in which, disclosure is not authorized by this Protective Order, they may seek the government's agreement to do so.  In the absence of such agreement, Defense Counsel must (a) provide advance notice to the government or Firewall Counsel[3] and (b) make an application to the Court for authorization to make such disclosure, which application may be made *ex parte* where necessary to maintain confidentiality of defense strategy.  Such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument as to the propriety of such disclosure.

8.      None of the Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

9.      In the event the defendants, Defense Counsel, Defense Staff or the government wish to attach any portion of the Discovery Materials to public filings made with the Court, Defense Counsel and/or the government must either: (a) file the Discovery Materials

---

[3] Government attorneys identified to the Court and to the defendants will serve as Firewall Counsel.  Firewall Counsel will have no role in the investigation and will not share information received from Defense Counsel with the prosecution team.

4

under seal and indicate to the Court their position with regard to whether the Discovery Material

should remain under seal, such that the government or Defense Counsel may then inform the

Court of its position with regard to sealing and the Court can decide whether the filed Discovery

Materials should remain sealed; or (b) confer with the opposing party as to whether the

Discovery Materials should remain under seal, such that upon agreement of the parties, such

restriction may be lifted and the material may be publicly filed without further order of the

Court.

          10.     If the defendants obtain substitute counsel, the undersigned defendants,

Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or

any copies, notes, transcripts, documents, or other information and materials derived or prepared

from the Discovery Materials unless and until such counsel becomes counsel of record, has been

provided a copy of this Protective Order, signs Attachment A to this Protective Order, and

provides a signed copy of Attachment A to the government.

          11.     Discovery Materials specifically identified by the government as sensitive

discovery material (the "Sensitive Discovery Material"), and any and all copies, notes,

transcripts, documents and other information and materials derived or prepared from the

Sensitive Discovery Material, shall not under any circumstances be taken, transmitted or

accessed, in whole or in part, outside of the United States of America, except as otherwise

provided in this Protective Order.

          12.     The defendants may review the Sensitive Discovery Material only in the

presence of Defense Counsel or Defense Staff.  The defendants are prohibited from having

possession, custody, or control of the Sensitive Discovery Material, and any and all copies,

notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

13.    If Defense Counsel chooses to share the Sensitive Discovery Material in the United States with a defendant, a witness and/or a witness's counsel or an employee of the defendants ("U.S. Person"), that Sensitive Discovery Material must be shared in the presence of Defense Counsel.  Prior to such sharing, the U.S. Person must sign Attachment A to this Protective Order and provide a signed copy of Attachment A to Firewall Counsel.  In no case, however, may defendants, Defense Counsel, or Defense Staff allow a U.S. Person to retain the Sensitive Discovery Material or any copies thereof.  Counsel for a U.S. Person may create and retain work product based on Sensitive Discovery Material, which work product shall not be disclosed, disseminated or discussed publicly or with any person not entitled to view the Sensitive Discovery Material under this Protective Order.  All such work product shall not under any circumstances be taken, transmitted or accessed, in whole or in part, outside of the United States.

14.    If Defense Counsel seek to share Sensitive Discovery Material with (i) the defendants, (ii) employees of the defendants, or (iii) a potential witness, including an employee of the defendants, who is located abroad ("International Person"), the defendants will provide notice to the government that the International Person seeks to review Sensitive Discovery Material.  Such notice shall identify the International Person but not identify the particular Sensitive Discovery Material at issue.  Absent a specific showing by the government as to why the circumstances do not warrant such action, which may be provided to the Court on an *ex parte* basis, the U.S. Attorney's Office for the Eastern District of New York, the Money Laundering

6

and Asset Recovery Section in the Criminal Division of the U.S. Department of Justice, and the

Counterintelligence and Export Control Section in the National Security Division of the U.S.

Department of Justice (collectively, the "Prosecution Team") will, within 14 days, unless good

cause is shown to the Court explaining why additional time is required, provide a letter

guaranteeing safe passage for the International Person to travel to the United States, certifying

that the Prosecution Team will not take any action or cause any government officer or agency to

take any action to cause the International Person to be subject to service of process, arrest, or

detention, or otherwise pursue any action that would cause the International Person to be

prevented from freely entering or freely leaving the United States, except for any action relating

to a crime committed during the period of safe passage.  Any disclosure of the Sensitive

Discovery Material to an International Person who is granted safe passage must comply with

Paragraphs 12 and 13 above.

    15. Upon an assessment by both parties that an International Person is unable

to travel to the United States, including because of an objective, good faith belief that the

International Person may be subject to service of process, arrest or prosecution not covered by a

safe passage letter as described in paragraph 14, or if the government does not provide a safe

passage letter as described in paragraph 14, the government and Defense Counsel will confer to

devise a means for the International Person to review Sensitive Discovery Material outside the

United States in the presence of Defense Counsel and counsel for the International Person.  Such

disclosure may only be made if the International Person and his/her counsel have been provided

with and signed Attachment A to this Protective Order and have provided the signed Attachment

A to the government.  The government and Defense Counsel may seek intervention from the

Court on an *ex parte* basis or otherwise should the parties be unable to reach an agreement. In no case, however, may Defense Counsel or Defense Staff allow an International Person or his/her lawyer reviewing the Sensitive Discovery Material outside the United States to retain the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, except to the extent necessary to review the Sensitive Discovery Material in the presence of Defense Counsel and the International Person's counsel and transport such work product back to the United States.

