**SIDLEY**                                                                                       **JENNER&BLOCK** LLP

July 25, 2019

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY 11201

Re:   *United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457 (S-2)(AMD);
      <u>Notice Regarding Protective Order</u>

Dear Judge Donnelly:

On behalf of Huawei Technologies Co., Ltd. and Huawei Device USA Inc. (collectively, "Defendants"), we write pursuant to Paragraph 25 of the protective order governing unclassified discovery entered by the Court on June 10, 2019 (the "Order") to notify the Court of our inadvertent violation of the Order. Specifically, in connection with a presentation to our client about the nature of the discovery produced by the government, we described to in-house counsel for Defendants certain materials produced in discovery that have been designated by the government as "Sensitive Discovery Materials"—a description that would have been permitted by the Order had we informed the same in-house counsel of the same information inside the United States, but that was not permitted because we communicated the information outside of the United States. We have already notified the government of the issue, as well as of Defendants' disagreement that the designated materials— ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ accounts—should ever have been designated for the extraordinary restrictions reserved for Sensitive Discovery Materials ("SDM") in the first place. Defendants particularly dispute the government's position that even the basic information *about* those accounts that we conveyed— including the names of the account-holders—requires SDM restrictions. The government disagrees, thus far contending that *everything* about all ▓▓▓▓▓▓▓▓▓▓▓▓▓ accounts, including every ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and even the account-holders' names, warrants not just the substantial protections already applicable to all Discovery Materials in this case, but also the additional restrictions reserved for SDM.

*United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457
July 25, 2019
Page 2

Pursuant to Paragraph 19 of the Order, because the parties disagree about the government's initial classification of these materials, the burden is now on the government to move the Court to establish good cause to subject the materials to the restrictions reserved for SDM. The government has informed Defendants that it intends to do so. In the interim, as provided by the Order, Defendants will continue to treat the materials as SDM.

### Circumstances of the Inadvertent Violation

On June 12, 2019, the government provided an initial production of discovery to Defendants and filed its accompanying discovery letter by ECF. As described in the government's public discovery letter, the production included, inter alia, Google, Microsoft, and Facebook accounts, which the government designated, in their entirety, as Sensitive Discovery Materials. Preliminary review of this information indicated that the accounts were associated with ███████████████████████████████████████████████████████████████████████

In preparation for a meeting with in-house counsel for Defendants overseas, we prepared a presentation concerning the discovery production. One slide in that presentation included three pieces of information about the accounts: the names of the ███ account custodians, the size of each account in gigabytes, and the types of data in each account (*e.g.*, whether the accounts generally contained ████████████████████████████████████). Other than this basic description, no content or other information related to the accounts was included. The presentation was emailed to in-house counsel for Defendants in advance of the meeting, and then projected on a screen during the meeting. When we put the slide on the screen, we realized for the first time that even our basic description of the account information could be deemed Sensitive Discovery Material because that term is defined in the Order to include information "derived from" Sensitive Discovery Material. We immediately took the slide down and asked in-house counsel to destroy the copies that had been provided to them in connection with our presentation. We subsequently directed in-house counsel to destroy any notes taken from that portion of that slide.

In addition, after returning to the United States, we subsequently and inadvertently included the same ███ custodians' names (but none of the other information regarding the accounts) in attorney work product that was emailed to some of the same in-house lawyers overseas, as well as to a Sidley Austin partner based in Singapore; and United States-based defense counsel accessed work product stating that the discovery included accounts ████████████████ while counsel was on personal travel outside the United States. After realizing that the custodians' names and ███████████████████████████████ were included in the relevant work product, we instructed the client and overseas defense counsel to delete the work product and/or substitute revised versions that did not include that information, and also directed in-house counsel to destroy any notes taken from the information.

*United States v. Huawei Technologies Co., Ltd., et al., 18 CR 457*
July 25, 2019
Page 3

All of the relevant defense and in-house counsel potentially exposed to the relevant information had already signed Attachment A to the Order, and would thus have been permitted to know the basic information communicated—indeed, to review the entirety of the SDM materials themselves—had the communication or access occurred within the United States. However, the Order prohibited transmission of this information, and any subsequent access or disclosure, outside the United States. The inadvertent violation of the Order is entirely attributable to defense counsel rather than Defendants themselves. The above information has already been provided directly to counsel for the government.

### **Dispute Regarding SDM Designation of the Five Accounts**

The Order, agreed to after substantial negotiations between the government and Defendants, authorizes the government flexibility to make initial designations of particular discovery materials as "Sensitive" or "Attorneys' Eyes Only." The authority to make initial designations is entitled to no deference from Defendants or the Court, but permits the government to expedite discovery productions, avoids unnecessary involvement by the Court in sensitivity determinations, and provides that the relevant materials shall be treated with the higher restrictions pending any discussion between the parties or ruling of the Court. If the parties disagree about the restrictions that are necessary for any particular item of discovery that the government has initially designated SDM or Attorneys' Eyes Only, the Order provides that the burden remains on the government, consistent with Federal Rule of Criminal Procedure 16(d), to establish good cause why such restrictions are necessary. *See* Order at ¶ 19. Alternatively, the government may seek intermediate restrictions under Rule 16(d). *Id*. ¶ 23.

During conversations on July 11 and 19, 2019, we notified the government pursuant to Paragraph 19 of the Order that we do not agree that the materials in the Google, Microsoft, and Facebook accounts—not just the names of the custodians  but also the contents of the accounts—require restrictions beyond the significant ones applicable to all Discovery Material under the Order. We invited the government to specify whether some portion of the materials was particularly sensitive such that it warranted SDM restrictions, but the government declined to do so. Accordingly, the government has informed us that it will move the Court to designate the entire contents of all ▆ accounts (and all derivative information, including the names of the account-holders) as SDM. We expect that the government will do so reasonably promptly, at which point we expect to file our opposition.

*United States v. Huawei Technologies Co., Ltd., et al., 18 CR 457*
July 25, 2019
Page 4

Respectfully submitted,

/s/ James M. Cole
James M. Cole
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Tel: 202-736-8246
Email: jcole@sidley.com

Michael A. Levy
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel.: 212-839-5300
Email: mlevy@sidley.com

/s/ David Bitkower
David Bitkower
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, D.C. 20001
Tel: 202-639-6048
Email: dbitkower@jenner.com

*Counsel for Defendants Huawei Technologies Co., Ltd. and Huawei Device USA Inc.*

cc:    Government counsel (by ECF)