UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI DEVICE USA INC.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>SUPPLEMENTAL
PROTECTIVE ORDER</u>

Cr. No. <u>18-457 (S-3) (AMD)</u>

      On June 10, 2019, the Court entered a Protective Order governing discovery in the above-captioned matter (the "Protective Order"). *See* ECF No. 57. The Protective Order stated that the parties would "seek to negotiate, in good faith, a separate agreement governing disclosure of Discovery Materials to co-defendant Wanzhou Meng ["Ms. Meng"] and her counsel." *Id.* at 1 n.1. The parties are now before the Court having stipulated to the following Supplemental Protective Order governing such disclosure. For avoidance of doubt, nothing in this Supplemental Protective Order limits the rights of the parties under the underlying Protective Order to seek additional relief from the Court.

      IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

      1.      The terms Defendants, Defense Counsel, Defense Staff, Discovery Materials, Sensitive Discovery Materials, and Attorney's Eyes Only Materials shall have the meanings defined in the Protective Order, as modified by agreement of the parties pursuant to Paragraph 7 of the Protective Order.

2.　　　"Agreed Discovery Materials" means Discovery Materials that both (a) are not Sensitive Discovery Materials or Attorney's Eyes Only Materials; and (b) include Ms. Meng as a sender, recipient, cc, or bcc.

3.　　　The Defendants, Defense Counsel, and Defense Staff may disclose or discuss Agreed Discovery Materials, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared therefrom, to or with Ms. Meng and her U.S. counsel at Steptoe & Johnson and U.S. counsel's staff (which is defined as non-lawyer staff employed or retained by Ms. Meng's U.S. counsel) (collectively, "U.S. Counsel") without further order of the Court, provided that Ms. Meng and such U.S. Counsel have been provided with a copy of the Protective Order and this Supplemental Protective Order, signed the Supplemental Protective Order, and signed Attachment A to the Protective Order, and provided the signed copy to Defense Counsel.

4.　　　With the exception that this paragraph 4 shall not apply with respect to work product created by Ms. Meng or U.S. Counsel, which is addressed in paragraph 5 below, Ms. Meng and U.S. Counsel may review the Agreed Discovery Materials, and any copies, notes, transcripts, documents and other information and materials derived or prepared by others therefrom, only (a) within the United States on an online platform that does not permit copying or downloading, or (b) in the presence of Defense Counsel or Defense Staff; and Ms. Meng and U.S. Counsel are prohibited from having possession, custody, or control of the Agreed Discovery Materials, and any copies, notes, transcripts, documents and other information and materials derived or prepared by others from the Agreed Discovery Materials.

5.　　　Ms. Meng and U.S. Counsel may create work product derived or prepared from the Agreed Discovery Materials.  Ms. Meng may create, review, or discuss such work

product only in the presence of U.S. Counsel, Defense Counsel, or Defense Staff.  Any such work product must remain at all times in the possession, custody, or control of U.S. Counsel, Defense Counsel, or Defense Staff.  If such work product is created or transported outside the United States, it must be destroyed or transported back to the United States by U.S. Counsel, Defense Counsel, or Defense Staff.

6.      Paragraphs 13 through 15 of the Protective Order shall not preclude the Defendants, Defense Counsel, and Defense Staff from discussing or disclosing Agreed Discovery Materials, and any copies, notes, transcripts, documents and other information and materials derived or prepared therefrom, including work product derived or prepared from the Agreed Discovery materials, to and with Ms. Meng and U.S. Counsel in Canada, consistent with the terms of this Supplemental Protective Order.

7.      Defendants, Defense Counsel, and Defense Staff may disclose and discuss Agreed Discovery Materials, and any copies, notes, transcripts, documents and other information and materials derived or prepared therefrom, to and with Ms. Meng and U.S. Counsel only for the limited purpose of assisting the Defendants in defending against the charges in the above-captioned case and any superseding indictment, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights, involving the charges in the above-captioned case. Ms. Meng and U.S. Counsel are prohibited from further disclosing or discussing any Agreed Discovery Materials, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared therefrom, other than with the Defendants, Defense Counsel, Defense Staff, U.S. Counsel, or Ms. Meng herself, to the extent they are authorized to review such materials pursuant to this Supplemental Protective Order or the

Protective Order, or from using any Agreed Discovery Materials, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared therefrom, in any other proceedings, including specifically in Ms. Meng's extradition proceedings in Canada.

8.      Defense Counsel shall maintain a log of all Agreed Discovery Materials disclosed to Ms. Meng or U.S. Counsel.

9.      In the event the terms of this Supplemental Protective Order are violated, the party with knowledge of the violation shall advise the other parties and the Court immediately of the nature and circumstances of such violation.

10.      Upon determination by the Court of a violation of this Supplemental Protective Order, the Court may take such action as it deems appropriate.

11.      This Supplemental Protective Order pertains only to unclassified Agreed Discovery Materials. Nothing in this Supplemental Protective Order shall alter or control the

handling of any classified material pursuant to the Classified Information Procedures Act and

any applicable rules and regulations.

Dated:   Brooklyn, New York
         March __10__ , 2020

RICHARD P. DONOGHUE                    DEBORAH L. CONNOR
United States Attorney                 Chief, Money Laundering and Asset
Eastern District of New York           Recovery Section, Criminal Division
                                       U.S. Department of Justice

By: _____           By: _____
    Alexander A. Solomon                   Laura Billings
    Julia Nestor                           Christian J. Nauvel
    David K. Kessler                        Trial Attorneys
    Kaitlin T. Farrell
    Sarah Evans
    Assistant U.S. Attorneys

    JAY I. BRATT
    Chief, Counterintelligence and Export
    Control Section, National Security Division
    U.S. Department of Justice

By: _____
    Thea D. R. Kendler
    David Lim
    Trial Attorneys

5

HUAWEI DEFENDANTS

BY: █████████████

General Counsel of CNBG

_____
HUAWEI TECHNOLOGIES CO. LTD.
Defendant

_____
HUAWEI DEVICE USA INC.
Defendant

_____
Sidley Austin LLP
Thomas C. Green
Mark D. Hopson
 *Pro hac vice* motions pending
Michael A. Levy
Counsel for Defendants

_____
Jenner & Block LLP
David Bitkower
Counsel for Defendants

_____
WANZHOU MENG

_____
Steptoe & Johnson LLP
Reid H. Weingarten
Michelle L. Levin
James Brochin
Counsel for Wanzhou Meng

SO ORDERED:

_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

HUAWEI DEFENDANTS

BY:

_____
HUAWEI TECHNOLOGIES CO. LTD.
Defendant

_____
HUAWEI DEVICE USA INC.
Defendant

_____
Sidley Austin LLP
Thomas C. Green
Mark D. Hopson
  *Pro hac vice* motions pending
Michael A. Levy
Counsel for Defendants

_____
Jenner & Block LLP
David Bitkower
Counsel for Defendants

_____
WANZHOU MENG

_____
Steptoe & Johnson LLP
Reid H. Weingarten
Michelle L. Levin
James Brochin
Counsel for Wanzhou Meng

SO ORDERED:

_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

HUAWEI DEFENDANTS

BY:

HUAWEI TECHNOLOGIES CO. LTD.
Defendant

_____
Sidley Austin LLP
Thomas C. Green
Mark D. Hopson
 *Pro hac vice* motions pending
Michael A. Levy
Counsel for Defendants

HUAWEI DEVICE USA INC.
Defendant

_____
Jenner & Block LLP
David Bitkower
Counsel for Defendants

_____
WANZHOU MENG

_____
Steptoe & Johnson LLP
Reid H. Weingarten
Michelle L. Levin
James Brochin
Counsel for Wanzhou Meng

SO ORDERED:

_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

HUAWEI DEFENDANTS

BY:

_____
HUAWEI TECHNOLOGIES CO. LTD.
Defendant

_____
HUAWEI DEVICE USA INC.
Defendant


_____
Sidley Austin LLP
Thomas C. Green
Mark D. Hopson
  *Pro hac vice* motions pending
Michael A. Levy
Counsel for Defendants

_____
Jenner & Block LLP
David Bitkower
Counsel for Defendants



_____
WANZHOU MENG


_____
Steptoe & Johnson LLP
Reid H. Weingarten
Michelle L. Levin
James Brochin
Counsel for Wanzhou Meng


SO ORDERED:


_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

HUAWEI DEFENDANTS

BY:

_____
HUAWEI TECHNOLOGIES CO. LTD.
Defendant

_____
HUAWEI DEVICE USA INC.
Defendant

_____
Sidley Austin LLP
Thomas C. Green
Mark D. Hopson
 *Pro hac vice* motions pending
Michael A. Levy
Counsel for Defendants

_____
Jenner & Block LLP
David Bitkower
Counsel for Defendants

_____
WANZHOU MENG

_____
Steptoe & Johnson LLP
Reid H. Weingarten
Michelle L. Levin
James Brochin
Counsel for Wanzhou Meng

SO ORDERED:

_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

**Attachment A to Supplemental Protective Order**

I have reviewed the Supplemental Protective Order in U.S. v. Huawei Technologies Co., Ltd., et al., 18 CR 457 (S-3) (AMD), and agree to comply with all of the terms and conditions therein.

| Full Legal Name | Title and Organization | Signature | Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |