

U.S. Department of Justice

United States Attorney
Eastern District of New York

| | |
|---|---|
| AAS:JN/DKK/SME | 271 Cadman Plaza East |
| F. #2017R05903 | Brooklyn, New York 11201 |

June 12, 2020

<u>By Email and ECF</u>

Thomas C. Green
Mark D. Hopson
Michael A. Levy
Sidley Austin LLP

David Bitkower
Matthew S. Hellman
Jenner & Block LLP

    Re: United States v. Huawei Technologies Co., Ltd., <u>et al.</u>
       Criminal Docket No. 18-457 (S-3) (AMD)

Dear Counsel:

    This letter responds to the defendants' April 15, 2020 letter requesting a Bill of Particulars (hereinafter the "Letter" or "Def. Ltr."). Many of the specific requests in the Letter are premature because the discovery process is ongoing. Nevertheless, the government provides additional information below. The information herein is covered by the Protective Order entered by the Court on June 10, 2019, and the unredacted version of this letter should be treated as Discovery Material under that Order. (<u>See</u> ECF No. 57). The government reserves the right to supplement each of these responses.

    As an initial matter, the defendants already have access to voluminous and detailed information regarding the particulars of the charges in the third superseding indictment ("Indictment" or "Ind.") filed in the above-referenced case. First, the government has provided extensive discovery as to the fraud and fraud-related charges. Second, the speaking portion of the Indictment further provides a thorough recitation of the factual basis for the charges. Third, the defendants have already reviewed the Record of the Case ("ROC") and the Supplemental Record of the Case ("SROC") that the government filed in connection with co-defendant Wanzhou Meng's extradition proceedings in Canada. <u>See</u> (Def. Ltr. at 2 (acknowledging review of the ROC and SROC)). Those documents provide detailed information about the government's allegations as to the bank fraud and wire fraud schemes at issue in Counts Four, Six, Seven and Nine of the Indictment.

Response to Request Number 1

The defendants request "[i]nformation identifying the alleged materially false and fraudulent statements or omissions that the government intends to rely upon to prove the bank and wire fraud and related conspiracy charges in the Indictment . . . ." (Def. Ltr. ¶ 1.) The request seeks detailed information about each communication. (Id.)

The government's discovery includes many of the alleged materially false and fraudulent statements made by the defendants as part of the bank fraud, wire fraud, and related schemes alleged in Counts One and Four through Nine.

The Indictment further identifies misstatements that are alleged by the government as part of the schemes. With respect to the frauds charged in Counts Four, Six, Seven, and Nine, the Indictment describes the following fraudulent representations: (1) misstatements by Huawei to the Wall Street Journal regarding its operations in Iran (Ind. ¶ 73); (2) misstatements by Huawei to Reuters regarding its operations in Iran (Id. ¶ 74) and to the financial institutions in response to these Reuters articles (Id. ¶ 75); and (3) misstatements by co-defendant Meng during an in-person meeting with a representative from Financial Institution 1 (Id. ¶¶ 76-77). Moreover, as discussed above, the ROC and SROC further detail the fraud allegations at issue in Counts Four, Six, Seven, and Nine of the Indictment.

With respect to the fraud at issue in Counts One, Five, and Eight, the Indictment describes how Huawei falsely informed other financial institutions, including U.S. Subsidiary 4, that Huawei was considering terminating its relationship with Financial Institution 1 because Huawei was dissatisfied with its level of service, when in fact, Financial Institution 1 had made clear that it was terminating its global relationship with Huawei. (Id. ¶ 84).

Given the extensive allegations in the Indictment relating to the alleged false and fraudulent statements or omissions made by the defendants, the discovery provided to date and the defendants' access to the ROC and SROC, no further particulars are required to provide fair notice of the charges. See, e.g., United States v. Barret, 824 F. Supp. 2d 419, 439 (E.D.N.Y. 2011) ("[T]he court is mindful that it cannot compel the government to disclose, through a bill of particulars, the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories") (quotations and citations omitted).

Response to Request Number 2

The defendants request "[i]nformation identifying all alleged wire communications . . . referred to or that the government intends to rely upon to prove the wire fraud and related charges in the Indictment." (Def. Ltr. ¶ 2). This request also seeks detailed information about each alleged wire communication. Id.

The government's discovery identifies the wire communications and transactions at issue in the wire fraud and wire-fraud related charges in the Indictment. Moreover, the Indictment identifies many of the wire communications and transactions at issue, and provides the defendants with adequate notice of the crimes with which they are charged.

In particular, the Indictment alleges that the defendants accomplished the scheme "through email communications [and] written communications," among other forms of communications detailed in the Indictment. (See Ind. ¶ 110.) The Indictment alleges misrepresentations made to the financial institutions through various means, including, but not limited to: (1) Huawei's official press releases and statements in response to the news reports in or about 2011 and early 2012 (Id. ¶¶ 73, 74); (2) wire communications by Huawei and its representatives to the victim financial institutions regarding the ownership of Skycom Tech Co., Ltd. ("Skycom") and Huawei's compliance with U.S. law (Id. ¶ 75); and (3) Meng's misrepresentations to Financial Institution 1 Executive and associated wire communications (Id. ¶¶ 76-77).

Given the clear allegations in the Indictment relating to the wire fraud scheme and the discovery provided to date, no further particulars are required to provide fair notice of the charges. See, e.g., United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (If the information sought by the defendant is provided in the indictment or through some other means, including discovery, a bill of particulars is not warranted).

Response to Request Number 3

The defendants also request "[t]he identities of financial institutions other than U.S. Subsidiary 4 to which Huawei allegedly made material misrepresentations about the reason for the termination of its relationship with Financial Institution 1." (Def. Ltr. ¶ 3.)

Huawei also made material misrepresentations about the reason for the termination of its relationship with Financial Institution 1 to Financial Institution 2.

Response to Request Number 4

The defendants also request "[i]nformation regarding the connection between the purportedly fraudulent statements [at issue in the continued scheme to defraud the financial institutions] and the Eastern District of New York, including which components of U.S. Subsidiary 4 received the communications in the Eastern District of New York." (Def. Ltr. ¶ 4 (citing Paragraph 84 of the Indictment)).

The Indictment alleges facts sufficient to support venue in the Eastern District of New York and provides that "Huawei's misrepresentation that it had decided to terminate its relationship with Financial Institution 1 was communicated to various components of U.S. Subsidiary 4, including in the Eastern District of New York." (Ind. ¶¶ 84, 101-02, 105-06.) More disclosure is not required from the government prior to trial. See, e.g., United States v. Bronson, No. 05 CR 714, 2007 WL 2455138, at *4 (E.D.N.Y. Aug. 23, 2007) (Garaufis, J.)

(In response to pre-trial venue challenge the government need only show that the indictment alleges facts sufficient to support venue).  Indeed, the government expects to establish at trial that one or more misrepresentations were made within the Eastern District of New York in furtherance of the crimes charged in Counts Five and Seven.

Response to Request Number 5

The defendants request "[i]nformation identifying the financial transactions supporting the fraud, IEEPA, and money laundering counts in the indictment."  (Def. Ltr. ¶ 5.)

The financial transactions supporting the fraud, IEEPA, and money laundering transactions have already been provided to the defendants in discovery.  For example, the government has provided, at DOJ_HUAWEI_A_0000000141, a spreadsheet of some financial transactions involving Skycom.  Those transactions include transactions between Skycom and ████.  A spreadsheet attached hereto and Bates-numbered DOJ_HUAWEI_B_0000007082-7090, provides a non-exclusive list of the Skycom-Networkers transactions.[1]  Moreover, the Indictment identifies two such transactions in the "Overt Acts" section for Count Ten.  (Ind. ¶ 113(d), (h)).

Responses to Request Numbers 6 and 7

The defendants request "[i]nformation identifying in particular which U.S.-dollar clearing transactions relevant to the Indictment passed through the Eastern District of New York."  (Def. Ltr. ¶ 6).  They similarly seek "[i]nformation identifying any other U.S.-dollar clearing transactions allegedly processed 'in furtherance of Huawei's Iran based business.'"  (Id. ¶ 7) (internal citations omitted).

The government has provided in response to Request Number 5 some of the transactions relevant to the fraud, IEEPA and money laundering counts in the Indictment, all of which were processed through the United States.  To the extent Request Number 6 seeks additional information with respect to venue, the Indictment alleges facts sufficient to support venue in the Eastern District of New York as to each count.  (See, e.g., Ind. ¶ 72).

---

[1] This spreadsheet is compiled from information previously provided to Huawei in discovery and, to the extent anything included is inconsistent with the underlying discovery, the underlying discovery controls.

Response to Request Number 8

The defendants ask whether "the 'wires' referred to in Indictment ¶ 110(b), as opposed to the 'communications' referred to in ¶ 110(a), refer to financial transactions or to other types of 'wires.'" (Def. Ltr. ¶ 8).

The "wires" referred to in Paragraph 110(b) of the Indictment refer to financial transactions associated with the misrepresentations, including, but not limited to, wires conveying the misrepresentations or resulting from the misrepresentations, including email and telephonic wire communications.

Response to Request Number 9

The defendants request the "identities" of the "Victim Institutions" referred to in the Indictment. (Def. Ltr. ¶ 9).

The following chart identifies the Victim Institutions:[2]

| Anonymized Name in Indictment | Identity |
|---|---|
| Financial Institution 1 | |
| U.S. Subsidiary 1 | |
| Financial Institution 2 | |
| Financial Institution 3 | |
| Financial Institution 4 | |
| U.S. Subsidiary 4 | |

Response to Request Number 10

The defendants request the "identities of Bank 1; Bank 2, and the 'other financial institutions operating in the United States' that allegedly processed U.S.-dollar clearing transactions 'in furtherance of Huawei's Iran-based business' (in addition to U.S. Subsidiary 1), including which, if any, of the banks processed transactions through the Eastern District of New York." (Def. Ltr. ¶ 10).

---

[2] The identities of the Victim Institutions will be redacted from the publicly-filed version of this letter.

5

Bank 1 is  and Bank 2 is ____.³

The government has identified in response to Request Number 5 some of the alleged transactions that were cleared through the United States. To the extent Request Number 10 seeks additional information with respect to venue, the Indictment alleges facts sufficient to support venue in the Eastern District of New York as to each count.

Responses to Request Numbers 11-13

The defendants request the "identities of all 'Huawei representatives' and employees referred to in the Indictment, including the redacted names," (Def. Ltr. ¶ 11), and "[t]he identity of Employee-1, as well as any other U.S. persons allegedly employed in Iran," (id. ¶ 12). The defendants also request the "identities of all alleged co-conspirators, whether indicted or unindicted." (Id. ¶ 13).

The identities of Huawei representatives who made misstatements or participated in the fraudulent schemes referred to in the Indictment have been or will be included in the government's discovery. The information provided is sufficient for the defendants to prepare their defense. See, e.g., United States v. Batista, No. 06-CR-265 (DLI), 2009 WL 910357, at *10 (E.D.N.Y. Mar. 31, 2009) ("The case law in this circuit is clear that the government is not required to provide the identities of alleged co-conspirators.") (citing United States v. Gotti, 784 F. Supp. 1017, 1018 (E.D.N.Y. 1992)). To the extent that this request seeks to reveal the identities of potential trial witnesses, the defendants are not entitled to such disclosures at this time.

Response to Request Number 14

The defendants request the "identity and location of the 'money,' 'fund,' 'credit' and 'other property' that were the alleged objects of the bank fraud schemes charged in Counts 4, 5, 7 & 8, and the 'money' and 'property' that were the alleged objects of the wire fraud schemes in Counts 6 & 9." (Def. Ltr. ¶ 14).

The Indictment puts the defendants on sufficient notice of the relevant property interests. For example, the Indictment alleges that, "[b]ased in part on the false representations made by the defendant [Meng] and others, Financial Institution 1 continued its banking relationship with [Huawei] and its subsidiaries and affiliates." (Ind. ¶ 79.) Similarly, the Indictment alleges that, "[b]y avoiding the termination of Huawei's relationship with Financial Institution 4 and U.S. Subsidiary 4, [Huawei] received income indirectly in the form of cost savings and the value of continued banking services, the proceeds of which income were used to operate and grow [Huawei's] business." (Id. ¶ 86.)

---

³ The identities of Bank 1 and Bank 2 will be redacted from the publicly-filed version of this letter.

Responses to Request Numbers 15-17

The defendants requests the "identities of which alleged witnesses were moved 'to the PRC, and beyond the jurisdiction of the U.S. government,' including the identity of Individual 4," (Def. Ltr. ¶ 15); "information regarding what specific 'evidence in the United States of [Huawei's] Iran-based business' was allegedly destroyed or concealed, (id. ¶ 16); and "[t]he date on which the relevant grand jury proceedings were initiated in the Eastern District of New York," (id. ¶ 17).

With respect to Requests 15 and 16, the Indictment alleges that the defendants Huawei Technologies Co., Ltd. ("Huawei Tech") and its U.S.-based subsidiary Huawei Device USA Inc. ("Huawei USA") became aware of a criminal investigation of Huawei in 2017. (See Ind. ¶ 87). The Indictment further alleges that, in response to learning about the investigation, Huawei Tech and Huawei USA moved and tried to move witnesses with knowledge of Huawei's business in Iran to the People's Republic of China and otherwise outside of the United States, and to destroy and conceal evidence in the United States of Huawei's Iran-based business. (Id.) These allegations are specific in time and scope and provide Huawei Tech and Huawei USA with proper notice of the charges against them. More notice is not required under the law. See, e.g., Chen, 378 F.3d at 163 (additional details, in the form of a bill of particulars are appropriate only when the indictment is too vague to inform the defendant of the nature of the charges to allow the preparation of a defense, avoid unfair surprise, and preclude double jeopardy).

With respect to Request 17, a grand jury subpoena was properly served on Huawei Technologies USA in April 2017. This subpoena was previously produced as DOJ_HUAWEI_B_0000004736- DOJ_HUAWEI_B_0000004748.

Responses to Request Numbers 18-19

The defendants inquire whether as part of the "'Skycom Fraudulent Scheme' . . . Huawei is alleged to have operated Skycom 'to obtain otherwise prohibited U.S.-origin, goods, technology and services' for Huawei's Iran-based business other than 'banking services' from the alleged Victim Financial Institutions . . . ." (Def. Ltr. ¶ 18). The defendants further inquire "[w]hether, apart from purportedly procuring U.S.-origin banking services and employing a U.S. citizen in Iran, Huawei is alleged to have in any other way 'conducted its business in Iran in a manner that violated applicable U.S. law.'" (Id. ¶ 19).

The description of the "Skycom Fraudulent Scheme" in the Indictment speaks for itself. (See Ind. ¶¶ 70, 117). Counts Eleven and Twelve (conspiracy to violate IEEPA and substantive IEEPA charges, respectively) allege that Huawei and Skycom illegally obtained "banking and other financial services." (Id. ¶¶ 118, 120). Counts Thirteen and Fourteen (conspiracy to violate IEEPA and substantive IEEPA charges, respectively) allege

7

that Huawei and Skycom illegally obtained "telecommunications services provided by Employee-1, a U.S. citizen." (Id. ¶¶ 122, 124).

       Respectfully submitted,

       RICHARD P. DONOGHUE
       United States Attorney

By:  /s/ Julia Nestor
       Alexander A. Solomon
       Julia Nestor
       David K. Kessler
       Sarah M. Evans
       Assistant U.S. Attorneys
       (718) 254-7000

       DEBORAH L. CONNOR
       Chief
       Money Laundering and Asset Recovery Section
       Criminal Division, U.S. Department of Justice

       Laura M. Billings
       Christian J. Nauvel
       Trial Attorneys

       JAY I. BRATT
       Chief
       Counterintelligence and Export Control Section
       National Security Division, U.S. Department of Justice

       Thea D. R. Kendler
       David Lim
       Trial Attorneys

Enclosure

cc: Clerk of the Court (AMD) (by ECF) (without enclosure)
   Defense Counsel (by Email and ECF)