# SIDLEY

### JENNER&BLOCK LLP

June 29, 2020

**VIA ELECTRONIC MAIL AND ECF**

Alexander A. Solomon
David K. Kessler
Julia Nestor
Sarah Evans
Kaitlin Farrell
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Laura Billings
Christian Nauvel
Trial Attorneys
Money Laundering and Asset Recovery Section
U.S. Department of Justice, Criminal Division
1400 New York Ave., NW, 10th Floor
Washington, D.C. 20005

Thea Kendler
David Lim
Trial Attorneys
Counterintelligence and Export Control Section
U.S. Department of Justice, National Security
Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**Re:    *United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457 (S-3) (AMD)
        (EDNY) – Bill of Particulars Follow-Up**

Dear Counsel:

       We write to address the government's response to our April 15, 2020 letter with respect
to our bill of particulars requests that we first made 15 months ago, on March 26, 2019.  The
response indicates that we have very different conceptions of both legal requirements and
standard practice in this district for providing particulars in cases involving alleged wire fraud

*United States v. Huawei Technologies Co., Ltd., et al.*
June 29, 2020
Page 2

and financial crimes.  We address here two issues to see if we can resolve them without the assistance of the Court.

First, the government's response fails to state clearly the totality of the allegations it will seek to prove at trial, including what statements the government alleges are false, what wires the government alleges are fraudulent, and what transactions the government alleges are illegal.  In the few instances in which the government's response to our request for particulars actually identifies specific allegations, it pointedly hedges as to whether those allegations are the entirety of what the defendants are accused of doing.  Second, in several instances the response simply directs defendants to the discovery to locate allegations the government knows, presumably has known since indicting the case, and could easily identify for us.  Taken together, these deficiencies leave defendants in the position of having to comb through over five million pages of documents to find information which may or may not be there, but which the government could readily identify.  This approach is a far cry from what due process and fundamental fairness require for criminal defendants preparing for trial.

As one example, defendants reasonably seek to know with precision the alleged misstatements the government intends to prove at trial as the basis for its bank and wire fraud counts.  In response, the government states merely that "many" of those alleged misstatements are included in the indictment and in some unspecified location in the discovery.  Read literally, this response means that the government may rely on alleged misrepresentations that have not even been produced to defendants, let alone identified to them.  This would be such a significant departure from governing law and traditional practice in this district that we hope our reading is mistaken.

To ensure clarity regarding the government's responses and to avoid the need to move to compel responses that the government in fact does intend to provide, we are including here a list of follow-up questions.  Given that the government indicted this case nearly two years ago and that the defendants have been seeking these particulars for well over a year, <u>we would appreciate a reply by the end of the week, that is by Friday, July 3, 2020</u>.

1. Initially, the government states at page 1 of its response that many of our requests are "premature because the discovery process is ongoing."  But this case was initially indicted in August 2018, and the government stated months ago that discovery on these counts was "substantially complete," subject to the exception that it may provide future discovery of materials it is still using the grand jury process to collect.  Please confirm that the government has provided all discovery currently in its possession related to the allegations that were made in the Second Superseding Indictment (with the exception of any materials presently withheld pursuant to a specific protective order granted by the Court).

2. With respect to questions 1 and 11, seeking identification of alleged misstatements and their speakers, is it the government's position that it may rely on alleged misstatements

*United States v. Huawei Technologies Co., Ltd., et al.*
June 29, 2020
Page 3

that are not contained in either the indictment or the discovery; that it will not identify the location of the alleged misstatements it is relying upon among the millions of pages produced in discovery; and that it will not identify any human beings who allegedly made the misstatements other than Ms. Meng?

3. With respect to question 2, seeking identification of relevant wire communications, is it the government's position that it refuses to identify any of the wire communications at issue in the indictment by date, time, sender, Bates-number, or any other specific means?

4. With respect to questions 4, 6, and 10, is it the government's position that the cases it cites, which hold that an indictment's generic assertions of venue are sufficient to survive a motion to dismiss, stand for the additional proposition that a defendant is entitled to no pretrial particulars on the subject of venue and that the government categorically refuses to provide any additional particulars on the subject of venue?

5. With respect to questions 5 through 7 and 10, related to the allegedly illegal transactions, is it the government's position that it will not identify which of the over two million transactions contained in the discovery it intends to rely on at trial, and that the spreadsheet of Networkers transactions that the government provided in its response is intended merely to be illustrative of a broader universe of allegedly unlawful transactions that the government refuses to identify?

6. With respect to question 12, is it the government's position that although two of the IEEPA charges in the indictment depend exclusively on the allegation that Huawei allegedly employed one or more U.S. persons in Iran, the government refuses to identify the U.S. person(s), or even how many such employees there were?

7. With respect to questions 15 and 16, regarding the obstruction count, is it the government's position that it refuses to identify the employees who were allegedly moved out of the United States for obstructive purposes, including Individual 4, or any evidence in the United States that was allegedly destroyed or concealed?

8. As reflected in our question 19, the indictment in multiple places alleges that the defendants committed fraud by falsely asserting compliance with "applicable U.S. law, which includes the ITSR," or similar formulations. *See* Ind. ¶¶ 62(b), 70, 71, 75, 77, 110, 113(b), 113(c). We asked whether Huawei was alleged to have violated applicable U.S. law other than via the ITSR. In response, the government observed that the indictment "speaks for itself." Does the government allege that the defendants committed fraud by asserting general compliance with U.S. law when in fact they were not in compliance with the ITSR? Or does the government allege that defendants' statements were fraudulent because they were not in compliance with some aspect of U.S. law other than the ITSR (or violations derivative of ITSR violations)?

*United States v. Huawei Technologies Co., Ltd., et al.*
June 29, 2020
Page 4


     We are of course willing to have a prompt call to resolve these important issues.  If we cannot reach resolution then we can each make our case to the Court – but as stated above, we find the government's approach here to be unjustified by any identified legitimate government interest, and inconsistent with both the law and typical practice.  We therefore hope that we can bridge many of these gaps between the parties.


Sincerely,

SIDLEY AUSTIN LLP                      JENNER & BLOCK LLP

By: /s/ Thomas C. Green            By: /s/ David Bitkower
     Thomas C. Green               David Bitkower
     Mark D. Hopson               Matthew S. Hellman
     Michael A. Levy               JENNER & BLOCK LLP
     1501 K Street, NW            1099 New York Avenue, NW
     Washington, D.C. 20005       Washington, D.C. 20001
     Tel.: 202-736-8000           Tel: 202-639-6048
     Email: tcgreen@sidley.com    Email: dbitkower@jenner.com


     *Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd.,*
     *Huawei Device USA Inc., and Futurewei Technologies, Inc.*


cc: Clerk of the Court (AMD) (by ECF)