**SIDLEY**                                                        **JENNER & BLOCK** LLP

July 17, 2020

**VIA ELECTRONIC MAIL AND ECF**

Alexander A. Solomon
Julia Nestor
David K. Kessler
Sarah M. Evans
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Laura M. Billings
Christian J. Nauvel
Trial Attorneys
Money Laundering and Asset Recovery Section
U.S. Department of Justice, Criminal Division
1400 New York Ave., NW, 10th Floor
Washington, D.C. 20005

Thea D. R. Kendler
David Lim
Trial Attorneys
Counterintelligence and Export Control Section
U.S. Department of Justice, National Security Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

**Re:** *United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457 (S-3) (AMD) (EDNY); Huawei Defendants' Request for Discovery and *Brady* Material

Dear Counsel:

This letter follows up on two recent communications regarding discovery in the above-referenced matter: (1) our call on July 14, 2020 regarding the government's corporate discovery obligations under Federal Rules of Criminal Procedure 16 ("Rule 16") and 12 ("Rule 12"), and (2) the government's July 7, 2020 letter regarding the Huawei Defendants' *Brady* requests, *see* ECF No. 172 ("Government *Brady* Letter"). We address each in turn.

*United States v. Huawei Technologies Co., Ltd., et al.*
July 17, 2020
Page 2

### 1. **The Government's Rule 16 and Rule 12 Discovery Obligations**

On the July 14, 2020 call, we raised the government's failure to produce fully the following:

(1) statements made by Huawei directors, officers, employees, or agents that the government contends bind the Huawei Defendants, pursuant to Rule 16(a)(1)(C);

(2) electronic devices, pursuant to Rule 16(a)(1)(E); and

(3) materials related to the government's methods of examination and seizure of evidence, pursuant to Rule 16(a)(1)(E) and Rule 12(b)(4)(B).

The missing materials include but are not limited to witness interview reports, grand jury testimony, affidavits, electronic devices, search warrants, subpoenas, mutual legal assistance treaty requests, and so forth. This material is of critical importance to Huawei's defense. As organizational defendants, the Huawei Defendants are entitled to the statements of employees and agents. "When the Government seeks to hold a corporate entity criminally responsible based on the acts of the corporation's agents or employees, it does so on a theory that the person's actions are in essence actions of the corporate defendant. The Government cannot then argue that the statements by these involved employees or agents are not statements of the corporate defendant." *United States v. Chalmers*, 410 F. Supp. 2d 278, 291 (S.D.N.Y. 2006). Rule 16 thus "plainly requires production of *any* written record containing statements made during interrogation," and includes, but is not limited to, "a typed, formalized statement or a verbatim or near-verbatim transcription." *United States v. Stein*, 424 F. Supp. 2d 720, 728 (S.D.N.Y. 2006) (internal quotation marks omitted) (emphasis added). Rule 16 likewise requires the production of electronic devices seized from the Huawei Defendants. *United States v. Andrews*, No. 18-cr-149 (DTS), 2019 WL 1923108, at *2 (D. Minn. Apr. 30, 2019) (holding that defendant was entitled to discovery and inspection of the cell phone taken from him the night he was arrested, "irrespective of its materiality" or the government's "intent to introduce it in its case-in-chief"); *United States v. McArthur*, No. 3:06-cr-347-D (SAF), 2007 WL 2049914, at *6 (N.D. Tex. July 17, 2007) (original computer hard drives seized from defendant's personal computers). As you know, the government must also provide information that is relevant to any potential motion to suppress under Rule 12, such as search warrants, subpoenas, court orders, and purported statements of consent. *See* EDNY Policy Manual at 10 ("[Because] the underlying purpose of Rule 16 [is] to allow the defendant to decide whether to file any suppression motions . . . the Office also provides defendants with . . . wiretap and electronic surveillance applications, potential 404(b) material, search warrants, [and] arrest warrants.").

The government is obliged to produce this discovery promptly. Rule 16 states that this material must be provided upon the defendant's request. Fed. R. Crim. P. 16(a). The government has nonetheless not provided these materials, notwithstanding our repeated demands for it over the last 16 months—including in our March 26, 2019 discovery letter, our January 23, 2020 Meet and Confer, our February 10, 2020 *Brady* Letter, and our April 8, 2020 Meet and Confer, in which you

*United States v. Huawei Technologies Co., Ltd., et al.*
July 17, 2020
Page 3

expressly said that discovery was "substantially complete" with respect to the allegations in the S-2 Indictment.

You raised three issues on our call. First, you informed us that you could not provide a date by which you would provide such material because the discovery is voluminous and you are still in the process of producing material. As we noted on the call, that argument rings hollow given that nearly two years have passed since this case was indicted; the simplicity of producing the required material; the volume of such material in relation to the material that has been produced; and the lack of production of nearly any witness interview statements *at all*, which is indicative of a deliberate approach to such materials rather than the fortuity that they all happen to be at the bottom of the government's pile of forthcoming mandatory disclosures.

Second, you asked us whether we believed you were required to provide copies of the Rule 16 statements themselves or merely their contents. The law requires the former. *See Chalmers*, 410 F. Supp. 2d at 291 (Rule 16 "requires the disclosure of *statements* the Government alleges bind the corporate defendant.") (emphasis in original). But it is telling that you have not produced even the latter. In order to avoid prolonging your compliance with your discovery obligations further, we ask that you immediately provide the verbatim contents of any statements in the most convenient form for the government. If we then believe that is insufficient, we can raise that with you or, if necessary, the Court.

Third, although you initially stated that your failure to produce the above-discussed materials was due to the overall volume of discovery, you then stated that you were choosing not to produce under the terms of an *ex parte* protective order, at least as to individuals who fall under Rule 16(a)(1)(C) but who are cooperating with the government. But any such protective order would not justify delay in producing material for employees or agents who are *not* cooperating with the government—*e.g.*, Huawei CEO Ren Zhengfei or Huawei CFO Meng Wanzhou ███████████████████████████████████████████████████.

We also demand you inform us of the basis under which you sought the *ex parte* protective order, so that we may have the opportunity to assess a challenge to the order. If your concern is based on an ongoing investigation, the existence of that investigation is plain and has already been revealed to us. If your concern is some unspecified concern regarding the prospect of obstruction or tampering with potential witnesses, we are still entitled to know that fact, with the possible narrow exception of the specific identity of otherwise unknown cooperating witnesses. Without more, your submission abuses the *ex parte* process and the surrounding doctrine. *See Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5–6 (D.D.C. 2016) ("Ex parte communications generally are disfavored because they conflict with a fundamental precept of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them. . . . Exceptions to this general rule are both few and tightly contained.") (internal citation and quotation marks omitted).

*United States v. Huawei Technologies Co., Ltd., et al.*
July 17, 2020
Page 4

### 2. The Government's *Brady* Letter

We are also in receipt of the Government's *Brady* Letter in response to our numerous requests for *Brady* materials. It is apparent from this letter that we disagree as to the applicable legal standards, though why it took five months for the government to simply state that disagreement is unclear. It is also unclear why the prosecution is taking an overly aggressive stance about *Brady* in this case. DOJ policy, for example, provides that prosecutors are required to disclose information even where not specifically required by *Brady* itself. *See* Justice Manual § 9-5.001; EDNY Discovery Policy at 24. And recent events have made abundantly clear the consequences of "tacking too close to the wind" in *Brady* determinations, *Kyles v. Whitley*, 514 U.S. 419, 439 (1995). *See, e.g.*, *Judge Tosses Iran Sanctions Conviction Over Evidence Violations*, Bloomberg (July 17, 2020), https://www.bloomberg.com/news/articles/2020-07-17/iranian-sanctions-violation-case-against-sadr-is-dismissed.

To the extent necessary, we can raise such disagreements to the Court based on the record of the government's failure to meet its disclosure obligations (including, but not limited to, *Brady* material).

At present, however, our primary concern is that the Government's *Brady* Letter utterly fails to address the predicate questions we have repeatedly asked, met-and-conferred about, and reiterated for the government: whether the government has in its possession, custody, or control information within each of the categories requested. To the extent the government does not have that information, the Huawei Defendants have no desire to engage in needless motion practice with the incorrect party. But if the government has this information and is simply suppressing it, the Huawei Defendants are entitled to take their dispute to the Court. It is unfortunate that we need to ask this question for a fourth time, and the government's continued decision not to reveal whether it has the requested information leaves us with the impression that it does.

Therefore, please confirm for each of the categories of information set forth in our Feb. 10, 2020 letter whether the government has in its possession, custody, or control any further information, regardless of whether it intends to produce it at this time.

Thank you for your attention to these matters.

Sincerely,

| | |
|---|---|
| SIDLEY AUSTIN LLP | JENNER & BLOCK LLP |
| By: /s/ Thomas C. Green | By: /s/ David Bitkower |
|     Thomas C. Green |     David Bitkower |
|     Mark D. Hopson |     Matthew S. Hellman |
|     Michael A. Levy |     1099 New York Avenue, NW |
|     1501 K Street, NW |     Washington, D.C. 20001 |

*United States v. Huawei Technologies Co., Ltd., et al.*
July 17, 2020
Page 5

        Washington, D.C. 20005        Tel: 202-639-6048
        Tel.: 202-736-8069        Email: dbitkower@jenner.com
        Email: tcgreen@sidley.com

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA Inc., and Futurewei Technologies, Inc.*

cc:    Clerk of the Court (AMD) (by ECF)
       Government counsel (by email and ECF)