# SIDLEY                                          JENNER&BLOCK LLP

July 21, 2020

**BY ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers N 415
Brooklyn, NY 11201

Re:   *United States v. Huawei Technologies Co., Ltd. et al.* **No. 18-457 (S-3) (AMD)**

Dear Judge Donnelly:

In advance of the July 23, 2020 status conference in this case, we write on behalf of Defendants Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc. (collectively, the "Huawei Defendants") to preview issues that we will seek to take up with the Court. Put simply, we are concerned that the government is prosecuting this case in a manner that is not consistent with governing law or regular practice in this Circuit. How the United States government as a whole regards the Huawei Defendants, and how this prosecution fits into the government's "all-tools" approach to advancing its policies vis-à-vis China, may be put to one side for the moment: The Department of Justice has a special responsibility to treat with equal fairness those it charges with criminal offenses. To date it has not done so.

As a starting point, the allegations in the Indictment are tenuous on their face. On the core fraud counts, it is rare that the government charges bank fraud while conceding (as it does in its extradition paperwork) that the defendants actually disclosed the key facts. It is equally rare to bring wire fraud charges based on communications outside the United States, between foreign corporations, concerning operations outside the United States. On the sanctions charges, it is not just rare, but almost unheard of for the government to charge a foreign customer of a global bank with "willfully causing" the bank to violate United States financial sanctions, especially where no such violation was necessary to transact business. And on the intellectual property counts, if the government can stitch together six unrelated civil allegations over two decades against one of the largest technology companies in the world, each of which was resolved with little or no monetary judgment, into a "pattern of racketeering activity," then no tech company in the world is free from the Justice Department's whims.

The government is of course free to put forth shaky allegations supported by weak evidence. But when it does so, it must play by the rules and be prepared to have its case fall apart: it must set forth its charges in a coherent and understandable way; disclose the evidence implicated by its charges; permit the defendants to analyze and rebut the evidence; and respect the presumption of innocence. Nearly two years after this case was first indicted,

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**                                    **JENNER&BLOCK** LLP

Page 2

none of that has happened.  We seek to address at the upcoming status conference the
following deficiencies, among other things:

- <u>Discovery</u>:  The government is both delaying and denying the production of
  discovery.  Nearly two years after indictment, and months after the government
  said its production of discovery related to the fraud and sanctions charges was
  "substantially complete," the government still has not provided all of the basic
  Rule 16 material related to those charges and refuses to say whether and when it
  will be able to do so.  While the government has buried the defense in an
  avalanche of seemingly immaterial data, it still has not produced some of the
  central evidence against the Huawei Defendants that it relies on in its Canadian
  submissions supporting the extradition of Huawei Tech's Chief Financial Officer
  Cathy Meng.  Among the notable omissions, and directly contrary to Rule
  16(a)(1)(C), the government has still not turned over the statements of Huawei
  employees and agents—even where there is no plausible basis to withhold them.
  Some of this may be based on a Rule 16(d) order that the government obtained *ex
  parte* last year, but it cannot account for all of the omissions.  Whatever the
  government put in its secret submissions to obtain that temporary order, nearly
  two years have passed since the government charged this case and it cannot
  seriously cling to the notion that it can continue even today to withhold the central
  evidence, whether it involves statements of cooperating or non-cooperating
  witnesses.  Similarly, five months after bringing a third superseding indictment
  that added RICO and intellectual property charges to much fanfare in the press,
  the government only very recently produced the first sliver of discovery related to
  those charges.

- *Brady* <u>Material</u>:  From the outset of the case, the Huawei Defendants have
  repeatedly asked the government, in writing and in calls, if it had in its possession
  various categories of exculpatory information (for example, evidence that the
  banks knew or willfully ignored the facts supposedly concealed by Huawei).  Five
  months after promising that a response was forthcoming, the government finally
  wrote back only to say that it disagreed with our legal analysis, and declined to
  address whether it had any such information in its possession.

- <u>Classified Discovery</u>:  Although the government filed notice of its intent to use
  FISA materials against the Huawei Defendants, and although the government
  raised the prospect of CIPA litigation in April 2019 and has actually been drafting
  a CIPA motion in the related case against Bo Mao, the government has neither
  provided any classified discovery to the defendants nor moved forward with CIPA
  litigation—meaning that it may be months more before the Huawei Defendants
  receive any classified discovery to which they are entitled under the law.

- <u>Bill of Particulars</u>:  As the Huawei Defendants have explained in their motion for
  a bill of particulars, the government has point-blank refused to identify for the
  defendants the universe of statements, financial transactions, and wires they allege

**SIDLEY**                                                  **JENNER&BLOCK** LLP

Page 3

are illegal, and with respect to the statements has only said that "many" are
somewhere within the data dump of discovery the government has provided.

- <u>Protective Order Restrictions</u>:  The Huawei Defendants negotiated in good faith to
  arrive at a protective order that would provide the security the government
  claimed to need for the most sensitive material in the case, permitting especially
  sensitive material not to be reviewed or even discussed outside the United States;
  a significant burden, since two of the Huawei Defendants are based in China.  The
  government, however, has abused the agreement by improperly labeling huge
  swaths of discovery—including some of the most critical evidence in the case—as
  Sensitive Discovery Material, making it impossible for the China-based
  defendants to review that material or even discuss it with their lawyers.  Little, if
  any, of the material requires such protection, and the government has never
  offered a reasonable justification for its designations.  The Huawei Defendants
  have proposed reasonable solutions to permit secure review and discussion with
  defense counsel, but thus far, in the middle of a global pandemic, the government
  has insisted that if the Huawei Defendants want to review any of these materials
  and discuss them with their lawyers in preparing a defense, defendants' personnel
  must travel to the United States or defense counsel and defendants' personnel
  must all travel to meet in some third country like Japan.

- <u>Discussion of Discovery with Cathy Meng</u>:  Despite seeking to hold the Huawei
  Defendants liable for alleged conduct by Cathy Meng, the government refuses to
  agree that the Huawei Defendants can discuss the evidence with her.  The
  government's *own* explanation for its objection is concern that the criminal
  discovery might be used in Canadian extradition proceedings and call into
  question the accuracy of the government's representations to the Canadian
  extradition court.  It is both unseemly and improper for the government to be
  dictating whom the defendants can speak with about central facts in order to
  defend a criminal case.

- <u>*Ex parte* abuse</u>:  The government has repeatedly abused the *ex parte* process,
  filing materials *ex parte* on at least three instances in the criminal case and
  asserting its right to file at least a fourth—often without or far in excess of what
  could be justified by compelling circumstances.  Most crucially, the government
  moved *ex parte* to withhold discovery from the defendants without providing the
  defendants even a generalized basis for the request.  As a result, the Huawei
  Defendants continually and improperly find themselves unable to be heard on the
  most important matters in the case.

In sum, the government is free to press weak charges and lose them fair and square.
But the government should not be able to subject the Huawei Defendants to the public
opprobrium of an indictment and then deny them the same rights and procedures available to
any other defendant in an American courtroom.  The government should be ordered to
produce promptly *all* of its discovery, produce required *Brady* material, provide necessary

**SIDLEY**                                    JENNER & BLOCK LLP

Page 4

particulars, and allow the defendants to discuss these materials with their lawyers and their witnesses.  We look forward to addressing these matters with the Court on July 23.

Respectfully submitted,

/s/ Thomas C. Green                    /s/ David Bitkower
Thomas C. Green                        David Bitkower
Mark D. Hopson                         Matthew S. Hellman
Michael A. Levy                        JENNER & BLOCK LLP
SIDLEY AUSTIN LLP                      1099 New York Avenue, NW
1501 K Street, NW                      Washington, D.C. 20001
Washington, D.C. 20005                 Tel: 202-639-6048
Tel.: 202-736-8069                     Email: dbitkower@jenner.com
Email: tcgreen@sidley.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,*
*Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

cc:    Government counsel (by email and ECF)
       Clerk of the Court (by ECF)