**SIDLEY**                                                                 **JENNER&BLOCK** LLP

July 22, 2020

**BY ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers N 415
Brooklyn, NY 11201

Re:   *United States v. Huawei Technologies Co., Ltd. et al.* **No. 18-457 (S-3) (AMD)**

Dear Judge Donnelly:

The Huawei Defendants respectfully move the Court to close the courtroom for a limited portion of the status conference in the above-referenced matter, which is scheduled for July 23, 2020 at 2:30 pm, as well as for the related relief described below. The Huawei Defendants seek to close the courtroom only for the portion of the conference involving oral argument on the defendants' pending motions related to the Protective Order entered in this matter, because we anticipate that the oral argument will include discussion of specific information that the government has designated as "Sensitive Discovery Material."

In *United States v. Alcantara*, 396 F.3d 189 (2d Cir. 2005), the Second Circuit explained that "a motion for courtroom closure should be docketed in the public docket files maintained in the court clerk's office," and public docket entries "should reflect the fact that the motion was filed, the fact that the motion and any supporting or opposing papers were filed under seal, the time and place of any hearing on the motion, the occurrence of such hearing, the disposition of the motion, and the fact of courtroom closure." *Id*. at 200.

The court in *Alcantara* also reiterated that "[b]efore excluding the public" from criminal proceedings, "district courts must make findings on the record demonstrating the need for the exclusion." *Id.* at 192. In doing so, a district court must follow four steps. First, the court must make specific findings regarding whether there exists "a substantial probability of prejudice to a compelling interest of the defendant, government or third party." *United States v. John Doe*, 63 F.3d 121, 128 (2d Cir. 1995). Examples of such compelling interests include the defendant's right to a fair trial, privacy interests, and dangers to persons or property. *Id*. Second, where the court finds that there exists a substantial probability of prejudice, the district court must then consider whether reasonable alternatives to closure can protect the compelling interest. *Id*. Third, the district court must make a determination whether the prejudice to the compelling interest that has been identified overrides the qualified First Amendment right of access. If so, and the court therefore determines that closure is warranted, then the district court must devise an order for closure that is narrowly tailored to protect the compelling interest. *Id*.

As the Court is aware, the pending motions refer to information contained within the discovery materials, including information that the government has designated as "Sensitive

*United States v. Huawei Technologies Co., Ltd., et al.*
July 22, 2020
Page 2

Discovery Material" pursuant to the Protective Order. Indeed, one of the motions specifically addresses the propriety of the government's designation of discovery materials as sensitive. Although the Huawei Defendants do not concede that the discovery materials at issue are in fact sensitive, we recognize that discussion of their contents in open court could foreclose the government's asserted interests in protecting the confidentiality of the information contained therein. Given that argument about the propriety of sensitivity designations would likely require discussion of the underlying material, there appear to be no reasonable alternatives to closure of the courtroom that would not foreclose the government's asserted interests. Finally, if the Court determines that closure is necessary, the Huawei Defendants additionally request that the parties be given two weeks from receipt of the transcript to identify for the Court what portions of the closed proceeding they believe should remain under seal, what portions should be unsealed, and whether there are any disagreements on that subject.

In light of this, the Huawei Defendants respectfully request that the Court note on the public calendar that it will hear a motion to close the courtroom in this matter on July 23, 2020, at 2:30 p.m. The defendants further request that, during the hearing, the Court make the findings of facts contained in the enclosed proposed order, and enter the proposed order after the hearing.

The Huawei Defendants have consulted with the government about this motion. The government asked us to report that their position is as follows: "[P]ursuant to Department of Justice regulations (28 C.F.R. Section 50.9), the government is required to object to closure until it obtains permission for such closure from the Office of the Deputy Attorney General, which process can take up to two weeks and cannot be completed by Thursday's oral argument. The government asks to postpone the oral argument on the discovery motions, to the extent the defendants wish to discuss SDM in open court, and will seek the necessary approvals promptly. Of course, the government will be ready to argue the motions should the Court grant the defendants' motion to close the courtroom."

The Huawei Defendants recognize that the prosecutors are formally bound by Department policy to take the position they have taken, but there is no reason to delay the argument (or restrict the parties' ability to refer to the relevant facts). Apart from the mechanics of the Department's internal procedures, it is the government's own position that confidentiality of the discovery materials requires closure of the courtroom, and the government reports its own desire to seek internal approval to do just that, albeit too late to come in time for the scheduled argument. Indeed, the government reports itself "ready to argue" tomorrow in the event the Court grants this motion. Accordingly, as nothing relevant to the Court's closure analysis will change when the relevant authorities in Washington weigh in, the Huawei Defendants respectfully oppose any adjournment and submit that the Court should order a limited courtroom closure as needed to argue the motions.

*United States v. Huawei Technologies Co., Ltd., et al.*
July 22, 2020
Page 3

                Respectfully submitted,

| /s/ Thomas C. Green | /s/ David Bitkower |
|---|---|
| Thomas C. Green | David Bitkower |
| Mark D. Hopson | Matthew S. Hellman |
| Michael A. Levy | JENNER & BLOCK LLP |
| SIDLEY AUSTIN LLP | 1099 New York Avenue, NW |
| 1501 K Street, NW | Washington, D.C. 20001 |
| Washington, D.C. 20005 | Tel: 202-639-6048 |
| Tel.: 202-736-8069 | Email: dbitkower@jenner.com |
| Email: tcgreen@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

cc:    Government counsel (by email and ECF)
       Clerk of the Court (by ECF)