

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:JN/DKK/SME
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 11, 2020

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Huawei Technologies Co., Ltd., et al.
               Criminal Docket No. 18-00457 (S-3) (AMD)

Dear Judge Donnelly:

      The government respectfully submits this letter in response to the defendants' request for judicial intervention regarding the defendants' motion to share discovery material with co-defendant Wanzhou Meng. For the reasons discussed below, the government submits that this Court—rather than a magistrate judge—should resolve the issue.

      At the most recent status conference, the Court denied the defendants' motion to share "all discovery materials" with Meng. (7/23/2020 Tr. 28-29.)[1] The Court also "direct[ed] the parties to see if there are other categories of material that they can agree on," beyond the documents the government had previously agreed could be shared with Meng. (Tr. 28-29.)

      Thereafter, the defendants ("Huawei") identified five broad categories of documents to share with Meng. The categories appear to encompass many of the materials produced by the victim financial institutions in this matter, including extensive material about which Meng would not have personal knowledge.[2] The defendants declined to identify any

---

[1] A copy of the transcript of this proceeding is attached as Exhibit A.

[2] The categories were (1) documents relating to any meetings with Meng, other Huawei Board members, or personnel under her supervision, including but not limited to preparation materials and post-meeting documents describing the meeting; (2) documents relating to any communications with Meng, other Huawei Board members, or personnel under her supervision, (whether or not Meng sent or received them), including but not limited to documents relating to the misrepresentations alleged in Paragraphs 109 and 110 of the Superseding Indictment and documents (whether or not they are emails) allegedly prepared, signed, or authorized by Meng;

1

specific documents to the government, but stated that they "could discuss" potentially identifying some documents to firewall counsel. Rather than consent to the blanket sharing of all documents in those categories as requested by Huawei, the government proposed that, with appropriate redactions, Huawei could review with Meng all documents containing statements (or the substance of statements) attributed to Meng, as well as documents describing any meeting she purportedly attended (collectively, the "Meng Documents").[3] The government requested that the defendants identify the Meng Documents to the prosecution team, so that the government could redact them—as Huawei had done with respect to the 21,000 documents it sought to have downgraded from "Sensitive Discovery Material." The defendants did not respond to the government's proposal before seeking judicial intervention.

The government respectfully submits that this Court—rather than a magistrate judge—is best positioned to resolve this issue. The parties' respective interests related to the sharing of documents with Meng have already been addressed in extensive briefing and argument before this Court. Nor does resolving the issue require any sort of document-by-document analysis. Moreover, the sharing of documents outside the United States with a fugitive from justice is an issue of particular concern in this matter, and one the government has already briefed in detail to this Court.

---

(3) documents relating to actions by Meng, other Huawei Board members, or personnel under her supervision, including but not limited to: documents quoting, referring to, or reflecting activities, comments, and statements by Meng; (4) communications relating to Skycom and Canicula, including but not limited to documents about the opening and closing of Skycom and Canicula accounts documents related to Know Your Customer practices and documents related to compliance reviews of Skycom and Canicula; and (5) documents relating to meetings between Huawei executives and victim financial institutions. These categories are vague and as drafted, potentially include a large volume of documents. For example, it is not clear which employees Huawei believes were "under [Meng's] supervision," and numerous documents could be construed as "relating" to any meeting between Huawei employees and a victim financial institution.

[3] The set of documents the government has proposed that Huawei can share with Meng are exactly the documents that, during oral argument, defense counsel identified as the most critical for Huawei to review with Meng: "documents from a bank that say Ms. Meng did or said X, Y, Z." (Tr. 26.) As discussed in prior briefing, Huawei remains free to ask Meng about any of the categories of information it has identified, including about meetings other Huawei employees or Board members attended, and about statements others made.

In sum, the government respectfully submits that the instant issue can be resolved expeditiously by this Court. The government is prepared to provide any additional briefing as directed by the Court.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:     /s/ David K. Kessler
Alexander A. Solomon
Julia Nestor
David K. Kessler
Sarah Evans
Assistant U.S. Attorneys
(718) 254-7000

DEBORAH L. CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division
U.S. Department of Justice

Laura Billings
Christian J. Nauvel
Trial Attorneys

JAY I. BRATT
Chief, Counterintelligence and Export
Control Section
National Security Division, U.S. Department
of Justice

Thea D. R. Kendler
David Lim
Trial Attorneys

Cc: All defense counsel (by ECF)