# SIDLEY

J E N N E R & B L O C K LLP

September 22, 2020

<u>VIA ECF</u>

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   ***United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457 (S-3)
> (AMD)(CLP); Application to Discuss Discovery Materials with Witness**

Dear Judge Donnelly:

Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA, Inc., and
Futurewei Technologies, Inc. (collectively, "Huawei") respectfully seek an order regarding the
above-captioned application.  At the Court's urging, the parties have reached an agreement on
initial categories of documents that Huawei may discuss with co-defendant Meng Wanzhou.  The
government however insists that Huawei must show the prosecution team in advance any
documents it wishes to discuss.  Showing the prosecution those specific documents would reveal
defense strategy as a matter of Second Circuit law and common sense.  Accordingly, Huawei
asks the Court to order that specific documents be shown to Firewall Counsel, rather than the
prosecution team, as the protective order in this case expressly contemplates.

## BACKGROUND

On April 3, 2020, Huawei applied to discuss discovery materials, on a limited basis and
under strict conditions, with co-defendant and potential key witness Meng Wanzhou.  The
Indictment charges that the company conspired with Ms. Meng, and accuses Huawei of fraud
because Ms. Meng as CFO allegedly misled HSBC about Huawei's relationship to an entity
called Skycom.  As Huawei prepares its defense, it needs to discuss with Ms. Meng the events
alleged in the Indictment and, critically, the discovery the government says proves those events.

The Court heard argument on this application on July 23, 2020 and then "direct[ed] the
parties to see if there are other categories of material that they can agree on [showing to Ms.
Meng]."  Tr. 28:24-25.  Consistent with that direction, Huawei and the Government continued to
discuss categories of discovery that may be shown to Ms. Meng.  The Government has now
"agree[d] in principle that, with appropriate redactions, [1] documents containing statements (or
the substance of statements) attributed to Ms. Meng, as well as [2] [documents] describing any
meeting she purportedly attended, can be reviewed with her in Canada, subject to the protective
order."  Sept. 8, 2020 Govt. Email, Exh. A.  Before doing so, however, the Government insists
that the prosecution team – and not Firewall Counsel – review each document Huawei would
show the witness.  See *id*.

## ARGUMENT

Having reached an initial agreement on categories of documents that may be shown to Ms. Meng, Huawei is anxious to begin interviewing her about the Government's proof.  *Id.*[1] Before it can do so, however, the Government insists on a preview of Huawei's interview, and therefore of its defense strategy with respect to this central witness.

As courts have long recognized, the selection of documents to be shown to a witness reveals defense strategy.  *See Sporck v. Peil*, 759 F.2d 312, 315 (3rd Cir. 1985) (selection of documents "represents defense counsel's mental impressions and legal opinions as to how evidence in the documents relates to the issues and defenses in the litigation"); *In re Grand Jury Subpoenas*, 959 F.2d 1158,1166-67 (2d. Cir. 1992) ("[W]here a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the attorney's thinking or strategy may be, even third-party documents may be protected."); *Briese Lichttechnik v. Langton*, 272 F.R.D. 369, 374 (S.D.N.Y. 2011) ("[T]he attorney's decision to select specific documents to show the witness embodies the lawyer's mental processes, specifically her evaluation of the significance of these documents.").  Despite this clear law, the Government insists that the *prosecution team* – which already has every one of these documents in its possession – be provided with a list of each document Huawei wishes to show Ms. Meng.

To be clear, Huawei does not object to working with the Government to identify documents in the agreed-upon categories, but this should be done with Firewall Counsel, not the prosecution team.[2]  The protective order expressly authorizes the use of Firewall Counsel "to maintain [the] confidentiality of defense strategy."  *See* Protective Order at ¶ 7.  Having Firewall Counsel review the approximately five dozen documents at issue appropriately protects that defense strategy.  Huawei therefore respectfully requests an order that the identification of documents within the two categories the Government agrees may be shown to Ms. Meng proceed with Firewall Counsel in this case.

Respectfully submitted,

By: /s/ Thomas C. Green

    Thomas C. Green
    Mark D. Hopson
    Michael A. Levy
    Joan M. Loughnane
    SIDLEY AUSTIN LLP
    1501 K Street, NW
    Washington, D.C. 20005
    Tel.: 202-736-8069
    Email: tcgreen@sidley.com

By: /s/ David Bitkower

    David Bitkower
    Matthew S. Hellman
    JENNER & BLOCK LLP
    1099 New York Avenue, NW
    Washington, D.C. 20001
    Tel: 202-639-6048
    Email: dbitkower@jenner.com

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc*

---

[1]    In agreeing to proceed with these initial categories, Defendants do not waive any right to seek approval to discuss other evidence with Ms. Meng in the future.

[2]    Huawei will also provide a list of the documents to the Court, or to Magistrate Judge Pollak, if that is helpful to the Court.