**SIDLEY**                                           **JENNER&BLOCK** LLP

September 18, 2020

**BY ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Huawei Technologies Co., Ltd., et al.*, 18 CR 457 (S-3) (AMD)(CLP);
      <u>Application re: Rule 16 Corporate Discovery</u>

Dear Judge Pollak:

Pursuant to the referral Order of the Honorable Ann M. Donnelly on September 14, 2020, Huawei Technologies Co., Ltd. ("Huawei Tech"), Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. ("Futurewei") (collectively, the "Huawei Defendants") respectfully seek an order requiring the government to provide discovery pursuant to its obligations under Federal Rule of Criminal Procedure 16 ("Rule 16") relating to statements made by, or documents, other physical evidence, and data obtained from, purported Huawei employees or agents ("Corporate Discovery"). This letter motion sets out the law and facts pertinent to this issue and the relief the Huawei Defendants seek.

The government has broader discovery obligations when the grand jury indicts a corporate entity than when it indicts an individual. Specifically, pursuant to Rule 16(a)(1)(C), the government must disclose to the Huawei Defendants any statement made by any of their employees or agents who the government contends can legally bind any of the Huawei Defendants. Fed. R. Crim. P. 16(a)(1)(C). Rule 16 also requires the government to produce tangible objects, including documents, electronic devices, and data obtained from or belonging to the defendant—which, in the corporate context, must include any such materials obtained from any of the Huawei Defendants' employees or agents. Fed. R. Crim. P. 16(a)(1)(E). Finally, the government must make such productions "[u]pon . . . request." Fed. R. Crim. P. 16(a)(1)(C), (a)(1)(E).

The Huawei Defendants bring this motion because of unsuccessful attempts to obtain complete Corporate Discovery from the government, or clear confirmation that no such discovery exists. The government has produced a significant quantity of emails from Huawei employees that could fall within the scope of Rule 16(a)(1)(C). Additionally, after repeated requests and delay of over a year, the government recently produced a small handful of statements made to government agents by current or former employees of the Huawei

Page 2

Defendants. Information from one of the documents the government held back from discovery for over a year was, unbeknownst to the defendants, submitted and relied on by the government in an *ex parte* submission that Huawei Tech was unable to address because the document had been withheld.

The circumstances of these productions, and the government's caveated responses (or failure to respond at all) to the Defendants' questions regarding the Corporate Discovery, lead us to seek an order from the Court: (1) compelling the production within 30 days of all Corporate Discovery related to the bank fraud and financial sanctions charges filed in August 2018 and January 2019; and (2) compelling the production within 120 days of all Corporate Discovery related to the charges first filed in February 2020. Finally, (3) to the extent the government has possession of statements by, or documents, objects, or data taken from, individuals it contends can bind the Defendants pursuant to Rule 16(c)(1)(C), but is not producing those materials because it has concluded such materials are not "discoverable," the government should be required to disclose sufficient information to the Huawei Defendants so that they can seek to challenge that legal conclusion.

## FACTUAL BACKGROUND

On August 22, 2018 and December 6, 2018, the government obtained sealed indictments charging two of the Huawei Defendants with bank fraud, financial sanctions, and related offenses. A second superseding indictment containing similar charges was unsealed on January 28, 2019. On March 26, 2019, the Huawei Defendants formally requested discovery from the government, specifically describing and seeking the categories of Corporate Discovery at issue in this motion. A copy of that letter is attached as **Exhibit A**.

Over the next year, the Huawei Defendants renewed their requests for Corporate Discovery on three additional occasions. In response, the government asserted that it was aware of its discovery obligations. In April 2020, the government asserted that the production of discovery on the charges in the second superseding indictment was "substantially complete."[1]

On February 13, 2020, the government obtained a third superseding indictment adding racketeering and intellectual property charges. The first count of that indictment alleged that the Huawei Defendants, along with all of their global affiliates, constituted a decades-long racketeering enterprise engaged in "entering, developing and dominating the markets for telecommunications and consumer electronics technology and services" worldwide. Third Superseding Indictment, ECF No. 126, ¶ 90.

Out of concern that the discovery to date included no grand jury testimony and only a single decade-old (and heavily redacted) witness interview report—categories of documents

---

[1] The Huawei Defendants reiterated its requests during a meet-and-confer on January 23, 2020; in a February 10, 2020 letter, ECF No. 117 at 6; and during a meet-and-confer on April 8, 2020. The government asserted that discovery relating to the second superseding indictment was substantially complete during the April 8 meet-and-confer.

central to Rule 16(a)(1)(C)'s discovery requirements for organizational defendants—the Huawei Defendants initiated another meet-and-confer on July 14, 2020. During this meeting, the government acknowledged that it had additional responsive materials, represented that those materials were not being held back, and promised to produce them.[2] The Huawei Defendants followed up that meet-and-confer with a written request, ECF No. 180, and at a status conference on July 23, 2020, the government informed the Court that it was preparing to produce Corporate Discovery "now." Tr. 14:22-15:2. A copy of the status conference transcript is attached as **Exhibit B**. Following the status conference, the Huawei Defendants followed up regarding the Corporate Discovery on multiple additional occasions.[3]

On September 4, 2020, the government produced, among other things, a small handful of FBI reports of statements made by Huawei employees to government agents. *See* Fed. R. Crim. P. 16(a)(1)(C), (a)(1)(A). Among the statements was a report of a July 2019 interview of former Futurewei employee ▬▬▬▬. The government did not explain why this statement had not been provided earlier. The government conceded (after being asked) that during the time the Defendants' various Corporate Discovery Requests were pending, it had submitted information from the ▬▬ interview *ex parte* to the Court and relied on it in a separate proceeding involving Huawei Tech, without ever providing a copy to any of the Huawei Defendants.

Also on September 4, 2020, at the government's request, the Huawei Defendants reiterated again the categories of Corporate Discovery sought pursuant to Rule 16, and also asked again whether the government had in its possession any statements by or items taken from the Huawei Defendants or their purported agents and employees, flagging for the government's convenience four specific Huawei employees for whom certain Corporate Discovery appeared to be missing. In response, the government asserted that it "believe[d]" it had turned over

---

[2] The government also informed the Huawei Defendants that it had received permission *ex parte* from the Court to withhold certain Corporate Discovery materials related to cooperating witnesses. This motion does not address Corporate Discovery materials covered by an *ex parte* order.

[3] For the sake of completeness, we set out the chronology: The Huawei Defendants sent an email to the government on July 30, 2020. The government responded on August 4, 2020 that it was preparing certain discovery materials, but did not specify whether that production related to the Corporate Discovery requests. The Huawei Defendants therefore asked that question in emails on August 5, 2020 and August 8, 2020, but did not receive a response. On August 10, 2020, the government repeated that it would provide "information" within "the coming week," but again did not address whether that information related to Corporate Discovery. The Huawei Defendants followed up on that question again on August 10, 2020, but did not receive any response until they followed up again on August 17, 2020, at which point the government again declined to provide a timetable for its production of Corporate Discovery. The Huawei Defendants reiterated the Corporate Discovery requests on August 27, 2020. In response, the government asked the Huawei Defendants to describe what Corporate Discovery they believed the government held. In addition, on September 3, 2020, the government obtained a second *ex parte* order authorizing it to delay certain discovery.

Corporate Discovery in its possession with respect to the bank fraud and sanctions charges filed in 2018 and 2019, but added that it "continues to review its files." At the same time, the government declined to provide any timetable at all for completing the production of Corporate Discovery with respect to the racketeering and intellectual property charges brought in February 2020. The government did not respond to counsel's request for documents or objects, including electronic devices, that were "obtained from" or "belong to" the Huawei Defendants, including their agents and employees, responding only that the government did "not believe" it had electronic devices for one employee. With respect to the specific names provided by counsel, the government stated (without further explanation) that it did not believe it had "discoverable" statements by two such employees, and did not respond at all with respect to the other identified employees.

In order to assure that the government produces all required Corporate Discovery, the Huawei Defendants file this motion.[4]

## ARGUMENT

It is past time for the government to provide all remaining Corporate Discovery, or to confirm clearly that no such discovery exists. Rule 16's requirement to produce such discovery "upon request" reflects the reality that organizational defendants—particularly ones with nearly 200,000 employees globally like the Huawei Defendants—do not know the statements by their employees or agents that the government contends are binding on them. Just as Rule 16 does not countenance the government's withholding of an individual defendant's own statements in discovery, it does not countenance the withholding of Corporate Discovery from the Huawei Defendants long after the materials were requested and could have been produced.

**1. Rule 16 Entitles the Huawei Defendants to Corporate Discovery.**

On its face, Rule 16(a)(1)(C) recognizes that organizational defendants act only through their directors, officers, employees, and other agents. Specifically, the Rule provides:

> Upon a defendant's request, if the defendant is an organization, the government must disclose to the defendant any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement:
>
> (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or

---

[4] On September 14, 2020, after the Huawei Defendants informed the District Court that they intended to file this motion, the government sent an email to the defense. That response again declined to provide a timeline for the production of Corporate Discovery with respect to the racketeering and intellectual property charges filed over seven months ago, and again declined to address the specific types of discovery requested by the Huawei Defendants with respect to the bank fraud and sanctions charges.

Page 5

>
> (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

Fed. R. Crim. P. 16(a)(1)(C). This provision was added to Rule 16(a)(1) specifically to highlight that disclosure of these materials to a corporate defendant is critical because such a defendant "may not know what its officers or agents have said or done in regard to a charged offense." *See* Adv. Comm. Note to 1994 Amendments. Put differently, the Rule contemplates the dilemma in which organizational defendants like the Huawei Defendants may find themselves: charged with crimes based on something their employees or agents may have said or done, and about which the organizations may have no knowledge.

"When the Government seeks to hold a corporate entity criminally responsible based on the acts of the corporation's agents or employees, it does so on a theory that the person's actions are in essence actions of the corporate defendant. The Government cannot then argue that the statements by these involved employees or agents are not statements of the corporate defendant." *United States v. Chalmers*, 410 F. Supp. 2d 278, 291 (S.D.N.Y. 2006); *see also United States v. Lin Lyn Trading, Ltd.*, 911 F. Supp. 494, 497 (D. Utah 1996) ("If the government claims that the corporate defendant is bound by any such statement and intends to use it in any way to prove criminal responsibility of the corporate defendant, it should be produced.").[5]

Courts routinely enforce corporate defendants' discovery rights under Rule 16. *See, e.g.*, *Chalmers*, 410 F. Supp. 2d at 292 (ordering the production of statements of agents and employees); *United States v. Bestway Disposal Corp.*, 681 F. Supp. 1027, 1030 (W.D.N.Y. 1988) (ordering the production of statements made by officers and directors to known government agents). For example, courts have consistently found that Rule 16 encompasses grand jury testimony of a corporation's employees or agents. *United States v. Young & Rubicam, Inc.*, 741 F. Supp. 334, 351 (D. Conn. 1990) (ordering production under Rule 16 of grand jury testimony of corporate officer); *United States v. Deardorff*, 343 F. Supp. 1033, 1044 (S.D.N.Y. 1971) (finding, under Rule 16, the corporate defendant was "entitled to the grand jury testimony of its officers, directors, agents and employees"); *United States v. Bally Mfg. Corp.*, 345 F. Supp. 410, 434 (E.D. La. 1972) (same); *United States v. Tobin Packing Co. Inc.*, 362 F. Supp. 1127, 1130 (N.D.N.Y. 1973) (citing Rule 16 and concluding that "it is settled law that defendant is entitled to inspect any testimony given by its officers before the grand jury"). Rule 16 also "plainly requires production of any written record containing statements made during interrogation," which is not limited to anything as formal as "a typed … statement or a verbatim or near-verbatim transcription," but also includes written records like interview memos and

---

[5] As the government acknowledged during the parties' July 14, 2020 meet-and-confer session, Corporate Discovery is not Jencks Act material because it is a statement of "the defendant." 18 U.S.C. § 3500(a). It must therefore be disclosed upon request, and may not be withheld until trial. *See* Fed. R. Crim. P. 16(a)(1), (a)(2).

Page 6

rough notes created during interrogation. *United States v. Stein*, 424 F. Supp. 2d 720, 728 (S.D.N.Y. 2006) (internal quotation marks omitted).

Rule 16 likewise requires the government to produce documents, data, and tangible objects that are "material to preparing the defense," that the government intends to use in its case-in-chief, or that were obtained from the Huawei Defendants. Fed. R. Crim. P. 16(a)(1)(E). This requirement includes electronic information seized from any employee or agent of the Huawei Defendants or devices containing information material to their defense. *United States v. Andrews*, No. 18-cr-149 (DTS), 2019 WL 1923108, at *2 (D. Minn. 2019) (holding that defendant was entitled to discovery and inspection of the cell phone taken from him the night he was arrested, "irrespective of its materiality" or the government's "intent to introduce it in its case-in-chief"); *United States v. Savedoff*, No. 16-cr-41G (HBS), 2017 WL 2240255, at *2 (W.D.N.Y. 2017) (ordering the production of a hard drive given to the government by a third party because it might contain evidence that the alleged victims were aware of the charged fraud); *United States v. McArthur*, No. 3:06-cr-347-D (SAF), 2007 WL 2049914, at *6 (N.D. Tex. 2007) (ordering the government to produce the original computer hard drives seized from defendant's personal computers).

### 2. The Government Should Complete Corporate Discovery Production Forthwith.

The government has failed to make a complete production of Corporate Discovery, despite the passage of over two years since the original indictment, seven months since the third superseding indictment, and over five months since the government represented that its discovery related to the fraud and sanctions charges was "substantially complete." Those delays are unsupportable and contrary to law.

Once the Rule 16 discovery process is underway, the government is obliged to provide discovery "promptly—that is, as soon as the prosecutor becomes aware of it." *United States v. Thomas*, 239 F.3d 163, 166 (2d Cir. 2001). The Rule's emphasis on promptness is further reflected in Federal Rule of Criminal Procedure 12, which entitles a defendant, "[a]t the arraignment or as soon afterward as practicable," to "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B); *see also* Fed R. Crim. P. 16(c) (providing that the government has an obligation, once discovery is underway, to "promptly disclose" newly discovered items).

The government's responses to the Huawei Defendants' Corporate Discovery requests have not been "prompt." The government indicted the case over two years ago, the Defendants specifically requested Corporate Discovery nearly one and a half years ago, and the most recent charges were filed over seven months ago. But the government continues to give unclear responses with respect to its provision of Corporate Discovery related to the fraud and financial sanctions changes, and admits that it has not provided the required discovery with respect to the racketeering and intellectual property charges. Accordingly, the Huawei Defendants respectfully request that the Court issue an order (1) compelling the production within 30 days of all Corporate Discovery related to the bank fraud and financial sanctions charges; and (2)

Page 7

compelling the production within 120 days of all Corporate Discovery related to the remainder of the charges. A complete list of the requested Corporate Discovery is attached hereto as Appendix A.

In addition, the delay in producing Corporate Discovery and refusal to answer counsel's questions about whether it has disclosed all Corporate Discovery raises concern that the government may be withholding statements by, or materials taken from, employees and agents of the Huawei Defendants based on undisclosed and overly narrow legal determinations. In one email, for instance, the government stated that it did not have additional "discoverable" materials related to specific employees, without revealing what it meant by that term. The Huawei Defendants' concern over this kind of terminology is heightened by the belated disclosure of the ▇▇▇▇ witness statement, which the government elected to hold back even after it represented that discovery relating to the sanctions and bank fraud charges was "substantially complete," and even while it was relying on that report in an *ex parte* submission to the Court. Accordingly, (3) to the extent the government has possession of statements by, or documents, objects, or data taken from, individuals it contends can bind the Defendants pursuant to Rule 16(c)(1)(C), but is not producing those materials because it believes they are not "discoverable" for any reason, the government should be required to disclose sufficient information to the Huawei Defendants so that they can seek to challenge that legal conclusion.

***

For the foregoing reasons, the Huawei Defendants respectfully request the relief set forth herein.

Respectfully submitted,

By: /s/ Thomas C. Green  
   Thomas C. Green  
   Mark D. Hopson  
   Michael A. Levy  
   Joan M. Loughnane  
   SIDLEY AUSTIN LLP  
   1501 K Street, NW  
   Washington, D.C. 20005  
   Tel.: 202-736-8069  
   Email: tcgreen@sidley.com

By: /s/ David Bitkower  
   David Bitkower  
   Matthew S. Hellman  
   JENNER & BLOCK LLP  
   1099 New York Avenue, NW  
   Washington, D.C. 20001  
   Tel: 202-639-6048  
   Email: dbitkower@jenner.com

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc.*

Page 8

# APPENDIX A

# CORPORATE DISCOVERY SOUGHT BY THE HUAWEI DEFENDANTS

1. ***Employees' Statements and/or Testimony.***  All oral, written, or recorded statements made by any purported current or former directors, officers, employees, or agents of the Huawei Defendants, or of any of their corporate affiliates, or of any other person who the government contends satisfies the requirements of Federal Rule of Criminal Procedure 16(a)(1)(C).

    To the extent that the government contends that current or former Skycom Tech Co., Ltd. ("Skycom") directors, officers, employees, or agents are or were de facto or de jure directors, officers, employees, or agents of any Huawei Defendant, each request herein refers to such persons as well.

    This request includes but is not limited to:

    a. ***Substance of Oral Statements to the Government.***  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A), the substance of all relevant oral statements made in response to interrogation by any person then known to be a government agent if the government intends to use the statement at trial.

    b. ***Written Records of Oral Statements to the Government.***  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B)(ii), all written records containing the substance of any relevant oral statements made in response to interrogation by any person then known to be a government agent regardless of whether the government intends to use the statement at trial, including but not limited to unredacted records of the statements described above.

    c. ***Grand Jury Testimony.***  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B)(iii), recorded testimony made before a grand jury relating to the charged offenses.

    d. ***All Written or Recorded Statements.***  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B)(i), all relevant written or recorded statements by the Huawei Defendants. This request encompasses such statements in whatever form they are preserved, including mechanically, stenographically, or by an electronic recording device, and whether made before or after the most recent indictment was unsealed on February 13, 2020. Examples of such statements include but are not limited to any statements contained in electronic media or intercepted communications; referenced in the reports of Michael Cherkasky, the independent monitor for HSBC, or other monitor reports pertaining to the alleged victim financial institutions; or identified for the government as part of any presentation by Latham & Watkins on behalf of HSBC, or other presentation by any alleged victim.

Page 9

2. ***Documents and Objects.*** Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(iii), all documents, objects, and data obtained from or belonging to the Huawei Defendants, their directors, officers, employees, or agents, or any of their corporate affiliates, or any other person who the government contends satisfies the requirements of Federal Rule of Criminal Procedure 16(a)(1)(C), along with the corresponding government authorities for such searches and seizures.

To the extent that the government contends that current or former Skycom Tech Co., Ltd. ("Skycom") directors, officers, employees, or agents are or were de facto or de jure directors, officers, employees, or agents of Huawei, this request refers to such persons as well.