

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:JN/DKK/SME  *271 Cadman Plaza East*
F. #2017R05903  *Brooklyn, New York 11201*

September 29, 2020

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Huawei Technologies Co., Ltd., et al.
                Criminal Docket No. 18-00457 (S-3) (AMD)

Dear Judge Donnelly:

      In their September 22, 2020 letter, the defendants ("Huawei") largely accept the government's compromise proposal with respect to sharing additional documents governed by the protective order with fugitive co-defendant Wanzhou Meng. Huawei raises only a single question that requires judicial resolution—whether the prosecution team, or firewall counsel, should apply redactions to "approximately five dozen" unidentified documents that Huawei may want to share with Meng. (Dkt. No. 210 at 2.) For the reasons set forth below, the prosecution team should apply those redactions.

      First, the prosecution team and the Court share a strong interest in tracking any disclosed information. Once information subject to the protective order reaches parties outside the United States, the protective order is difficult to enforce. Moreover, Meng has shown that she has, and will misuse, documents very similar to the ones provided in Rule 16 discovery to Huawei in her effort to fight extradition. For example, her filings distort the meaning and context of emails sent from employees of a victim financial institution to Huawei, arguing that those employees are senior executives when they were in fact relatively junior. In order to determine if information given to Meng from this case is used improperly, the prosecution team—and not firewall counsel—must know what information has been provided to her.

      Second, it may not be clear on the face of a document whether that document includes a statement from Meng, or whether it describes a meeting Meng attended. Firewall counsel is not well positioned to make those determinations, given that firewall counsel did not participate in the investigation of this case. It is the prosecution team that can—and should— make determinations about whether a facially ambiguous document is appropriate to provide.

      Third, having the prosecution team redact the documents at issue will not compromise Huawei's defense strategy. Huawei has already described the kinds of documents it

intends to show Meng.  Indeed, the terms of the proposal that Huawei has accepted limit those documents to two narrow categories.  Moreover, Huawei has already publicly communicated its defense strategy to the fraud charges involving Meng, both in filings in the United States and through Meng's filings in Canada, one of which includes a detailed preview of defense strategy.  This is not a situation where, as in the cases Huawei cites, the government seeks to review documents shown to Meng in order to gain insight into Huawei's strategy.  See, e.g., Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991, 959 F.2d 1158, 1166 (2d Cir. 1992) (request for defense documents was appropriate because it was "not designed to glean what" documents "[defense counsel] deems relevant").[1]

For these reasons, the Court should find that the prosecution team, rather than the firewall team, should apply the redactions to any Rule 16 material to be provided to Meng.

    Respectfully Submitted,

    SETH D. DuCHARME
    Acting United States Attorney
    Eastern District of New York

By:    /s/ David K. Kessler
    Alexander A. Solomon
    Julia Nestor
    David K. Kessler
    Sarah M. Evans
    Assistant U.S. Attorneys

DEBORAH L. CONNOR
Chief
Money Laundering and Asset Recovery Section
Criminal Division
U.S. Department of Justice

Laura M. Billings
Christian J. Nauvel
Trial Attorneys

JAY I. BRATT
Chief
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice

Thea D. R. Kendler
David Lim
Trial Attorneys

---

[1] The other two cases Huawei cites involve requests in civil litigation to identify the documents that had actually been shown to a witness in preparation for a deposition, where the purpose of the request appeared to be to learn the attorney's strategy.  See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985) (documents used to prepare for civil deposition sought in discovery); Briese Lichttechnik Vertriebs GmbH v. Langton, 272 F.R.D. 369, 376 (S.D.N.Y. 2011) (civil defendants tried to compel production of "an identification of which documents the attorneys showed the witnesses").  Those circumstances are not present here.