UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES,

                -against-                        **MEMORANDUM AND ORDER**
                                                                 18 CR 457 (S-3) (AMD) (CLP)

HUAWEI TECHNOLOGIES CO., LTD., et al.,

                Defendants.
----------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

On August 22, 2018 and December 6, 2018, sealed indictments were returned in the Eastern District of New York, charging two of the Huawei defendants, Huawei Technologies Co., Ltd. ("Huawei Tech") and Huawei Device USA, Inc. ("Huawei USA"), with bank fraud, financial sanctions, and related offenses. (Defs.' 9/18/2020 Ltr.[1] at 2). In January 2019, the grand jury returned a superseding indictment against defendants Huawei Tech, Huawei Device Co., Ltd., Huawei USA, and Futurewei Technologies, Inc. ("Futurewei") (collectively, "Huawei"), charging defendants Huawei Tech and Huawei USA with bank and wire fraud relating to Huawei's operation of Skycom Tech Co., Ltd. ("Skycom"), which the government alleges is an unofficial subsidiary in Iran. (Govt. Ltr.[2] at 2). In addition, the superseding indictment contained bank fraud charges against Huawei relating to the termination of its relationship with a finance institution, conspiracy to defraud the United States, violations of the International Emergency Economic Powers Act ("IEEPA"), the Iran Transaction and Sanctions Regulations ("ITSR"), obstruction of justice, and money laundering. (Id.) On February 13,

---

[1] Citations to "Defs.' 9/18/2020 Ltr." refer to the letter submitted by defendants on September 18, 2020, ECF No. 212, seeking to compel discovery.

[2] Citations to "Govt Ltr." refer to the government's letter submitted on October 21, 2020, ECF No. 228.

2020, the grand jury returned a Third Superseding Indictment, adding charges against certain corporate defendants for RICO violations in connection with a longstanding conspiracy to enter, develop and dominate the markets for telecommunications and consumer electronics technology worldwide, as well as a conspiracy to steal trade secrets, and an additional wire fraud conspiracy. (Id.)

Currently pending before this Court is defendants' motion to compel discovery from the government pursuant to its obligations under Rule 16 of the Federal Rules of Criminal Procedure. (Defs.' 9/18/2020 Ltr. at 1).  The Court held a hearing on the motion on November 17, 2020.

DISCUSSION

Defendants' motion to compel discovery requests three categories of relief: 1) an Order requiring the government to produce all Corporate Discovery (id. at 4–6); 2) a formal deadline for production of all Rule 16 discovery currently in the government's possession (id. at 6–7); and 3) an Order requiring the government to produce all objects, including personal devices, taken from the defendant and its employees.  (Id. at 7).

I. Rule 16 Corporate Discovery

Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure governs disclosures to organizational defendants.  The Rule provides:

> Upon a defendant's request, if the defendant is an organization, the government must disclose to the defendant any statement described in Rule 16(a)(1)(A) and (B) if the government contends that the person making the statement:

2

>   (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or
>
>   (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

Fed. R. Crim. P. 16(a)(1)(C).

In United States v. Chalmers, the court noted that a plain reading of the rule demonstrates that the government must disclose all statements made by those individuals whose actions allegedly bind the corporate defendant. 410 F. Supp. 2d 278, 291 (S.D.N.Y. 2006). The court further noted that the Rule requires the government to disclose "the statements of all persons whose statements or conduct it seeks to use" to hold the corporate defendant criminally responsible. Id. (citing United States v. Lin Lyn Trading, Ltd., 911 F. Supp. 494, 497 (D. Utah 1996) (emphasis added); and United States v. Bhutani, No. 93 CR 585, 1995 WL 632069, *3 (N.D. Ill. Sept. 5, 1995)). "When the Government seeks to hold a corporate entity criminally responsible based on the acts of the corporation's agents or employees, it does so on a theory that the person's actions are in essence actions of the corporate defendant. The Government cannot then argue that the statements by these involved employees or agents are not statements of the corporate defendant." United States v. Chalmers, 410 F. Supp. 2d at 291.

Thus, Rule 16(a)(1)(C) requires the government to disclose the statements of two categories of individuals whose statements may constitute admissions of the corporate defendant: 1) individuals or corporate representatives who made statements at a time when they had the power and authority to bind the organization; and 2) employees who engaged in illegal conduct

within the scope of their employment and then made statements. See United States v. Maury, 695 F.3d 227, 253 (3d Cir. 2012); United States v. Jacques Dessange, Inc., No. 99 CR 1182, 2000 WL 257155 (S.D.N.Y. March 7, 2000).

In their letter motion, the Huawei defendants raise a concern that the government misconstrues its burden with respect to the production of statements, insofar as the government takes the position that "factual" statements or statements that are not "admissions" need not be produced. (Reply[3] at 4). Defendants argue that they are not only entitled to a witness's statements that bind the defendant but to all relevant statements made by the witness whose conduct binds the defendants. (Id. at 5). Huawei notes that the government has taken the position that it is not currently holding back any documents on the grounds that the witness's statement may not concern any specific misconduct. (Id.) However, defendants express concern that the government is withholding the statements of this and other witnesses on the theory that the statement must itself bind the corporation. (Id. (quoting United States v. Chalmers, No. 05 CR 59, 2006 WL 1062917, at *3 (S.D.N.Y. Apr. 18, 2006))).

At the hearing held before this Court on November 17, the government represented that it has not withheld any relevant nonbinding statements by an agent or employee whose words or conduct otherwise bound the defendants. The Court is satisfied that currently there is no live dispute as to the scope of the government's obligation. Accordingly, the defendants' motion to compel additional corporate disclosures pursuant to Rule 16 is denied at this time, without prejudice to renew if it becomes an issue in the future.

---

[3] Citations to "Reply" refer to defendants' reply letter submitted on November 5, 2020, ECF No. 238.

4

II.  Deadline to Produce Further Discovery

The Huawei defendants contend that the government has failed to make a "complete" production of Corporate Discovery despite defendants' specific requests and the passage of over two years since the filing of the original indictment. (Defs.' 9/18/2020 Ltr. at 6). Defendants contend that they made their first formal request for discovery on March 26, 2019 by a letter detailing the specific categories of discovery they were seeking. (Id. at 2, Ex. A). They renewed their request on three additional occasions and were told in April 2020 that the government's production of discovery relating to the second superseding indictment was "substantially complete." (Id.) However, no grand jury testimony had been provided and very little in the way of statements made to government agents, until September 4, 2020, when the government produced a report of an interview of someone whose testimony the government had been in possession of for some time. (Id. at 3). Concerned about the completeness of the government's overall production, the defendants identified several employees for whom Corporate Discovery seemed to be missing; the government, in response, indicated that it "believe[d]" that discovery had been provided with respect to the bank fraud and sanctions charges filed in 2018 and 2019, but would continue to "review its files." (Id. at 4).

Given that two years have passed and the government's discovery production is still not complete with respect to the charges in the third superseding indictment, defendants seek an Order compelling the government to produce all Corporate Discovery relating to the bank fraud and financial charges within 30 days, and to require production of all Corporate Discovery relating to the remaining charges within 120 days. (Id. at 6-7).

In response, the government contends that it has complied with its discovery obligations and is continuing to review and provide Corporate Discovery. (Govt. Ltr. at 1). The government

5

represents that with respect to the fraud charges, its production of all written and recorded statements is "substantially complete;" it has "produced all of the S-2 Corporate Discovery that it has identified to date." (Id. at 9, 10). The government further represents that it will continue to review its files and disclose any additional materials. (Id. at 9).

As for the discovery relating to the charges in the Third Superseding Indictment, the government represents that it has already produced an extensive volume of Corporate Discovery— "hundreds of thousands of documents" —and will continue to do so. (Id. at 10). Since the "bulk" of the remaining Corporate Discovery was produced in civil litigations, the government is reviewing that material to determine what subset needs to be disclosed. (Id.) The government contends that it is currently in the process of producing such discovery, which includes the misappropriation of intellectual property from victim companies who are currently engaged in litigation with Huawei. (Id. at 11). According to the government, given the volume of this documentation, requiring the government to segregate and produce every responsive statement by Huawei within the millions of pages of discovery in 120 days is "impractical," and would actually take longer than producing the discovery in the regular course. (Id.) The government asserts that the language in Rule 16 that requires disclosure upon the request of the defendant does not mean that disclosure must be instantaneous. (Id.) The government represents that it is acting in good faith to produce discovery promptly and will continue to do so in the coming weeks and months. (Id. at 12).

At the hearing, the government represented that, as to the bank fraud charges, it has conducted a diligent search for responsive materials, made appropriate inquiries to investigating agencies, and has produced all responsive materials identified to date. The government assured the Court that any responsive materials identified in the future will continue to be produced when

6

identified.  On the basis of this representation, the Court declines to set a further deadline for production.

As to the intellectual property charges, the government asserts that its production has been slowed by the size and complexity of the case.  However, the government concedes that it can produce a subset of the material relevant to these charges by a fixed date.  Specifically, the government will produce all law enforcement and grand jury statements covered by Rule 16 within 160 days.  The government will submit a letter to the Court within 120 days to report on the status of this production.  The production of all other Rule 16 disclosures will continue during this time.

### III.     Return of Data, Devices and Objects

Rule 16 also governs the production by the government of any documents, data, or tangible objects that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).  The Rule requires the production of any documents or other information that the government intends to use in its case-in-chief or that were obtained from the Huawei defendants.  Id.  Courts have required not only the production of electronic information but also devices, such as computer hard drives or cell phones, containing such electronic information.  See, e.g., United States v. Savedoff, No. 16 CR 41G, 2017 WL 2305751, at *2 (W.D.N.Y. May 25, 2017) (ordering the government to provide defendant with a hard drive); see also United States v. Andrews, No. 18 CR 149, 2019 WL 1923108, at *2 (D. Minn. 2019) (requiring production of cell phone).

As for Huawei's request for documents and objects, the government contends that it has produced all responsive materials relating to the fraud charges that it has identified to date. (Govt. Ltr. at 10).  To the extent Huawei seeks an Order requiring the production of all

7

remaining such discovery within 30 days, the government objects and insists that it has already provided all of such discovery. (Id. (citing United States v. Battaglia, No. 05 CR 774, 2008 WL 144826, at *2 (S.D.N.Y. Jan. 15, 2008) (denying application for Rule 16 discovery where the government had provided such discovery))). The fact that the government represents that it will continue to produce any additional discovery it identifies as responsive is not a basis for the entry of such an order, recognizing that as the government's investigation continues, it will receive other materials from third parties and interview other potential witnesses. (Id. at 10-11). Indeed, the government has a continuing obligation to disclose Rule 16 discovery upon becoming aware of it. See United States v. Thomas, 239 F.3d 163, 166 (2d Cir. 2001). In their Reply, defendants complain that the government has not confirmed whether it has produced all data, devices, and objects as required by Rule 16(a)(1)(E). (Reply at 3).

At the hearing, the government represented that it is not withholding any personal data or devices under Rule 16, and that it has produced all corporate devices in the government's possession to date. Accordingly, defendants' motion is denied as moot at this time to the extent it requests production of these devices.

## CONCLUSION

For the reasons stated above, the defendants' motion is granted as to a deadline to produce outstanding discovery, and denied as unripe as to the request to clarify the Rule 16 obligations and require production of all devices and data. No later than May 11, 2021, the government is ordered to produce all Rule 16 statements made to law enforcement or a grand jury pertaining to the charges of misappropriation of intellectual property. The government is to provide a status report by April 1, 2021 as to the status of this production. The defendants may

renew their motion as to the remaining relief at such time as there is a live dispute as to the extent of the government's Rule 16 obligations or its production of data and devices.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 2, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York