

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| AAS:JN/DKK/SME/MAA<br>F. #2017R05903 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

October 22, 2021

By ECF

The Honorable Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Huawei Technologies Co., Ltd., et al.
      Criminal Docket No. 18-457 (S-3) (AMD)

Dear Chief Judge Pollak:

  In its October 8, 2021 Order, the Court asked the parties to be prepared at the hearing on October 22, 2021, to "discuss the proposed redactions to the September 9 hearing transcript" (the "Hearing Transcript"). ECF 10/8/2021 Order. The government respectfully submits this letter in response to Huawei's letter of October 20, 2021 ("Letter").

  Rather than identifying specific concerns as to the proposed redactions to the Hearing Transcript, the defendants ask this Court effectively to amend the Protective Oder, see ECF No. 57, to permit Huawei to publicly disclose, without limitation, the contents of any material produced by the government that has been designated as "Discovery Material" ("DM") pursuant to the Protective Order. That Protective Order was instituted in light of particular concerns about potential misuse of information produced in discovery in this case.

  The government does not understand the request in the Letter to be before this Court at all, let alone to be the subject of the status conference. If Huawei is seeking to revise the Protective Order entered by the Honorable Ann M. Donnelly, or to change fundamentally the way the Protective Order has been implemented to date, then Huawei should seek leave of Judge Donnelly to do so.

  Moreover, the Letter inaccurately suggests that all material produced as DM in this matter should be treated the same for purposes of redactions. That is not the government's position. The DM records include a wide variety of materials that implicate, to varying degrees, the concerns that the government has previously articulated with respect to public disclosure. For example, some DM records are public source news articles (attached to emails or otherwise provided by the government), while others are internal communications between victim financial institutions and Huawei employees in which numerous individuals are identified by name (and in

some circumstances, geographic location).[1]  The Letter also unpersuasively cites the government's efforts at reaching compromise resolutions to disputed redactions as evidence that the government lacks a "consistent" position about redactions.  E.g., Letter at 3-4 n.4.

In sum, this Court should reject Huawei's attempt to rewrite the Protective Order in an effort to have all DM treated as equivalent and to allow the wholesale public dissemination of such material.

                      Respectfully submitted,

                      NICOLE BOECKMANN
                      Acting United States Attorney
                      Acting Under Authority Conferred by 28
                      U.S.C. § 515

By:      /s/ David K. Kessler
        Alexander A. Solomon
        Julia Nestor
        David K. Kessler
        Sarah N. Evans
        Meredith A. Arfa
        Assistant U.S. Attorneys

| DEBORAH L. CONNOR | JAY I. BRATT |
|---|---|
| Chief | Chief |
| Money Laundering and Asset Recovery Section | Counterintelligence and Export Control Section |
| Criminal Division, U.S. Department of Justice | National Security Division, U.S. DOJ |
| | |
| Laura M. Billings | Thea D. R. Kendler |
| Christian J. Nauvel | David Lim |
| Trial Attorneys | R. Elizabeth Abraham |
| | Trial Attorneys |

cc:    Clerk of Court (by Email and ECF)
        Defense counsel (by Email)

---

[1] Similarly, the government's submissions in Canada in connection with the extradition proceedings of Huawei's CFO Meng Wanzhou do not reveal the names of individuals, and provide only limited quotations from discovery in this case.  Indeed, even the public statement of facts by Meng, in which Meng admitted to making material misrepresentations to victim financial institutions, does not identify individuals other than Meng by name and contains limited quotations that come almost entirely from Huawei's public statements or from the indictment in this case.