**SIDLEY**                                                **JENNER&BLOCK** LLP

June 9, 2023

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Huawei Technologies Co. Ltd.*, No. 1:18-cr-00457 (S-3) (AMD) (CLP)

Dear Judge Donnelly:

      At the May 25, 2023 status conference, Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, "Huawei") indicated that they would submit a letter advising the Court of the pre-trial motions Huawei anticipates filing in this action. At this time, unless the underlying issues can be resolved by the parties, Huawei expects in the near term to file several discovery and protective order motions. In addition, Huawei intends subsequently to file four substantive motions—a motion to sever and three motions to dismiss. Huawei will meet and confer with the government regarding an appropriate briefing schedule for these motions and will report back to the Court with a proposal. The specifics of the motions are discussed below.

      **Upcoming Discovery Motions:** While the Court did not specifically request Huawei's expectations for discovery motions, Huawei notes that it may be required to move on several such issues. Specifically, the parties have been meeting and conferring over a variety of issues relating to discovery, including applications of the protective order, technology licenses from the Department of Commerce, *Brady*, and Rule 16.[1] While Huawei remains hopeful that the parties can resolve or narrow many of these issues, it may be necessary to present some of them to the Court. Huawei will continue to work expeditiously either to resolve these issues with the government or to ripen them for the Court's resolution. Huawei will include any anticipated discovery motions on the briefing schedule letter it submits to the Court after conferring with the government.

      **Motion to Sever:** Huawei intends to move to sever the bank fraud/sanctions charges from the trade secret charges on the grounds that the charges do not involve a common set of law or facts and that the government's improper joinder of these charges would prejudice Huawei.

---

[1] These issues include: (1) the government's request to preview Huawei's public filings even when they do not cite Sensitive Discovery Material; (2) Huawei's ability to access, discuss, and receive legal counsel regarding Sensitive Discovery Material; (3) the government's designation of a *Brady* disclosure as Attorneys' Eyes Only; (4) Huawei's ability to use discovery previously produced in civil matters; (5) a *Brady* motion pertaining at least to the bank fraud/sanctions charges; and (6) the Department of Commerce's refusal to grant Huawei a license to review discovery containing technology. Huawei is still waiting for the government to complete its productions with respect to the trade secret charges and will evaluate the need to file any related discovery motions at that point.

**Motions to Dismiss:** Huawei also intends to file three motions to dismiss. The first motion will be an omnibus motion in which Huawei will move to dismiss: various aspects of the trade secrets charges (Counts 2–3) on the grounds that the trade secret statute is unconstitutionally vague as applied and that the government improperly delayed many years (even decades) in bringing the charges; the wire and bank fraud charges (Counts 4–9) because they are predicated on the right-to-control theory of fraud that the U.S. Supreme Court recently repudiated in *Ciminelli v. United States*, 143 S. Ct. 1121 (2023); the conspiracy to defraud the United States charge (Count 10) on the grounds that the *Klein* conspiracy doctrine is invalid as alleged here; the sanctions charges (Counts 11–14) on the grounds that the transactions on which those charges are based did not benefit or touch Iran and could not violate IEEPA; and all counts alleging violations based on purely extraterritorial conduct (Counts 4, 6, 7, and 9, and part of Count 1) as impermissibly extraterritorial applications of domestic statutes. In the second motion, Huawei will move to dismiss the RICO charge (Count 1) on the grounds that the indictment fails to charge a valid RICO conspiracy or pattern. In the third motion, Huawei will move to dismiss the entire indictment, or in the alternative to be granted discovery, on the ground that the government selectively targeted Huawei for prosecution based on an illicit animus towards Huawei specifically and Chinese companies more broadly.

Counsel for Huawei will meet and confer with the government regarding a briefing schedule for these motions and will then file a letter with the Court reporting either a jointly proposed schedule or, if there is not agreement, the parties' respective positions.

Respectfully submitted,

/s/ Thomas C. Green
Thomas C. Green
Mark D. Hopson
Michael A. Levy
Douglas A. Axel
Ellyce R. Cooper
Melissa Colón-Bosolet
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Tel.: 202-736-8069
Email: tcgreen@sidley.com

/s/ David Bitkower
David Bitkower
Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
Tel: 202-639-6048
Email: dbitkower@jenner.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

CC: Clerk of the Court (AMD) (by ECF)