**SIDLEY**         **JENNER&BLOCK** LLP         **Steptoe**

February 18, 2025

**ORAL ARGUMENT REQUESTED**

**Via ECF**                                                                                      **REDACTED**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Huawei Technologies Co. Ltd.*, No. 1:18-cr-00457 (S-3) (AMD) (CLP)

Dear Judge Donnelly:

We write on behalf of Defendants Huawei Technologies Co. Ltd, Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, "Huawei") to seek relief from the government's belated efforts to expand dramatically the RICO conspiracy charge (Count One) well beyond what the grand jury actually charged.

In a long-delayed bill of particulars response, the government—apparently seeking to make a long and unmanageable trial even longer and more unmanageable—recently asserted that the RICO charge encompasses not just the many disparate predicate offenses alleged in the Third Superseding Indictment ("S3 Indictment"), but also six *additional* predicate offenses nowhere referenced in the S3 Indictment and about which virtually no discovery has been produced. *See* Ex. A (Letter from Government Counsel to Defense Counsel dated Dec. 31, 2024) ("BOP Response"). The government has since abandoned two of those six predicates, while reaffirming its intent to proceed on the remaining four—but at the same time, purporting to broaden those four new predicates even further. *See* Ex. B (relevant excerpts of email from Government Counsel to Defense Counsel dated Feb. 7, 2025) ("Suppl. BOP Response").

The four newly asserted predicates appear to share one thing in common: they contain inflammatory allegations that would undoubtedly prejudice Huawei in the eyes of the jury and add to the already substantial risk of a mistrial. The new allegations include, among other things,

[REDACTED]

United States v. Huawei Technologies Co. Ltd.,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 2

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. B.[1]

  As with the charges in the S3 Indictment, many of these new allegations are based on events that purportedly occurred many years ago, and which the government has likely known about for many years. Even the most recent of the newly alleged conduct supposedly happened four years ago. Yet it appears that the government deliberately sat on the information while it litigated this case. The inflammatory nature of the charges, the absence of meaningful discovery to substantiate them, and the tardiness of the government's efforts to shoehorn them into this case through the backdoor of a BOP response raise obvious and fundamental questions about the timing of, and motivation for, the government's disclosures. What is beyond dispute, however, is that these inexplicably belated accusations and the substantial yet-to-be-provided discovery they require come too late to allow them to be added to the case without irreparably harming Huawei.

  Even if it were practical to include these predicates in the case (and it is not), Second Circuit precedent prohibits their inclusion because the grand jury never authorized them. Three of the four new predicates concern supposed extortion or bribery; the S3 Indictment contains no reference of any kind to extortion or bribery. All of them either concern conduct that *post-dates* the S3 Indictment or involve facts entirely different from those that the grand jury considered, or both. As the Second Circuit has explained, the government may not constructively amend the charges by broadening them beyond what the grand jury indicted. *United States v. Zingaro*, 858 F.2d 94 (2d Cir. 1988). These new broadened predicates are thus "per se" unlawful. *Id.* at 98.

  For all of these reasons, and as described further below, Huawei respectfully asks the Court to preclude the government from offering evidence or argument related to the four uncharged RICO predicates identified in its BOP Response and Supplemental BOP Response.

### I. Background

  The government obtained its first indictment in this case in August 2018 (Dkt. 25), followed by a first superseding indictment in December 2018 (Dkt. 24), and a second superseding indictment in January 2019 (Dkt. 19). Those indictments charged Huawei with violating economic sanctions against Iran and with committing wire and financial institution fraud, obstruction of justice, money laundering, and a *Klein* conspiracy offense in connection with those alleged sanctions violations.

---

[1] The government has designated its BOP Response as Discovery Material ("DM") pursuant to the Protective Order. *See* Dkt. 57; Ex. A. at 1. Defendants are filing this response and associated correspondence (Exs. B–D) under seal, and redacting from the public version of this motion, because this motion extensively quotes from the DM document, identifies and includes extensive details about the alleged victims, and contains information that could potentially prejudice the jury pool.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 3

On February 13, 2020, the government returned the current Indictment, which added charges of alleged trade secret theft involving six alleged U.S. technology company victims dating back two decades, S3 Indict. ¶¶ 8–58, and purported to tie those new charges to the preexisting sanctions-related charges through a novel, overarching RICO conspiracy charge ostensibly covering both halves of the case, *id*. ¶¶ 88–93.  The RICO conspiracy charge alleges no new facts, but simply incorporates by reference all of the other factual allegations in the S3 Indictment.  *See id*. ¶¶ 88, 93.  And the charged "pattern" of RICO activity is, in turn, alleged to have "consisted of" violations of essentially the same statutes charged throughout the other counts of the S3 Indictment.  *See id*. ¶ 93 ("The pattern of racketeering activity … consisted of multiple acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud), 1344 (relating to financial institution fraud), 1503 (relating to obstruction of justice), 1512 (relating to tampering with a witness, victim or an informant), 1832 (relating to theft of trade secrets), 1956 (relating to the laundering of monetary instruments), and 2319 (relating to criminal infringement of a copyright).").[2]  Based solely on the charges in the S3 Indictment, the government estimated that it will take four to six months to put on its case-in-chief alone.  Transcript of Status Conference (Apr. 4, 2024) 6:25–7:9, Dkt. 419.

Given the breadth of the charges the government has pursued, and the lack of clarity around various important details, Huawei has consistently pressed the government to provide discovery and a bill of particulars.  Shortly after the S2 Indictment was unsealed, in March 2019, Huawei made its initial request for Rule 16 discovery and a bill of particulars, noting that its requests were ongoing and applied equally to any future charges.  Huawei renewed that request on February 10, 2020, shortly before the S3 Indictment was unsealed.  And it subsequently updated those requests to reflect the new charges, seeking (among other things) all information available to the government regarding the alleged pattern of racketeering activity.

Over the years, the government has repeatedly represented both that its discovery was "substantially complete" and that Huawei's questions about the particulars of the charges were supposedly answered by that discovery—*see, e.g.*, Transcript of Status Conference (Feb. 18, 2021) 6:6–7; Transcript of Status Conference (Nov. 13, 2024) 4:10–14—only to continue thereafter to produce substantial volumes of additional documents.  At the April 4, 2024 status conference, the Court set a pretrial schedule predicated in significant part on the government's representation that it would complete its production of discovery on or before October 1, 2024.[3]  *See* Apr. 4, 2024 Tr. 8:18–23.

On October 7, 2024, shortly after the government's discovery cut-off, and having still not received basic disclosures or discovery from the government regarding important specifics of the

---

[2] The only exceptions are that the "pattern" of racketeering activity is alleged to have also consisted of violations of 18 U.S.C. §§ 1503 (obstruction) and 2319 (criminal copyright infringement), which are statutes referenced only in the RICO count and are not the basis for any standalone charge in the Indictment.

[3] The government's commitment excluded discovery that later came into its possession and any discovery subject to a Rule 16(d)(1) order.  *See* Apr. 4, 2024 Tr. 8:18–23.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 4

RICO and trade secret theft charges (Counts 1 through 3) in the S3 Indictment, Huawei sent the government another request seeking basic information missing from those counts and not discernable from the discovery that had already been produced. Among other things, the October 7, 2024 letter asked the government to confirm that the charged pattern of racketeering activity was limited to the specific offenses charged as separate offenses in the S3 Indictment. *See* Ex. C, at 5–6 (Letter from Defense Counsel to Government Counsel dated Oct. 7, 2024).[4]

The government responded to this request nearly three months later, on New Year's Eve. In that response, the government asserted for the first time that the RICO conspiracy count charged in the S3 Indictment includes six *additional* predicate offenses that are nowhere referenced in the S3 Indictment and about which virtually no discovery has been produced—and left open the possibility of there being still other, yet unnamed predicates.[5]

The government's revelation that it intended to introduce these additional six predicates in support of Count One of the S3 Indictment raised several concerns—including that the disclosure was so threadbare it was impossible to tell what was even being alleged—which defense counsel promptly communicated to the government on January 9, 2025. *See* Ex. D (Letter from Defense Counsel to Government Counsel dated Jan. 9. 2025). Based on these concerns, Huawei formally requested that the government withdraw the portion of its BOP Response identifying new RICO predicates, offered to meet and confer, and asked the government to respond by January 17, 2025.

On February 7, 2025, the government provided an additional update by email on the predicates identified in the BOP Response. Ex. B, Suppl. BOP Response. In that email, the government confirmed that it "no longer intend[ed] to introduce evidence concerning" two of the extortion predicates. For the remaining four predicates, the government provided additional particulars describing the alleged offenses. The government also identified still more new and different criminal statutes that were allegedly violated (*i.e.*, further RICO predicate offenses) beyond even the ones it had proposed to add to the case in its BOP Response.

Specifically, the government now has disclosed that the newly disclosed predicates consist of the following alleged conduct and supposedly violate the following statutes:

---

[4] Huawei also sought other important particulars regarding the RICO, trade secret, and wire fraud conspiracy charges added as Counts 1–3 of the S3 Indictment. The parties are meeting and conferring regarding the government's response to those other requests, and Huawei expects to file a motion for a bill of particulars as to any unresolved items on or before May 30, 2024.

[5] In its BOP Response, the Government also purported to "reserve … the right to introduce evidence regarding *additional* uncharged predicate acts" beyond even the six it was belatedly disclosing. Ex. A, at 2 (emphasis added). There is no need for the Court to address something the government has not yet done, but if the government later discloses further alleged predicate acts, that would be even more untimely and improper.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 5



---

[6] The Supplemental BOP Response indicates that this alleged scheme lasted ▓▓▓▓ than what the government said when it made a disclosure about it in the BOP Response provided to Huawei a month earlier. That original disclosure indicated that the conduct underlying this new predicate occurred ▓▓▓▓▓▓▓▓

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 6

| Alleged Victim | Description | Asserted Statutory Basis |
|---|---|---|
| | | |
| ▉ | ▉ | ▉ |
| ▉ | ▉ | ▉ |

*See* Ex. A, at 1–2; Ex. B, at 1–2.

 For the reasons described below, the Court should reject the government's belated and improper attempt to dramatically expand this case.

## II. Argument

 The government has charged Huawei with a broad RICO conspiracy spanning more than twenty years, consisting of disparate alleged predicates acts connected by nothing more than a supposed design to "grow the global 'Huawei' brand." S3 Indict. ¶ 90. The charge is so amorphous and all-encompassing that, under the government's view, it can throw into a trial on the current S3 Indictment any alleged wrongdoing by any one of the hundreds of thousands of Huawei employees committed over the past twenty-plus years, so long as the wrongdoing can be described as a RICO predicate.

 Adding the new predicates will improperly expand the S3 Indictment that the grand jury returned, and it will inevitably expand the trial beyond even the four-to-six months that the government previously estimated its case-in-chief would require. These new predicates will exacerbate the problems with managing such a lengthy trial that already covers so many disparate events over such an extensive period. Their inclusion will make the jurors' task of resolving the charges even more unworkable, and it will substantially prejudice Huawei's ability to obtain a fair trial. Moreover, the yet-to-be-produced discovery on the new purported predicates comes far too late to enable Huawei to prepare a defense. The government has not

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 7

even finished producing discovery on the charges it indicted five years ago, which has already necessitated delays to the agreed-upon schedule, *see* Dkt. 494, and likely will require further modifications to the schedule. Adding the new predicates, and the attendant anticipated litigation over classified discovery and other pretrial matters associated with these predicates, will make it impossible for the parties to proceed on any reasonable schedule. For all of these reasons, the Court should preclude the government from introducing any evidence of the newly identified predicates.

      **A.**    **Evidence of the Four Newly Disclosed RICO Predicates, If Admitted, Would Constructively Amend the S3 Indictment in Violation of Huawei's Fifth Amendment Right.**

The Grand Jury Clause of the Fifth Amendment guarantees a defendant "a substantive right to be tried only on the charges contained in the indictment returned by the grand jury." *United States v. Weiss*, 752 F.2d 777, 787 (2d Cir. 1985). "[A]fter an indictment has been returned its charge may not be broadened through amendment except by the grand jury itself." *United States v. Miller*, 471 U.S. 130, 143 (1985). The only way an indictment can be expanded is through a superseding indictment issued by a grand jury; a bill of particulars may not expand an indictment beyond what the grand jury actually charged. *See, e.g.*, *Russell v. United States*, 369 U.S. 749, 770 (1962) ("[A] bill of particulars cannot save an invalid indictment."). This impermissible broadening—*i.e.*, a "constructive amendment"—may be evident when the government "provide[s] an additional basis" outside the indictment to convict the defendant, *United States v. Dove*, 884 F.3d 138, 146 (2d Cir. 2018) (citing *Stirone v. United States*, 361 U.S. 212 (1960)), or "a jury convicts [the defendant] 'based on a complex set of facts distinctly different from that which the grand jury set forth in the indictment.'" *United States v. Agrawal*, 726 F.3d 235, 260 (2d Cir. 2013) (quoting *United States v. D'Amelio*, 683 F.3d 412, 419 (2d Cir. 2012); *see United States v. Chaker*, 820 F.3d 204, 210 (5th Cir. 2016) ("[A] constructive amendment occurs when the court permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged or upon a materially different theory or set of facts than that [with] which the defendant was charged." (cleaned up)).

In the RICO context, the Second Circuit has held that relying on a predicate not charged by the grand jury "is *per se* violative" of the Fifth Amendment. *Zingaro*, 858 F.2d at 98, 102–03 (2d Cir. 1988). In *Zingaro*, for example, the government charged the defendant with entering into a RICO conspiracy premised on "the commission of multiple acts of extortionate extension and collection of credit and the operation of illegal gambling businesses." *Id.* at 95. Although the indictment described loans relating only to gambling activities, the government attempted to rely on non-gambling loans at trial as proof of the agreed-upon pattern of racketeering activity. *Id.* After the jury convicted, the Second Circuit reversed, concluding that the indictment was constructively amended because the non-gambling loan "fell entirely outside the criminal 'scheme' alleged," and thus may have broadened the basis for conviction. *Id.* at 103. The Seventh Circuit reached a similar conclusion in *United States v. Neapolitan*: "[C]rimes allegedly committed by or agreed to by [the defendant] that do not appear in the indictment cannot serve as predicate acts for purposes of RICO." 791 F.2d 489, 501 (7th Cir. 1986), *abrogated on other grounds as recognized by United States v. Rogers*, 89 F.3d 1326, 1336–37 (7th Cir. 1996).

United States v. Huawei Technologies Co. Ltd.,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 8

There, the court considered a challenge to the government's use of evidence related to bribery predicates outside the scope of the indictment. *Id.* Although the court ultimately concluded that the admission of the non-indicted predicates was harmless, it agreed that predicates "outside the scope of the specific RICO conspiracy charge[s] ... [are] irrelevant to establishing that [the defendant] agreed to the commission of a pattern of racketeering activity *as defined by the present indictment.*" *Id.*

The government's BOP Response constructively amends Count One of the S3 Indictment. As charged by the grand jury, Count One alleges that Huawei conspired to violate 18 U.S.C. § 1962(a), which prohibits the use or investment of income obtained from a pattern of racketeering activity. S3 Indict. ¶¶ 92–93. This requires that the government plead and prove that Huawei agreed to use or invest income from "multiple violations of a specific statutory provision that qualifies as RICO racketeering activities." *United States v. Applins*, 637 F.3d 59, 81 (2d Cir. 2011); *see United States v. Raniere*, 384 F. Supp. 3d 282, 300 (E.D.N.Y. 2019) (RICO conspiracy count must "list specific types of predicate crimes allegedly committed"). And the S3 Indictment is clear about which unlawful acts supposedly are part of the charged pattern. *See* S3 Indict. ¶ 93 ("The pattern of racketeering activity ... *consisted of* multiple acts indictable under" seven specifically identified provisions of the U.S. Code) (emphasis added). Each of the newly unveiled predicates violates the Fifth Amendment and the law of the Circuit—some of them in multiple ways.

████████   The government contends that its new allegations relating to ████████ amount to the predicate act of extortion, in violation of both the Hobbs Act, 18 U.S.C. § 1951, and state law analogues,[7] even though the S3 Indictment does not allege extortion to have been part of the pattern of racketeering activity. *See* S3 Indict. ¶ 93 (describing the seven kinds of "indictable" acts that make up the charged "pattern of racketeering activity," none of which is extortion). That alone is fatal to the government's attempt to rely on these acts at trial. *Zingaro*, 858 F.2d at 103 (reversing RICO conspiracy conviction where government relied on loansharking predicate not alleged in the indictment); *see Neapolitan*, 791 F.2d at 501. Even if it were not, the government cannot plausibly argue that the S3 Indictment contains any description of the conduct underlying this alleged predicate. Specifically, the new allegations concerning ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
*See* Ex. B, at 2.

---

[7] The government's initial BOP Response cited only 18 U.S.C. § 1961—RICO's definitional subsection—as the basis for the extortion predicate. By citing this, the government appeared to rely on the provision of RICO defining "racketeering activity" to include "any act or threat involving ... extortion ... chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A). The government's subsequent disclosures identify both "Hobbs Act extortion," and "state law analogues." The result is the same regardless of the path the government takes: the S3 Indictment identifies neither.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 9

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬: The two newly asserted obstruction predicates are also improper because both sets of allegations diverge from what the government previously alleged and risk the jury convicting Huawei "based on a complex set of facts distinctly different from that which the grand jury set forth in the indictment." *Agrawal*, 726 F.3d at 260.

Both predicates ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, and do not relate to the conduct charged in the S3 Indictment. And although the S3 Indictment does contain an allegation of obstruction, that charge—Count 16—is that Huawei conspired between January 2017 and January 2019 to obstruct the Grand Jury investigation that led to the charges in this case, S3 Indict. ¶¶ 127–28, which has nothing to do with what the government is now belatedly alleging. The two new obstruction predicates allegedly occurred ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. A, at 2; Ex. B, at 2. Additionally, each relates to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

The new predicates are also defective to the extent the government purports to rely on Section 201 bribery and state law analogues as a basis for including this alleged conduct as RICO predicates. As with extortion, neither violation is alleged to be part of the "pattern of racketeering activity" alleged in the S3 Indictment. *See* S3 Indict. ¶ 93. Again, this is fatal. *See Zingaro*, 858 F.2d at 103.

Just as with the ▬▬▬▬▬ extortion predicate, the obstruction predicates cannot be presented at trial without constructively amending the existing indictment, in violation of the Fifth Amendment. *See Neapolitan*, 791 F.2d at 501 ("It is the prosecution which sets the parameters to which a RICO conspiracy trial must be confined; having set the stage, the government must be satisfied with the limits of its own creation.").

▬▬▬▬▬▬▬▬: The alleged wire fraud predicate involving ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is also not found in the S3 Indictment. The facts alleged in the S3 Indictment regarding the trade secret theft charges relate to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ S3 Indict ¶¶ 8–63. Thus ▬▬▬▬▬▬▬ "complex set of facts" associated ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬, *cf. Agrawal*, 726 F.3d at 260, is "distinctly different from that which the grand jury set forth in the indictment." *Id.*

Evidence of the newly identified RICO predicates, if admitted, would constructively amend the S3 Indictment, in violation of the Fifth Amendment. To avoid a "*per se*" Fifth Amendment violation, *cf. Zingaro*, 858 F.2d at 98, 102–03, the Court should preclude the admission of such evidence.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 10

> **B.      The Court Should Also Preclude Evidence of the Newly Identified Predicates Because Their Late Disclosure Prejudices Huawei's Ability to Prepare a Defense.**

Even if the newly revealed predicates were part of the S3 Indictment (and they are not), the government's disclosure of them almost five years after bringing the RICO charge, and within a year before trial, leaves Huawei no reasonable time to effectively prepare its defense, for several reasons.

*First*, each of these predicates will require the government to produce significant additional discovery, and the government has not provided any indication as to when that will be completed. Each of the predicates spans many years and involves complex sets of alleged events, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. To date, Huawei has identified roughly 50 documents produced by the government for all of these predicates combined. The defense cannot know the precise volume of discovery involved, but it has taken the government nearly five years (and counting) to produce tens of millions of pages of documents concerning the six *charged* trade secret predicates. Even if the four new uncharged predicates generate a fraction of that discovery, there is insufficient time for the government to complete its production obligations and for Huawei to prepare its defense in advance of trial.

The newly identified predicates appear to be as complex as those previously charged. For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Discovery for this predicate thus potentially ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And it may require discovery ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The obstruction predicates seem equally complex ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that will take many months or more to produce and review. The second obstruction predicate similarly ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This discovery too will relate ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*United States v. Huawei Technologies Co. Ltd.,*
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 11

The final new predicate will also require extensive discovery. For ███████████████████████████████████████████████████████████████. It has already taken the government more than five years to complete discovery for the trade secrets offenses *actually alleged* in the S3 Indictment. Complicating matters more, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Huawei will need to extensively investigate all of these matters to adequately prepare its defense.

*Second*, once discovery has been produced and Huawei is adequately informed of the nature of these predicates, the Defendants will need an opportunity pre-trial to raise legal issues challenging the sufficiency or admissibility of the new predicates. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ raising complex and thorny legal issues that Huawei should be permitted to address before trial. So too the obstruction predicates will present complex questions likely requiring substantial pretrial motions practice, including whether these predicates are appropriately included in the pattern of racketeering activity alleged in the S3 Indictment because Huawei could not plausibly have used or invested income from either predicate.

*Third*, in order to defend itself, Huawei will likely need to conduct extensive investigation in China for the new predicates, each of which is alleged to have occurred over multiple years. Again, the history of this case demonstrates this to be a time-consuming process. And once the Defendants identify documentary or testimonial evidence they wish to introduce in support of their defense, the process to obtain the requisite approvals to enable the admission of such evidence in court requires significant time. *See* Dkt. 441 at 2 (government acknowledging that approvals from the Chinese government to use foreign evidence in court "take significant time").

*Fourth*, the government has offered no justification for its untimely disclosure, despite the fact that it appears to have known about the conduct underlying the new predicates for several years. Prior to December 31, 2024, the government offered almost no suggestion that these alleged predicates were part of its case. It was not until November and December 2024 that the government started quietly sprinkling into its discovery productions a handful of documents relating to some of the later-disclosed new extortion and wire fraud predicate acts. Specifically, the government produced a mere 50 documents,[8] buried within 50,000 other documents belatedly produced at the same time, with no explanation that they related to any new predicate offenses. And Huawei has identified no discovery to date on the two obstruction

---

[8] For example, the government produced 42 documents relating to ███████████ on December 23, 2024.

United States v. Huawei Technologies Co. Ltd.,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 18, 2025
Page 12

predicates. Given that the allegations occurred ███████████████████████████████
███████████████████████████████████, it is unlikely that the government only recently learned about them or came into possession of the new discovery material. In fact, ███
███████████████████████████████ Absent a compelling justification for this late disclosure, which the government has not shared to date, the Court should exclude these new predicate acts as a sanction for the government's unjustified delay.

For all of these reasons, the government's late disclosures of these new RICO predicates do not afford Huawei adequate time to prepare a defense.

### III. Conclusion

For the aforementioned reasons, Huawei respectfully asks the Court to preclude the government from offering evidence or argument related to the uncharged RICO predicates identified in its BOP Response.

Respectfully submitted,

/s/ Douglas A. Axel

| David Bitkower | Douglas A. Axel | Brian M. Heberlig |
| Matthew S. Hellman | Michael A. Levy | Ryan P. Poscablo |
| JENNER & BLOCK LLP | Jennifer Saulino | Jessica I. Rothschild |
| 1099 New York Avenue, NW | Daniel Rubinstein | STEPTOE LLP |
| Washington, D.C. 20001 | Ellyce R. Cooper | 1114 Avenue of the Americas |
| (202) 639-6048 | Frank R. Volpe | New York, NY 10036 |
| dbitkower@jenner.com | Melissa Colón-Bosolet | (212) 506-3900 |
| | Daniel J. Hay | rposcablo@steptoe.com |
| | SIDLEY AUSTIN LLP | |
| | 787 7th Avenue | |
| | New York, NY 10019 | |
| | (212) 839-5300 | |
| | daxel@sidley.com | |

Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.