**SIDLEY**          **JENNER&BLOCK**LLP          **Steptoe**

October 27, 2025

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Huawei Technologies Co. Ltd.*, No. 1:18-cr-00457

Dear Judge Donnelly:

      We write to renew the Huawei Defendants' motion for a bill of particulars seeking the identities of the individuals whose state of mind is expected to be at issue in Counts One through Three of the Third Superseding Indictment ("S3 Indictment")—information that is essential to Huawei's preparation of a defense and to an orderly trial. *See* ECF No. 533-1, at 7–9. Huawei previously withdrew this request based on the government's statement that it would provide the information. ECF No. 545; *see* ECF No. 551. Because the government has not done so, Huawei respectfully renews this portion of its motion.

      Counts One through Three allege that the corporate defendants conspired over two decades to invest the proceeds of a racketeering enterprise, steal trade secrets, and commit wire fraud. For each count, the government must prove, among other things, that one or more employees of each of the corporate defendants knowingly and intentionally joined the charged conspiracy, intending to help accomplish it, while acting within the scope of their employment and intending to benefit their corporate employer(s). *See* Opp'n to Mot. to Dismiss at 11, ECF No. 496 ("[T]he government expects that it will elicit evidence establishing the corporate entities' liability [on Count One] under a *respondeat superior* theory based on the employees of the three entities conspiring to violate RICO."). These employees' state of mind will be the central issue at trial for Counts One through Three, yet the government has never specified the individuals for whom it seeks to hold Huawei responsible. As a result, the Huawei Defendants do not know whose state of mind will actually be at issue at trial.

      Earlier this year, Huawei moved to require the government to identify the "Huawei employees, officers, or agents who allegedly entered into the conspiracies charged in Counts 1-3 and thereby bind each of the corporate defendants." ECF No. 533-1, at 7. As explained in the motion, courts have repeatedly required the government to provide this information as part of a bill of particulars. *See, e.g.*, *United States v. King*, No. 94-cr-455, 1997 WL 423079, at *1 (S.D.N.Y. July 29, 1997) ("[A]n appropriate function of a bill of particulars to identify the officers, employees or agents by reason of whose conduct the government claims and intends to prove that the corporation is criminally responsible."); *United States v. Hsia*, 24 F. Supp. 2d 14, 31 (D.D.C. 1998) (similar). The government did not oppose Huawei's motion, agreeing instead "to provide the information that the defendants request[ed]." ECF No. 545.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
October 27, 2025
Page 2

  Rather than providing the requested information, however, the government provided a seven-page, two-column list of nearly 350 names.  The list does not provide any detail of who these individuals are or why the government is listing them, and many of the individuals have at best only a tangential connection to the case.  The government appears to have included anyone whose *conduct may have related* to the events charged in one of the conspiracies, without regard to whether the government will assert at trial that the individual *knowingly and intentionally entered into* one of the charged conspiracies.  The government's vastly over-inclusive list does not accomplish the goal of Huawei's motion, which was to enable it to perform a sufficient pretrial investigation, adequately "prepare for trial," and "avoid prejudicial surprise at trial." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 n.15 (S.D.N.Y. 2000) (cleaned up), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir. 2008).

  The Court has recognized that Huawei's request is reasonable.  *See* 9/30/2025 Tr. at 26:13–14 ("I don't think it's an unreasonable request."); *see also* ECF No. 477; 11/13/2024 Tr. at 9–10 (encouraging the government to provide the requested information), as the alternative would entail preparation involving hundreds of potential avenues of liability (with respect to just three of the sixteen counts in the Indictment).  The Huawei Defendants thus renew their motion seeking the identities of the individuals whose knowledge and intent will actually be at issue at trial, *i.e.*, the individuals whom the government will seek to prove knowingly and intentionally entered into Counts One through Three on behalf of their corporate employers.  Granting the motion and ordering the requested information to be produced forthwith will serve judicial economy and facilitate an orderly trial.

               Respectfully submitted,

               */s/ Douglas A. Axel*

| | | |
|---|---|---|
| David Bitkower | Douglas A. Axel | Brian M. Heberlig |
| Matthew S. Hellman | Michael A. Levy | Ryan P. Poscablo |
| JENNER & BLOCK LLP | Ellyce R. Cooper | William L. Drake |
| 1099 New York Avenue, NW | Frank R. Volpe | Jessica I. Rothschild |
| Washington, D.C. 20001 | Melissa Colón-Bosolet | STEPTOE LLP |
| (202) 639-6048 | Daniel J. Hay | 1114 Avenue of the Americas |
| dbitkower@jenner.com | SIDLEY AUSTIN LLP | New York, NY 10036 |
| | 787 7th Avenue | (212) 506-3900 |
| | New York, NY 10019 | rposcablo@steptoe.com |
| | (212) 839-5300 | |
| | daxel@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*