UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      - v. -

█████████

18 CR 457 (S-3) (AMD)

HUAWEI TECHNOLOGIES CO.
LTD., *et al.*,

              Defendants.

_____

## **<u>PROTECTIVE ORDER REGARDING ACCESS TO SOURCE CODE</u>**

Pursuant to agreement by the parties, IT IS HEREBY ORDERED by the Court that:

1.      Confidential Materials" as used herein shall mean all items relating to Huawei's code and technical documents produced by ████████████████ or its agents to the Government in response to the trial subpoena dated November 13, 2025, as well as all copies, notes, transcripts, documents, and other information and materials derived or prepared from such materials.

2.      All Confidential Materials shall be used by the Government solely for the purpose of this case and not be used for any other purpose.  Confidential Materials may be disclosed only to:

      (a)      The Government attorneys directly involved in this case and their supervisors, employees, or contractors (such as photocopy services) who are assisting them in this action, provided that each signs Attachment A to this Protective Order and provides the signed copy of Attachment A to the Government;

(b)     Experts who have been retained by the Government, provided that each Expert first signs Attachment A to this Protective Order and provides the signed copy of Attachment A to the Government;

(c)     As required, the presiding Court and persons associated with or employed by the Court, whose duties require access to the information.

3.      Nothing in this Protective Order shall prevent the Government from complying with its discovery obligations, including pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).  Prior to any disclosure of Confidential Materials to any third party or their counsel necessary to meet its discovery obligations, the Government shall first provide Huawei notice and an opportunity to be heard in order to ensure that the party receiving the Confidential Materials treats those materials consistent with this Protective Order.

4.      In the event the Government wishes to use the Confidential Materials or any information contained in such Confidential Materials in public filings made with the Court, the Government will either (a) file the Confidential Materials under seal and indicate to the Court their position with regard to whether the Confidential Materials should remain under seal, such that Defense Counsel may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Confidential Materials should remain sealed; or (b) confer with Defense Counsel as to whether the Confidential Materials should remain under seal, such that upon agreement of the parties, such restriction may be lifted and the material may be publicly filed without further order of the Court.  Before seeking to introduce any of the Confidential Materials at trial, the Government shall meet and confer with Huawei regarding reasonable measures to protect the confidentiality of the Confidential Materials.

2

5.    Within ninety (90) days of the conclusion of this case and any final appeal thereof, including any collateral challenge, all persons subject to the terms hereof shall destroy all code and technical documents (including all copies) produced by ███ or its agents to the Government, and the Government shall provide written confirmation of such destruction to Huawei within ten days of the completion of the destruction.

Dated:  December 16, 2025

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

MARGARET A. MOESER
Chief, Money Laundering,
Narcotics and Forfeiture
Section,
Criminal Division U.S.
Department of Justice

SCOTT M. LARA
Acting Chief,
Counterintelligence and
Export Control Section
National Security Division,
U.S. Department of Justice

Alexander A. Solomon
Meredith A. Arfa
Robert M. Pollack
Matthew Skurnik
Assistant U.S. Attorneys

Taylor G. Stout
Morgan Cohen
Jasmin Salehi Fashami
Trial Attorneys

Sean O'Dowd
Trial Attorney

3

David Bitkower
Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

Douglas A. Axel
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
Melissa Colón-Bosolet
Daniel J. Hay
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

Brian M. Heberlig
Julia Gatto
Ryan P. Poscablo
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

SO ORDERED:

s/Ann M.Donnelly
_____
The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York

**ATTACHMENT A**

I have reviewed the Protective Order Regarding Source Code in *United States v. Huawei Technologies Co.. Ltd., et al.*, 18 CR 457 (S-3) (AMD) and agree to comply with all of the terms and conditions therein.

| Full Legal Name | Title and Organization | Signature | Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |