UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

UNITED STATES OF AMERICA,

               v.

HUAWEI TECHNOLOGIES CO., LTD., *et al.*,

               Defendants.

-------------------------------------------------------------------x

**MEMORANDUM &
ORDER**

18-CR-457
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge**

Currently pending before the Court, on a referral from the Honorable Ann M. Donnelly, United States District Judge, is a letter-motion from Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, "Huawei" or "Defendants"), in which Huawei seeks to address the Government's "designation of certain critical trial disclosures and pre-trial filings as Attorneys Eyes Only ('AEO')." Dkt. Nos. 641, 642;[1] Referral Order, dated Feb. 27, 2026. Specifically, Huawei requests that the Court overrule the Government's AEO designation of (1) certain documents listed in Exhibit B to the Government's February 4, 2026 Jencks disclosure ("AEO Jencks Material"), and (2) the Government's February 13, 2026 motion *in limine* supplement ("MIL Supplement"). *See* Dkt. No. 642 at 1. The Government opposes Huawei's motion. *See* Dkt. Nos. 651, 652.[2]

---

[1] Huawei's motion at Dkt. No. 642 is a redacted version of Dkt. No. 641, which was filed under seal. Unless otherwise stated, references to Huawei's motion will be to Dkt. No. 642.

[2] The Government's opposition at Dkt. No. 652 is a redacted version of Dkt. No. 651, which was filed under seal. Unless otherwise stated, references to the Government's opposition will be to Dkt. No. 652.

Huawei filed a reply in further support of its motion. *See* Dkt. Nos. 656, 657.[3] The parties' relevant submissions were filed under seal.[4]

For the reasons set forth below, Huawei's motion is denied.[5]

## I.    <u>Background</u>

### A.    **Pertinent Factual and Procedural Background**

The Court presumes the parties' familiarity with the underlying facts alleged in this criminal matter. *See, e.g.*, Dkt. Nos. 478, 557; *United States v. Huawei Techs. Co.*, No. 18-CR-457 (AMD) (CLP), 2024 WL 4665264 (E.D.N.Y. Nov. 4, 2024).

On June 10, 2019, the Court so-ordered the Protective Order relating to discovery in this case. Dkt. No. 57. "The Protective Order provides for three levels of protection for discovery produced by the [G]overnment: Discovery Material ('DM'), [Sensitive Discovery Material ("SDM")], and AEO." *Huawei Techs.*, 2024 WL 4665264, at *1 (citing, *inter alia*, Dkt. No. 57 ¶¶ 1, 11, 16). "All discovery is designated DM, but if the [G]overnment has a good-faith belief that

---

[3] Huawei's reply at Dkt. No. 657 is a redacted version of Dkt. No. 656, which was filed under seal. Unless otherwise stated, references to Huawei's reply will be to Dkt. No. 657.

[4] Huawei requests that its February 26, 2026 letter motion and March 6, 2026 reply be sealed as they discuss the relevant AEO information. Dkt. No. 641 at 1; Dkt. No. 656 at 1. The Government also requests that its response to Huawei's motion be filed under seal, for substantially the same reasons that it argues the MIL Supplement should remain designated as AEO. Dkt. No. 651 at 1 n.1 ("public disclosure of the unredacted letter could result in efforts to obstruct the prosecution and jeopardize the safety of witnesses." (citing *United States v. Amodeo*, 71 F.3d 1044, 1050-52 (2d Cir. 1995))).

The Court grants the sealing requests of all the documents listed above. *See* Dkt. No. 478 at 14; Dkt. No. 557 at 29 (citing *Amodeo*, 71 F.3d at 1050-52). The parties also filed redacted versions of these documents which are and shall remain publicly accessible.

[5] Due to the Court's references to documents filed pursuant to the Court's Highly Sensitive Documents ("HSD") procedure, and out of an abundance of caution, the Court is issuing this Memorandum and Order under seal and pursuant to the Court's HSD procedure, with paper copies provided to the parties. The parties shall file a joint letter, under seal, with any proposed redactions to this Memorandum and Order by 5 p.m. on March 16, 2026. If the parties cannot agree to proposed redaction(s), they shall so state in the joint letter.

greater restrictions are required, it may designate materials with an SDM designation, which is designed to protect highly sensitive information," such as "the identities of witnesses and victims, proprietary information of a victim financial institution, national security or law enforcement information, and information that could impede an ongoing law enforcement operation or implicate the safety of others." *Id.* (citing, *inter alia*, Dkt. No. 57 ¶ 19). "There are certain restrictions placed on [Huawei's] review of SDM, including the ability to review it and discuss it only in the presence of counsel, and restrictions on possession of such information, including a prohibition from taking [or otherwise accessing] it outside the United States." *Id.* (citing, *inter alia*, Dkt. No. 57 ¶¶ 11-15). If the Government has a good-faith belief that designation as SDM provides insufficient protection to any documents, material, or information, it may designate such items as AEO. Dkt. No. 57 ¶ 20. An AEO designation "limits review to defense counsel and defense staff who are United States citizens," and AEO documents "must be maintained on a stand-alone computer or computers within the office of Defense Counsel, not connected to the internet, and may not be transported or transmitted from those stand-alone computers without order of this Court." Dkt. No. 478 at 3 (citing Dkt. Nos. 430, 431); Dkt. No. 57 ¶ 18. "The Protective Order requires the [G]overnment to establish good cause if a designation is challenged." *Huawei Techs.*, 2024 WL 4665264, at *1 (citing Dkt. No. 432 at 2); *see also* Dkt. No. 57 ¶¶ 19-20.

Per the Protective Order:

16.    All Discovery Material specifically identified by the [G]overnment as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraphs 17 and 18 below.

17.    Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively,[6] and only

---

[6] Pursuant to the Protective Order, "Defense Counsel" is defined as "lawyers for Sidley Austin LLP, Jenner & Block LLP, Clifford Chance LLP and Locke Lord LLP." Dkt. No. 57 ¶ 1 n.2. "Defense Staff" is defined

if such Defense Counsel and Defense Staff are citizens of the United States. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the [D]efendants.

18. Attorneys' Eyes Only Material must be maintained on a stand-alone computer or computers within the office of Defense Counsel, not connected to the internet, and may not be transported or transmitted from those stand-alone computers without order of this Court.

19. Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the [G]overnment that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; proprietary or sensitive information of a victim financial institution or of a witness; national security or law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the [G]overnment deems in need of heightened protection under this Protective Order. If the [g]overnment and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the [D]efendants may provide notice to the [G]overnment and a reasoned explanation regarding why the [D]efendants do not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the [G]overnment may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material. The [D]efendants shall treat the material as Sensitive Discovery Material pending any determination by the Court.

20. Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the [G]overnment that designation as Sensitive Discovery Material provides insufficient protection to such materials. If the [G]overnment and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the [G]overnment and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorney's [*sic*] Eyes Only Material. To the extent the parties do not agree, the [G]overnment may make an application to the Court and seek to establish good cause regarding why the material should be treated as Attorneys' Eyes Only Material. Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

21. Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on each page of the document or by otherwise indicating the appropriate designation on the material or information prior to production. While each page of a sensitive

---

as "non-lawyer staff employed by Defense Counsel, as well as expert witnesses and interpreters retained by Defense Counsel." *Id.* ¶ 2.

document and its attachments should be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Sensitive- Attorneys' Eyes Only material.

22. The [D]efendants and Defense Counsel will return to the [G]overnment the Discovery Materials, the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the possession of the [D]efendant. Defense Counsel, Defense Staff or any other signatory to Attachment A to this Protective Order, when [D]efendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendants' appellate rights, involving the charges in the above-captioned case.

23. Nothing in this Protective Order shall preclude the [G]overnment or the [D]efendants from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

Dkt. No. 57 ¶¶ 16-23.

On October 24, 2024, following motion practice, the Court denied Huawei's motion to downgrade the Government's February 7, 2022 disclosure letter from AEO to SDM. *See, e.g.,* Dkt. No. 478 (redacted version of the October 24, 2024 Order). The Court found that the Government made a "compelling showing that the AEO designation is necessary to protect witness safety and prevent obstruction of the prosecution," and, accordingly, "the circumstances warrant its AEO designation and the scope of permittable use satisfies any concerns under *Brady*." *Id.* at 13.

On November 4, 2024, following additional motion practice, the Court, in relevant part, denied Huawei's request for remote access to SDM materials in Mainland China under Huawei's proposed protocol and ordered Huawei to comply with the Protective Order's SDM terms as they currently stand. *See Huawei Techs.*, 2024 WL 4665264, at *16.

Further, on August 7, 2025, after the Government moved to maintain 41,342 documents as AEO and Defendants requested a redesignation of the documents to SDM, the Court found that the Government established good cause to designate 41,342 documents as AEO because the documents contained trade secret information that Defendants are alleged to have conspired to steal. *See* Dkt. No. 557 at 10-12, 25-27, 29. The Court also denied in part the Government's motion to redesignate 5,547 documents, also containing trade secret and proprietary information, as AEO after the documents had previously been produced as SDM or DM. *See id.* at 5-10, 27-29. The Court ordered that the 5,547 documents shall continue to be designated as SDM with certain additional restrictions, such as counsel only sharing the documents "among Huawei's in-house legal department members who do not have a dual business role and only within the United States." *Id.* at 28.

The trial in this matter is scheduled to begin before Judge Donnelly on June 15, 2026. Scheduling Order, dated Mar. 9, 2026.

### B.    The Challenged Documents

#### 1.    The Government's February 4, 2026 Disclosure of Jencks Act Materials

As set forth in its February 26, 2026 motion, Huawei reports that in the Government's February 4, 2026 disclosure of Jencks Act, 18 U.S.C. § 3500, materials, the Government produced, *inter alia*, "nineteen documents containing statements from ▮ potential witnesses that the [G]overnment designated as AEO, and which the [G]overnment refuses to downgrade to SDM until one week before the witness testifies." Dkt. No. 642 at 2 (citation omitted). The nineteen documents reflect statements of ▮ Government witnesses, and were made in a disclosure consisting of thousands of documents, the rest of which were produced under a less restrictive designation, giving Huawei access. Dkt. No. 652 at 1.

6

**2.      The Government's Supplement to its Pending Motion *in Limine***

On February 13, 2026, in a supplement to its pending motion *in limine*, the Government identified ███ anticipated witnesses whom the Government contends, in its motion *in limine*, should be permitted to testify pseudonymously (the "Protected Witnesses").[7] Dkt. No. 654. ███ of those ███ anticipated witnesses are the individuals whose Jencks disclosures were produced subject to an AEO designation; the remaining ███ individuals' Jencks materials were produced as SDM. Dkt. No. 642 at 2.

The Government filed its MIL Supplement with the Court pursuant to the Court's HSD manual filing procedures. *See id.* at 1 n.1; Dkt. No. 654. The Government also provided the MIL Supplement to Huawei's counsel under an AEO designation, pursuant to the Protective Order, "[g]iven the highly sensitive issues described herein and the significant concerns regarding witness safety." Dkt. No. 654 at 1 n.2. ████████████████████

████████████████████

████████████████████ The Government asserts that each of the ███ Protected Witnesses is ████████████████████ ████████████████████ Each Protected Witness is expected to testify at trial about ████████████████████ ████████████████████ The MIL Supplement identifies the names of the ███ Protected Witnesses and

---

[7] The Government's motion *in limine*, including its request for the ███ Protected Witnesses to proceed pseudonymously, has not been referred to the undersigned and will not be addressed in this Memorandum and Opinion.

████████████████████ ███ ████████████████████ ████████████████████

further details their expected testimony. *Id.* at 2-3. The MIL Supplement further details the anticipated testimony of one of the Protected Witnesses in support of the Government's argument to admit one of that Protected Witness's "anticipated statements as an excited utterance or, in the alternative, as non-hearsay." *Id.* at 1, 5. The Protected Witnesses' testimony is expected to ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

        The MIL Supplement details that, ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████ The MIL Supplement describes the Protected Witnesses'

heightened safety interests due to ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

### C.    Huawei's Motion

In its motion, Huawei argues that "[t]he Court should overrule the [G]overnment's AEO designation of the MIL Supplement and the AEO Jencks Materials." Dkt. No. 642 at 3. Huawei submits that "[a] criminal defendant, such as Huawei, has a Sixth Amendment right to personally participate in and direct its defense." *Id.* (citing *Lainfiesta v. Artuz*, 253 F.3d 151, 154 (2d Cir. 2001); *United States v. Baker*, No. 20-CR-288 (LJL), 2020 WL 4589808, at *4 (S.D.N.Y. Aug. 10, 2020)). Huawei adds that it "also has a due process right to personally view, and help its attorneys respond to, substantive filings, such as the MIL Supplement, that may materially affect the defense." *Id.* (citing *United States v. Abuhamra*, 389 F.3d 309, 321 (2d Cir. 2004); *California v. Trombetta*, 467 U.S. 479, 485 (1984)). Huawei contends that "other than in the narrow category of classified information, which is governed by a specific statutory regime, Huawei is not aware of any case in which a defendant has been denied personal access to substantive filings in its own case." *Id.*

Huawei argues that, "[a]t a minimum, when the [G]overnment seeks to limit the use and dissemination of discovery material, it has the burden to demonstrate 'that disclosure will result in a clearly defined, specific and serious injury.'" *Id.* (first quoting *United States v. Castricone*, No. 20-CR-133 (LJV) (MJR), 2021 WL 841405, at *1 (W.D.N.Y. Mar. 5, 2021); and then citing *Abuhamra*, 389 F.3d at 321). Huawei submits that "[t]he Protective Order in this case reinforces this principle, providing for AEO treatment of material only where the government can show that a lesser designation 'provides insufficient protection.'" *Id.* (quoting Dkt. No. 57 ¶ 20).

Huawei submits that "[b]ecause the MIL Supplement and the AEO Jencks Material do not qualify for AEO treatment, the Court should overrule their designation; Huawei has no burden to show that the designation is prejudicial to its defense. There can be no doubt, however, that the

designation is prejudicial to Huawei." *Id.* at 4. According to Huawei, the "AEO Jencks Materials include nineteen substantive documents containing information that has never before been made available to the defense." *Id.* Huawei further argues that the MIL Supplement "reveals for the first time the [G]overnment's intent to introduce dubious, highly prejudicial hearsay from an individual whose identity still has not been disclosed." *Id.*

Huawei argues that it "cannot have a full and fair chance to rebut this testimony or even address the [G]overnment's motion *in limine* to allow this hearsay absent a chance for defense counsel to discuss the material freely with their client," particularly since "defendants themselves are best positioned to provide context necessary to understand and rebut the [G]overnment's evidence." *Id.* (citing *Baker*, 2020 WL 4589808, at *4 ("It frequently will be the defendant, and the defendant alone, who knows all of the relevant facts and who will appreciate the significance of a particular item of evidence.")).

Moreover, Huawei asserts that the Government's designation of the MIL Supplement as AEO "pursuant to the protective order in the case," *see* MIL Supplement at 1 n.2 (citing Dkt. No. 57), is improper, as the Protective Order "applies only to discovery and does not contain any provision authorizing an AEO filing." Dkt. No. 642 at 4 n.4.

### D. The Government's Opposition

Huawei's counsel and the Government have met and conferred about the AEO designation of both the MIL Supplement and the AEO Jencks Material. *See id.* at 2. The Government's position is that it will not "disclose these materials to [Huawei] prior to one week before each witness testifies." *Id.*

The Government opposes Defendants' motion, arguing that, first, as to the AEO Jencks Material, its disclosure "to defense counsel (subject to the AEO restriction) and offer to disclose it

to Huawei itself one week in advance of the testimony of the respective witness already exceed the [G]overnment's disclosure obligation and Huawei's entitlement to the material." Dkt. No. 652 at 2. According to the Government, "[t]he Jencks Act expressly provides that witness statements are not discoverable 'until said witness has testified on direct examination,'" and "it is black-letter law 'that the government cannot be compelled to disclose statements of prospective witnesses prior to the time prescribed by the Jencks Act.'" *Id.* (first quoting 18 U.S.C. § 3500(a); then quoting *United States v. Percevault*, 490 F.2d 126, 129, 132 (2d Cir. 1974); then citing *In re United States*, 834 F.2d 283, 287 (2d Cir. 1987); then citing *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001); and then citing *United States v. Shyne*, 617 F.3d 103, 117 (2d Cir. 2010)). The Government argues that the AEO Jencks Material "is not Rule 16 material, and Rule 16 does not supersede the Jencks Act," the latter of which is the "exclusive procedure for discovering statements of government witnesses." *Id.* (quotation marks omitted) (first citing Fed. R. Crim. P. 16(a)(2); and then quoting *In re United States*, 834 F.2d at 287). In sum, the Government asserts that Huawei's motion asks the Court "to exceed its lawful authority by ordering the [G]overnment to make [Jencks disclosures] *even earlier*" than the Government agreed to, which is already earlier than the Jencks Act requires. *Id.*

As to the MIL Supplement, the Government contends that there is a "specific and serious risk of harm posed by disclosure of certain witness identities in the Sealed MIL Supplement." *Id.* at 2-3. The Government incorporates by reference an eighteen-page sealed and HSD letter dated July 15, 2024, in which it "explained at far greater length Huawei's history of obstruction and the risks of harm posed by early disclosure to Huawei itself . . . of the cooperation of other potential witnesses." *Id.* at 3; *see also* Dkt. Nos. 445, 446. The Government explains, in short, that,

> during the pendency of this investigation and prosecution, Huawei has sought to
> obstruct justice (and been indicted for obstructing justice) by destroying evidence

11

and relocating witnesses[;]



Dkt. No. 652 at 3 (citation omitted). The Government asserts that, based on Huawei's past conduct and the "anticipated testimony of the ▮▮▮▮witnesses involv[ing] ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮," as well as Huawei's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it is "sufficiently clear that Huawei is willing and motivated to engage in obstructive conduct in this case." *Id.* The Government further asserts that, similarly, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ *Id.* The Government contends, accordingly, that early "disclosure of ▮▮▮witness identities" and details of their anticipated testimony "poses an intolerable risk of serious harm to the interests of justice ▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* at 3-4.

The Government also asserts that the issue is not "an AEO filing," as set forth by Huawei, but is actually about the inclusion of "AEO-designated information in a sealed filing," which is "expressly contemplate[d]" by the Protective Order. *Id.* at 2-3 n.2 (citing Dkt. No. 57 ¶¶ 9, 20). As noted above, the Government "agreed to lift the AEO restriction (by downgrading the designation to [SDM]) as to particular witnesses one week before the respective witness testifies." *Id.* at 1.

### E.    Huawei's Reply

Huawei filed a reply in further support of its application. Dkt. No. 657. As to the AEO Jencks Material, Huawei argues that the Jencks Act's "statutory deadline for disclosure has no

bearing on the propriety of the AEO designation" because "the [G]overnment has agreed to produce Jencks material, and indeed has now done so." *Id.* at 2. Huawei posits that "[t]he relevant question is whether the [Protective Order] authorizes the [G]overnment to maintain its AEO designation over these already-produced materials." *Id.* Huawei argues that, since the Protective Order governs materials produced pursuant to the Jencks Act and the Government "has not met its burden to demonstrate a good-faith basis to believe that no lesser restrictions would protect the [G]overnment's interests in confidentiality, AEO designation of these already-produced materials is without legal basis and should be overruled." *Id.* at 3 (citing Dkt. No. 57 ¶¶ 1, 20).

Furthermore, Huawei reiterates that the Government does not present any evidence "to substantiate why and how allowing Huawei to view the MIL Supplement as [SDM] under the Protective Order would threaten so serious a harm as to justify barring a criminal defendant from viewing evidence in its own case." *Id.* at 2. Huawei argues that any allegations regarding Huawei obstructing justice "are far afield from" any purported ███████████████████ ███████████████████████ because there are no allegations of ███████ ████████████████████ *Id.* In short, Huawei argues that the Government has not demonstrated "a connection between disclosing discovery materials to Huawei and any such harm." *Id.*

## II.    Discussion

As this Court previously noted, "[u]nder Rule 16 of the Federal Rules of Criminal Procedure, the prosecution has an obligation to produce certain discovery materials to the defense, including certain relevant documents." *Huawei Techs.*, 2024 WL 4665264, at *14 (citing *United States v. Smith*, 985 F. Supp. 2d 506, 521-22 (S.D.N.Y. 2013) (collecting cases); Fed. R. Crim. P. 16(a)). Rule 16 specifies certain information subject to disclosure by the Government, Fed. R.

13

Crim. P. 16(a)(1), and also carves out certain information not subject to disclosure. Fed. R. Crim. P. 16(a)(2). In relevant part, Rule 16 does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." *Id.*

"Courts have suggested that this obligation [of the prosecution's disclosure] necessitates the production to defendants themselves, as well as defense counsel." *Huawei Techs.*, 2024 WL 4665264, at *14 (citing *Baker*, 2020 WL 4589808, at *4 (noting that, "[i]n criminal cases, the accused has a personal interest in making his or her best defense")). Under Rule 16, however, a court may, "'for good cause, deny, restrict, or defer discovery or inspection,' particularly considering 'the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals.'" *Id.* at *5 (first quoting Fed. R. Crim. P. 16(d)(1); then quoting Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment; and then citing *Smith*, 985 F. Supp. 2d at 522 (applying Rule 16(d) to a request for a protective order and collecting cases saying the same)); *see also Castricone*, 2021 WL 841405, at *2 (citing concerns for victim's safety in allowing a restriction on certain documents for the defendant to only view in the presence of defense counsel); *United States v. Mahmoud Al Farekh*, No. 15-CR-268 (BMC), 2016 WL 4444778, at *3 (E.D.N.Y. Aug. 23, 2016) (allowing production of classified summaries to defense counsel given risks to national security). "While the defendant has a Sixth Amendment right to consult with counsel in the preparation of his defense, under certain circumstances, the court may impose restrictions on the defendant's access." *Huawei Techs.*, 2024 WL 4665264, at *5 (citations omitted). Indeed, Rule 16(d) "leaves the precise conditions under which the defense may obtain access to discoverable information to the informed discretion of the district court." *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 122 (2d Cir. 2008); *see also United States v.*

*Guzman Loera*, 24 F.4th 144, 154-55 (2d Cir. 2022) (approving protective order that prohibited discovery from being removed from the United States when it included witness statements, witness identifying information, and information related to ongoing investigations and law enforcement techniques, and noting that "all aspects of the District Court's entire management of discovery, were . . . within the District Court's broad discretion in such matters" (citations omitted)).

The Rule 16(d) "good cause" standard "requires the party seeking a protective order to demonstrate that 'disclosure will result in a clearly defined, specific and serious injury.'" *Huawei Techs.*, 2024 WL 4665264, at *5 (first quoting *In re Terrorist Attacks on Sep. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006); and then citing *Smith*, 985 F. Supp. 2d at 522-23 (collecting cases, and noting that the burden rests on the party seeking the proposed restrictions to demonstrate good cause, and the court should consider whether the dissemination of the materials at issue would "inflict[] 'hazard to others,' and whether the 'imposition of the protective order would prejudice the defendant'")). This standard applies even where, as here, the parties have previously stipulated to a protective order. *Id.* at *6 (citing *Smith*, 985 F. Supp. 2d at 523). Indeed, the Protective Order states that, "[t]o the extent the parties do not agree" as to the SDM or AEO designation of certain discovery materials, the Government may "seek to establish good cause regarding why the material should be treated as" SDM or AEO, respectively. Dkt. No. 57 ¶¶ 19, 20.

### A.      The AEO Jencks Material

As the Government correctly argues, the procedures set forth in Federal Rule of Criminal Procedure 16 do not apply to statements made by Government witnesses, which are instead covered by the Jencks Act. *See* Dkt. No. 652 at 2 (first citing Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."); and then quoting *In re United States*, 834

F.2d at 286 ("[T]he Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies." (citing *United States v. Covello*, 410 F.2d 536, 543 (2d Cir. 1969)))).

Pursuant to the Jencks Act, in criminal proceedings, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The United States Court of Appeals for the Second Circuit has stated that the timing provision of the Jencks Act "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial." *Percevault*, 490 F.2d at 129 (citations omitted). Indeed, the Jencks Act "is intended to provide the defense with prior statements of Government witnesses for purposes of impeachment." *United States v. Wedd*, No. 15-CR-616 (KBF), 2016 WL 11660531, at *2 (S.D.N.Y. Nov. 16, 2016) (citing *United States v. Carneglia*, 403 F. App'x 581, 586 (2d Cir. 2010)).

Although Rule 16 does not apply to the AEO Jencks Material and a court may not order disclosure of documents subject to the Jencks Act prior to the conclusion of a Government witness' direct examination, Huawei argues that any disclosure of documents subject to the Jencks Act, including voluntary early disclosure by the Government, is governed by the provisions of the Protective Order in this case, which Huawei claims mandates disclosure under these circumstances. Dkt. No. 657 at 2-3. Huawei's argument is incorrect.

The Jencks Act prohibits the Court from ordering the Government to disclose the AEO Jencks Material to Huawei, notwithstanding the fact that it has already disclosed such documents

16

to Huawei's counsel under the AEO designation. The "Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements." *Coppa*, 267 F.3d at 145 (citing *In re United States*, 834 F.2d at 286-87; *Percevault*, 490 F.2d at 131). Indeed, Huawei concedes this point. *See* Dkt. No. 657 at 2 ("[T]he Jencks Act restricts courts under their discovery powers from ordering disclosure of covered materials—except for those containing *Brady* or *Giglio* information—prior to the statutory deadline." (citing *Percevault*, 490 F.2d at 132)).[9] Huawei argues, however, that this statutory restriction is irrelevant because the Government has already produced the AEO Jencks Material to Huawei's counsel under the Protective Order's AEO designation; therefore, "informal agreements by the prosecution to provide Jencks Act material to the defense earlier than contemplated by the statute [are] binding." *Id.* (quoting *United States v. Williams*, 181 F. Supp. 2d 267, 296 n.26 (S.D.N.Y. 2001) (collecting cases)).

But Huawei's reference to cases where the Government had agreed to produce Jencks material at a certain time—earlier than required under the statute—and then potentially violated that agreement, is misplaced. Huawei cites one 2001 case from the Southern District of New York that noted, in a footnote, that "several courts have found informal agreements by the prosecution to provide Jencks Act material to the defense earlier than contemplated by the statute to be binding." *Williams*, 181 F. Supp. 2d at 296 n.26 (collecting cases). This dicta supported that court's general endorsement of voluntary cooperation between the Government and defendants in regard to the timing of Jencks Act disclosures. *See id.* at 296. Still, the court in *Williams* "refuse[d] to *order* the Government to produce their witnesses' prior statements before those witnesses testify

---

[9] It is undisputed that the documents at issue here are not subject to *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972). "Courts in the Second Circuit generally do not compel immediate disclosure of *Brady/Giglio* materials where (1) the Government represents it is aware of and will comply with its *Brady/Giglio* obligations, and (2) the [d]efense does not provide any reason for suspecting the Government will not comply." *United States v. Hwa*, No. 18-CR-538 (MKB), 2021 WL 11723583, at *48 (E.D.N.Y. Sep. 3, 2021) (citations omitted).

on direct examination at trial." *Id.* Rather, the court noted that the Government is "perfectly free to disclose such statements earlier, of its own volition." *Id.* (citing *Coppa*, 267 F.3d at 146 n.12).

Here, the parties have not come to any agreement about the timing of disclosing the AEO Jencks Material to Huawei itself and, thus, there is no agreement for the Court to enforce, contrary to Huawei's assertion. As evidenced by the parties' submissions, the Government offered to, and has, voluntarily produced the AEO Jencks Material to Huawei's counsel months before it was required to do so. The Government did so on an AEO basis, looking to the parties' Protective Order to adequately protect any interests it deemed needed protection, and has offered to redesignate the documents to SDM—permitting Huawei itself to view the documents—one week prior to the testimony of the subject witnesses.[10] Dkt. No. 652 at 1.

Even though the Government has voluntarily produced these documents earlier than required, the Court still cannot compel the Government to modify its disclosure of such documents prior to the time set out in the Jencks Act (and again, the Government has already stated they will downgrade it prior to that deadline). *See Wedd*, 2016 WL 11660531, at *3 ("'Defendants are not given such material to facilitate general trial preparation or as a form of pre-trial discovery,' and 'there is no vested right for such material to be provided in a form or under rules that facilitate leisurely review of the material by defendants.'" (quoting *United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005))); *United States v. Exolon-Esk Co.*, No. 94-CR-17S (WMS), 1995 WL 46719, at *3-4 (W.D.N.Y. Jan. 19, 1995) (rejecting defendants' argument that "the government has acquiesced to pretrial disclosure of Jencks Act statements and, as such, [according to defendants,] the Court has the authority to determine whatever timetable it feels is appropriate

---

[10] The Court notes again that the Government has already produced other documents subject to the Jencks Act without an AEO designation. Dkt. No. 642 at 2; Dkt. No. 652 at 1. The Jencks Act portion of Huawei's motion pertains only to nineteen documents that are subject to the AEO designation. Dkt. No. 642 at 1.

for their pretrial disclosure," because the district court still lacks the authority to order immediate pretrial production of Jencks Act materials); *United States v. Owens*, 933 F. Supp. 76, 81 (D. Mass. 1996) (noting that § 3500's limitation on the power of a district court judge to order disclosure of documents covered by the Jencks Act is "so strict that district judges are forbidden from ordering early disclosure of Jencks material even where the government has engaged in questionable conduct" (citing *Exolon-Esk*, 1995 WL 46719, at *1)).

Huawei disregards all binding authority which states that a court may not compel early disclosure of Jencks Act documents, *see, e.g.*, *Coppa*, 267 F.3d at 145, arguing instead that "the timing of such disclosures is irrelevant," because "[t]he relevant question is whether the [Protective Order] authorizes the government to maintain its AEO designation over these already-produced materials." Dkt. No. 657 at 2. But this argument is not persuasive. Were the Court to consider and find that the AEO Jencks Material should not maintain their AEO designation, the Court would, in effect, be compelling early disclosure of documents covered by the Jencks Act, which it simply cannot do. *See United States v. Aquart*, No. 06-CR-160 (PCD), 2006 WL 2684304, at *4 n.2 (D. Conn. Sep. 19, 2006) (noting that the Jencks Act is the "exclusive procedure for the handling of demands by a defendant for the production of such statements" of Government witnesses (citing *Covello*, 410 F.2d at 543)).

Accordingly, the Jencks Act prohibits this Court from directing the Government to downgrade the AEO Jencks Material to SDM at this time. Nonetheless, the Government has already stated that it will redesignate the documents to SDM one week before each of the ▉ subject witnesses testify. *See* Dkt. No. 652 at 1, 2; *see also United States v. Romain*, No. 13-CR-724 (RWS), 2014 WL 1410251, at *3 (S.D.N.Y. Apr. 11, 2014) (denying defendant's request for pre-trial disclosure of Jencks Act materials and noting that "the Government, in accordance with

19

common practice, will provide all such materials on the Friday before the start of trial," which "is sufficient under the applicable law").

## B.    The MIL Supplement

The Government has shown that good cause exists to retain the AEO designation on the MIL Supplement, which is not governed by the Jencks Act, *see* Dkt. No. 652 at 2, because there is a demonstrated likelihood of serious harm █████████████████████████████ posed by disclosure to Huawei; and there is a demonstrated likelihood of obstruction posed by disclosure to Huawei.  Additionally, there is no prejudice to Huawei that would outweigh these harms.

First, there is a demonstrated likelihood of serious harm ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████ The Court therefore agrees with the

Government that "disclosure of ████ witness identities and early disclosure of the details of their

anticipated testimony to Huawei itself poses an intolerable risk of serious harm to the interests of

justice and the safety of witnesses and their families." Dkt. No. 652 at 3.

Second, there is a demonstrated likelihood of obstruction posed by disclosure to Huawei.
The Government refers to a similar dispute between the parties that occurred in 2024, Dkt. No.
652 at 3, in which Huawei sought to downgrade the Government's February 7, 2022 disclosure
letter, which contained "highly exculpatory information," including witness identities, from AEO
to SDM. *See* Dkt. No. 478 at 3-5. This Court found that the Government demonstrated good cause
to protect the letter from disclosure to Huawei personnel due to ███████████████████████

███████████████████████, and concerns for witness safety. *Id.* at 10-13. The
Government detailed "specific instances of ██████████ Huawei's efforts to interfere with the
prosecution of this action, including Huawei's alleged scheme to obstruct the grand jury
investigation by relocating witnesses." *Id.* at 10-11 (citation omitted). The Third Superseding
Indictment included "a charge against Huawei relating to this alleged obstruction scheme." *Id.* at
11 (citing Dkt. No. 126). Further, the Government "provide[d] details demonstrating █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████ In particular, the information in the disputed letter

"could give rise to an inference ████████████████████████████
██████████████████████ *Id.*

The same reasoning applies here. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

In sum, ████████████████████████████████████, ████████
████████████████████████████████████, there is good

cause to delay disclosure of the MIL Supplement to Huawei itself until one week before the respective Protected Witnesses testify. *See id.* at 1, 3. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

Finally, Huawei's counsel has not shown any prejudice to Huawei regarding the Government's proposal to maintain the MIL Supplement as AEO until one week before each Protected Witness testifies. *See id.* at 1. Huawei argues that "[t]he defense cannot have a full and fair chance to rebut this testimony [described in the MIL Supplement] or even address the [G]overnment's motion *in limine* to allow this hearsay absent a chance for defense counsel to discuss the material freely with their client." Dkt. No. 642 at 4. But Huawei can, and will, respond to the Government's motion *in limine* without Huawei itself viewing the MIL Supplement. Although Huawei requested "expedited briefing and decision" on the instant motion, it initially proposed a briefing schedule whereby its motion would not be fully submitted until March 16, 2026. *Id.* at 1 n.2. Meanwhile, Huawei's response to the Government's motion *in limine* is due before that date, on March 13, 2026. *See* Scheduling Order, dated Oct. 2, 2025. Thus, had the Court adopted Huawei's proposed schedule, the instant motion would not have even been fully briefed before Huawei would be required to respond to the Government's motion *in limine*,[11] and Huawei's assertion that it could not have a "full and fair chance to . . . even address the [G]overnment's motion" without Huawei itself viewing the MIL Supplement is groundless.

---

[11] This motion was fully briefed on March 6, 2026, pursuant to the expedited schedule set by the undersigned. *See* Text Order, dated Feb. 27, 2026.

Indeed, Huawei does not argue that any facts of which only Huawei itself—and not counsel—is aware are necessary to oppose the Government's motion. Huawei's argument that "the defendants themselves are best positioned to provide context necessary to understand and rebut the government's evidence," Dkt. No. 642 at 4 (citation omitted), falls short as it does not even point to any specific context that counsel is or could be missing that would inhibit its response to the Government's motion *in limine*.

In any event, Huawei is fully aware of ▮ of the ▮ Protected Witnesses identified in the MIL Supplement. Huawei conceded that the "Jencks materials" for ▮ of the Protected Witnesses (all but the ▮ Protected Witnesses who are also identified in the AEO Jencks Material) "were produced as SDM." *Id.* at 2. ▮ of those Protected Witnesses also appear in Exhibit A of the Government's witness list, which was filed under seal under a DM designation on March 4, 2026.[12] Dkt. Nos. 648, 649, 649-1. Accordingly, there is nothing impeding Huawei's ability to respond to the Government's motion *in limine*. Nor has Huawei shown how its ability to prepare for trial is impeded, as the Government has agreed to redesignate the MIL Supplement as SDM prior to the testimony of each Protected Witness.[13] *See* Dkt. No. 652 at 1.

## III.   Conclusion

For the foregoing reasons, Defendants' motion is denied. By 5 p.m. on March 16, 2026, the parties shall file a joint letter, under seal, with any proposed redactions to this Memorandum

---

[12] ▮

[13] Furthermore, the purpose of the MIL Supplement was to further support the Government's motion *in limine*, which is to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence." *United States v. Inniss*, No. 18-CR-134 (KAM), 2019 WL 6999912, at *3 (E.D.N.Y. Dec. 20, 2019) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). A motion *in limine* is not intended to provide either party with additional evidence in preparation for the June 15, 2026 trial.

and Order.  The parties shall provide a basis in law for any proposed redaction.  If the parties cannot agree to proposed redaction(s), they shall so state in the joint letter.

Dated: Brooklyn, New York
      March 12, 2026                      **SO ORDERED.**

                              */s/ Joseph A. Marutollo*
                              JOSEPH A. MARUTOLLO
                              United States Magistrate Judge