UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                      :

**UNITED STATES OF AMERICA**,
                                                      :

            – against –            :   **MEMORANDUM DECISION AND ORDER**

                                            :

**HUAWEI TECHNOLOGIES CO., LTD.**, *et al.*,
                                          :   18-CR-457 (AMD) (JAM)

                                            :

                      Defendants.    :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the government's letter request for an order "direct[ing] the defendants to redact the names and certain other identifying information of third-party corporate entities," including "corporate entities that are victims of the defendants' alleged conduct in this case," in the defendants' response to the government's motions in limine (*see* ECF No. 668), which the Court construes as a motion to seal. (ECF No. 675 at 1–2.) The defendants object to the redactions based on "[t]he right of public access to judicial documents," and argue that the "privacy interests" the government cites do not meet the test in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), which the defendants say permits sealing judicial documents "*only* to the extent '**essential to preserve higher values and . . . narrowly tailored to serve that interest**.'" (ECF No. 679 at 1–2 (quoting *Lugosch*, 435 F.3d at 120) (emphasis in ECF No. 679).)[1] The defendants argue that "there is no higher value served by censoring the names of corporate entities," especially because "they *have already been publicly* identified" in

---

[1] The defendants opposing the motion are Huawei Technologies Co, Ltd. ("Huawei Tech"), Huawei Device Co., Ltd. ("Huawei Device"), Huawei Device USA, Inc. ("Huawei Device USA"), and Futurewei Technologies, Inc. ("Futurewei") (collectively, "Huawei"). Unless otherwise specified, the term "defendants" refers to these four entities.

press coverage after the unsealing of the indictment in this case. (*Id.* at 1–2 (emphasis in ECF No. 679).)

## LEGAL STANDARD

"It is 'well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings.'" *United States v. Silver*, No. 15-CR-93, 2016 WL 1572993, at \*3 (S.D.N.Y. Apr. 14, 2016) (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)). This "presumption of access is based on the need for federal courts, although independent . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* at \*2 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). In deciding whether to permit sealing or redacting of materials, a court: (1) "determines whether the record at issue is a judicial document — a document to which the presumption of public access attaches;" (2) if so, the court "determine[s] the weight of the presumption of access to that document;" and (3) "identif[ies] all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access." *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (citations omitted).

## DISCUSSION

This is not a case in which third-party news organizations seek access to sealed or redacted filings. *See, e.g.*, *Lugosch*, 435 F.3d at 112–14; *Silver*, 2016 WL 1572993, at \*2. Rather, the defendants seek to make the contents of their brief public before the Court rules on the motions *in limine* and before the trial. The government argues that "redacting the names and identifying information of third-party corporate entities" from the defendants' response to the government's motions *in limine*, "including entities with current and/or former employees that

2

may be witnesses at trial, is warranted to protect their privacy interests" under *Amodeo*. (ECF No. 675 at 1.)  The "presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions," and the court's reasons for sealing these materials "usually need not be as compelling as those required to seal summary judgment filings," like those at issue in *Lugosch*.  *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (citing *Amodeo*, 71 F.3d at 1049–50); *see also Lugosch*, 435 F.3d at 121–23 (noting the "weight of the presumption" given to summary judgment materials "is of the highest").  The defendants argue that the government does not meet the "high standard" in *Lugosch* (ECF No. 679 at 3); they do not address the "somewhat lower" presumption in the motion *in limine* context described in *Brown*.  Under these circumstances, the lower presumption of access applies to the materials at issue in this case.

The defendants also assert that the government's interests — the privacy of the financial institutions and the protection of potential witnesses in the upcoming criminal trial — are not sufficient to justify redaction because the financial institutions "have repeatedly been identified by name [in news articles] since this case was indicted," and there is therefore "no interest — much less a 'higher value' — served by redacting information that is already public." (ECF No. 679 at 2.)  This is not persuasive.  The defendants say only that the names of certain financial institutions are public.  They do not address the government's other concerns, including that there is information that could identify potential witnesses.

Moreover, the government maintains, and the defendants do not dispute, that the defendants agreed previously "to redact the names of third-party individuals." (ECF No. 675 at 1.)  Redacting information that could identify these third parties is consistent with the

3

approach to which the parties agreed (*id.*), and is consistent with the recent practice in this case (*see, e.g.*, ECF No. 558 at 2, 5–8, 22–23 (denying defendants' *Brady* motion for materials from prior enforcement actions against alleged victim financial institutions)).

The Court has considered the parties' arguments and concludes that at this stage of the proceedings, the "competing considerations" of "privacy interests," preserving the confidentiality of sources, and protecting witnesses warrant redacting the information at this time. *Lugosch*, 435 F.3d 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1050). This approach is consistent with the only criminal case the defendants cite — *Silver* — in which Judge Valerie Caproni sealed materials related to a motion *in limine* before the trial and unsealed them only after the defendant was convicted. *See* 2016 WL 1572993, at *1. Accordingly, redaction of the names of third-party corporate entities and other identifying information is appropriate. *See id.* at *3 (noting redaction is "a viable remedy" in some circumstances (quoting *Amodeo*, 71 F.3d at 1053)).

## CONCLUSION

For the above reasons, the government's motion is granted. The parties are directed to confer about redacting names and other identifying information of third-party corporate entities described in the defendants' response, filed under seal at ECF No. 668, especially to the extent that the information identifies potential witnesses in the upcoming trial. The parties should resolve any other disputes about redactions without involving the Court. If the parties cannot

reach agreement on the redactions consistent with this order, they are directed to file their

proposed redactions, identifying any areas of dispute, under seal by April 20, 2026.


**SO ORDERED.**

<u>   s/Ann M. Donnelly   </u>
ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
       April 13, 2026