16.   All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraphs 17 and 18 below.

17.   Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively, and only if such Defense Counsel and Defense Staff are citizens of the United States. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the defendants.

18.   Attorneys' Eyes Only Material must be maintained on a stand-alone computer or computers within the office of Defense Counsel, not connected to the internet, and may not be transported or transmitted from those stand-alone computers without order of this Court.

19.   Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim or individual not a party to this

8

litigation; proprietary or sensitive information of a victim financial institution or of a witness; national security or law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the defendants may provide notice to the government and a reasoned explanation regarding why the defendants do not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material. The defendants shall treat the material as Sensitive Discovery Material pending any determination by the Court.

20.     Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive Discovery Material provides insufficient protection to such materials. If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorney's Eyes Only Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Attorneys' Eyes Only Material. Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

21.     Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on each page of the document or by otherwise indicating the appropriate designation on the material or information prior to production.  While each page of a sensitive document and its attachments should be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted.  Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Sensitive-Attorneys' Eyes Only material.

22.     The defendants and Defense Counsel will return to the government the Discovery Materials, the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the possession of the defendant, Defense Counsel, Defense Staff or any other signatory to Attachment A to this Protective Order, when defendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendants' appellate rights, involving the charges in the above-captioned case.

23.     Nothing in this Protective Order shall preclude the government or the defendants from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

24.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

25.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

26.     Upon determination by the Court of a violation of this Protective Order, the Court may take such action as it deems appropriate.

27. This Protective Order pertains only to unclassified Discovery Materials. Nothing in this Protective Order shall alter or control the handling of any classified material pursuant to the Classified Information Procedures Act and any applicable rules and regulations.

Dated:   Brooklyn, New York
         May 31, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: ████████████████
Alexander A. Solomon
Julia Nestor
David K. Kessler
Kaitlin T. Farrell
Sarah Evans
Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

By: ████████████████
Laura Billings
Christian J. Nauvel
Trial Attorneys

JAY I. BRATT
Chief, Counterintelligence and Export
Control Section, National Security Division
U.S. Department of Justice

By: ████████████████
Thea D. R. Kendler
David Lim
Trial Attorneys

12

*[signature]*

General Counsel of CNBG

_____
HUAWEI TECHNOLOGIES CO., LTD.
Defendant

_____
HUAWEI DEVICE USA INC.
Defendant


_____
Sidley Austin LLP
James M. Cole
Michael Levy
Joan M. Loughnane
Counsel for Defendants

_____
Jenner & Block LLP
David Bitkower
Matthew S. Hellman
Counsel for Defendants


_____
Clifford Chance LLP
George Kleinfeld
Counsel for Defendants


SO ORDERED:


_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK


2

_President of Huawei Device U.S.A_

HUAWEI TECHNOLOGIES CO., LTD.          HUAWEI DEVICE USA INC.
Defendant                             Defendant


Sidley Austin LLP                     Jenner & Block LLP
James M. Cole                         David Bitkower
Michael Levy                          Matthew S. Hellman
Joan M. Loughnane                     Counsel for Defendants
Counsel for Defendants


Clifford Chance LLP
George Kleinfeld
Counsel for Defendants


SO ORDERED:


THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

2

HUAWEI TECHNOLOGIES CO., LTD.
Defendant

Sidley Austin LLP
James M. Cole
Michael Levy
Joan M. Loughnane
Counsel for Defendants

HUAWEI DEVICE USA INC.
Defendant

Jenner & Block LLP
David Bitkower
Matthew S. Hellman
Counsel for Defendants

Clifford Chance LLP
George Kleinfeld
Counsel for Defendants

SO ORDERED:

THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

13

_____
HUAWEI TECHNOLOGIES CO., LTD.
Defendant


_____
Sidley Austin LLP
James M. Cole
Michael Levy
Joan M. Loughnane
Counsel for Defendants


_____
Clifford Chance LLP
George Kleinfeld
Counsel for Defendants


SO ORDERED:


_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

_____
HUAWEI DEVICE USA INC.
Defendant


_____    5/31/19
Jenner & Block LLP
David Bitkower
Matthew S. Hellman
Counsel for Defendants

---

HUAWEI TECHNOLOGIES CO., LTD.
Defendant

---

HUAWEI DEVICE USA INC.
Defendant

---

Sidley Austin LLP
James M. Cole
Michael Levy
Joan M. Loughnane
Counsel for Defendants

---

Jenner & Block LLP
David Bitkower
Matthew S. Hellman
Counsel for Defendants

---

Clifford Chance LLP
George Kleinfeld
Counsel for Defendants

SO ORDERED:

   s/Ann M. Donnelly

---

THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

13

 5/30/2019

Locke Lord LLP
Tim Xia
Counsel for Defendants

14

**Attachment A to Protective Order**

I have reviewed the Protective Order in U.S. v. Huawei Technologies Co., Ltd., et al., 18 CR 457 (S-2) (AMD) and agree to comply with all of the terms and conditions therein.

| Full Legal Name | Title and Organization | Signature | Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |