# Exhibit F

# CERTIFICATION

I, Michael Lieberman, Assistant Director for Enforcement in the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury, hereby certify as follows. I am authorized to execute this certification on behalf of OFAC. I am familiar with OFAC's recordkeeping practices and with the search described in Paragraph 6 below, and I make this Certification on the basis of my personal knowledge and of information made known to me in the performance of my official duties.

1. On October 9, 2025, Huawei Technologies Co., Ltd. ("Huawei") served a subpoena (the "Subpoena") on OFAC pursuant to Federal Rule of Criminal Procedure 17 in connection with *United States of America v. Huawei Technologies Co., Ltd.*, et al., 18-cr-457 (EDNY).

2. The subpoena requested, among other things, "All (a) voluntary self-disclosures ("VSDs") sent to or made available to OFAC relating to transactions involving Huawei or Skycom and (b) documentation showing the disposition, if any, of the VSDs." (The "VSD Request").

3. On May 27, 2026, OFAC produced to counsel for Huawei Technologies Co., Ltd. the spreadsheet identified below, a true and correct copy of which is attached to this Certification as Exhibit 1 (the "VSD Spreadsheet").

4. The VSD Spreadsheet consists of two worksheets, titled "Enforcement Cases" and "Compliance Cases." Each row of each worksheet reflects a voluntary self-disclosure, or a related matter, concerning transactions involving Huawei (or an affiliated entity) or Skycom, together with OFAC's disposition of th at matter. The "Enforcement Cases" worksheet contains 10 such entries, and the "Compliance Cases" worksheet contains 8 such entries. Each worksheet sets out the following information in columns: (i) "Sanctions Program"—the OFAC sanctions program or programs implicated by the matter; (ii) "Open Date"; and (iii) "Close Date"—the dates on which OFAC opened and closed the matter; (iv) "Potential Violations – CFR Provision(s)"—the provision or provisions of Title 31 of the Code of Federal Regulations potentially implicated by the matter; (v) "Summary"—a narrative summary of the disclosure and of OFAC's disposition of the matter, such as a no-action determination or a cautionary letter; (vi) "Target Type"—a description of the party that made the disclosure or that was the subject of the matter; and (vii) "Huawei Entity Mentioned"—the Huawei- or Skycom-related entity referenced in the matter.

5. The VSD Spreadsheet was prepared by OFAC in response to the VSD Request. The information set out in the VSD Spreadsheet accurately reflects information drawn from OFAC's official records concerning the voluntary self-disclosures identified therein and their dispositions. OFAC receives voluntary self-disclosures, and records its dispositions of them, in the course of its official duties under 31 C.F.R. Part 501, and the information set out in the VSD Spreadsheet is drawn from records that OFAC made or received, and maintains, in the ordinary course of those duties.



DEFENSE EXHIBIT
DX-03872
18 CR 457 (AMD)

DX-03872-0001

6. OFAC regularly maintains records of the voluntary self-disclosures it receives and of its dispositions of those self-disclosures, in accordance with its obligations under 36 C.F.R. § 1222.10. OFAC conducted a reasonable search for voluntary self-disclosures in response to the VSD Request, including a search of the OFAC files and repositories in which such disclosures and their dispositions would reasonably be expected to be maintained. To the best of OFAC's knowledge, that search did not disclose any voluntary self-disclosure responsive to the VSD Request, or any disposition of such a voluntary self-disclosure, other than those reflected in the VSD Spreadsheet attached as Exhibit 1.

I certify under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed on September 10, 2026.

Michael M. Lieberman
Assistant Director, Enforcement
Office of Foreign Assets Control
United States Department of the Treasury

Exhibit 1

**Request**: All (a) voluntary self-disclosures ("VSDs") sent to or made available to OFAC relating to transactions involving Huawei or Skycom and (b) documentation showing the disposition, if any, of the VSDs.

| Sanctions Program | Open Date | Close Date | Potential Violation - CFR Provision(s) | Summary | Target Type | Huawei Entity Mentioned |
|---|---|---|---|---|---|---|
| BURMA | 2/20/2014 | 3/28/2016 | 31 C.F.R. § 537.201 | A U.S. financial institution processed a transaction sent by Huawei Technologies to a foreign entity that was an SDN and later determined the payment was not covered by a General License as it was originally though to be. OFAC issued a Cautionary Letter to the financial institution. | A U.S. financial institution | Huawei Technologies |
| IRAN, SUDAN | 6/1/2017 | 6/16/2020 | 31 C.F.R. § § 560.201 and 546.201. | The U.S. branch of a foreign financial institution processed 10 funds transfers totaling $1,473,312 originated by Skycom destined for a UK company; the transfers were in fact related to Skycom's telecommunications projects in Iran. Further investigation showed the financial institution processed an additional 209 transactions that supported a telecommunications operator in Sudan. The investigation found the financial institution had no way of knowing the transactions were related to activity in embargoed countries and therefore was issued a No Action Letter. | The U.S. branch of a foreign financial institution | Skycom Tech, Huawei Technology Services |
| SYRIA | 6/1/2017 | 6/21/2018 | 31 C.F.R. § § 542.201 | The U.S. branch of a foreign financial institution processed two funds transfers for a customer of a UK customer that involved payment for work performed in Syria. Because the original payment messages did not contain references to any sanctioned party or jurisdiction, the payments were not flagged for review. OFAC issued a No Action Letter to the financial institution. | The U.S. branch of a foreign financial institution | Huawei International PTE Limited |
| IRAN | 2/26/2020 | 10/14/2020 | 31 C.F.R. § 560.201 | The U.S. branch of a foreign financial institution blocked a payment which involved Huawei Technologies (Iran). The payment had been sent by Huawei Technologies Co. Ltd., and initial supporting documents included an invoice from a Swiss company to Huawei Technologies Co. Ltd C/O Sino Huawei Technologies PTE LTD in Singapore for products to Huawei in China. A second set of documents showed the Primary Acceptance Certificate was issued by Huawei Technologies (Iran) and the products were supplied by an Iranian company owned in part by Iran's Ministry of Defense for Armed Forces Logistics. A subsequent review of similar transactions identified three prior transactions involving the same parties. Because the original payment messages did not contain references to any sanctioned party or jurisdiction, the payments were not flagged for review. OFAC issued a No Action Letter to the financial institution. | The U.S. branch of a foreign financial institution | Huawei Technologies (Iran), Huawei Technologies Co. Ltd., and Sino Huawei Technologies PTE LTD |
| IRAN | 4/9/2010 | 9/30/2020 | 31 C.F.R. § 560.201 | The U.S. branch of a foreign financial institution disclosed that it had discovered after the fact that it had processed a funds transfer remitted by Huawei Technologies Co. Ltd. for work related to Iran between July 1-31, 2016. Because the original payment messages did not contain references to any sanctioned party or jurisdiction, the payments were not flagged for review. OFAC issued a No Action Letter to the financial institution. | The U.S. branch of a foreign financial institution | Huawei Technologies Co. Ltd. |
| SDGT | 6/18/2020 | 10/15/2020 | 31 C.F.R. § 594.201 | The U.S. branch of a foreign financial institution disclosed that it had processed approximately 100 transactions involving an entity which was later linked in public reporting to a network that had been designated by OFAC in July 2014 for providing material support to Hezbollah. Ten of the transactions were sent to Huawei Tech Investment Company Limited between December 2014 and April 2015. Four of the transactions originated from Huawei Tech Investment Company Limited between April 2016-May 2016. Because the original payment messages did not contain references to any sanctioned party or jurisdiction, the payments were not flagged for review. OFAC issued a No Action Letter to the financial institution. | The U.S. branch of a foreign financial institution | Huawei Tech Investment Company Limited |
| IRAN | 5/19/2022 | 6/22/2022 | 31 C.F.R. § 560.201 | The U.S. branch of a foreign financial institution learned another of its clients was involved in Iran-related payments, including payments related to employment with Huawei Iran between July 2017 and 2018. OFAC issued a Cautionary Letter to the financial institution. | The U.S. branch of a foreign financial institution | Huawei Iran |
| IRAN | 8/17/2022 | 9/15/2022 | 31 C.F.R. § 560.201 | The U.S. branch of a foreign financial institution learned another of its clients was involved in Iran-related payments, including payments related to consulting services to Huawei Iran between September 2017 and April 2019. OFAC issued a No Action Letter to the financial institution. | The U.S. branch of a foreign financial institution | Huawei Iran |

**Request**: All (a) voluntary self-disclosures ("VSDs") sent to or made available to OFAC relating to transactions involving Huawei or Skycom and (b) documentation showing the disposition, if any, of the VSDs.

| Sanctions Program | Open Date | Close Date | Potential Violation - CFR Provision(s) | Summary | Target Type | Huawei Entity Mentioned |
|---|---|---|---|---|---|---|
| NPWMD | 7/14/2010 | 8/26/2015 | 31 C.F.R. § 544.201(a) | A U.S. logistics company disclosed it had learned of possible violations of U.S. export policy. Further examination by the subject found a possibility that it may have provided freight forwarding services for Skycom connected to shipments ultimately destined for Iran. In the end, OFAC did not find evidence those shipments were in fact reexported to Iran. No action was taken by OFAC. | A U.S. logistics company | Skycom |
| IRAN, SUDAN | 6/7/2010 | 6/28/2012 | 31 C.F.R. parts 560 and 538 | Chengdu Huawei Symantec Technologies Co. Ltd. ("Huawei Symantec") submitted disclosures to OFAC and BIS which indicated that some of Huawei Symantec's products may have ultimately been shipped by third party resellers to Iran or Sudan. Huawei Symantec is not a U.S. person and there is no indication that a U.S. person exercised control or authority over any of the third party resellers involved in the de-minimis sales in Sudan or Iran. Therefore, OFAC Enforcement issued Huawei Symantec a No Action Letter. | Chengdu Huawei Symantec Technologies Co., Ltd | Chengdu Huawei Symantec Technologies Co., Ltd |
| IRAN, NPWMD | 7/16/2013 | 8/16/2016 | 31 C.F.R. §§ 560.201, 560.204, 560.204, 560.406, 544.201 | A U.S. logistics company disclosed that Skycom had tendered a large number of shipments originating from Iran. OFAC issued a Cautionary Letter to the company. | A U.S. logistics company | Skycom |
| SYRIA | 1/7/2011 | 12/7/2011 | 31 C.F.R. part 542 | A U.S. technology company disclosed its foreign subsidiary had transacted with a person designated under the Syria Sanctions Regulations as well as with Iranian customers, including in 2009 with Huawei Iran. The Iran-related transactions were found to be permissible reexports as they did not involve U.S. persons. OFAC issued a Cautionary Letter to the company. | A U.S. technology company with a foreign subsidiary | Huawei Iran |
| IRAN | 7/6/2017 | 9/20/2020 | 31 C.F.R. § 560.205 | The disclosure regards a subsidiary of Keysight Technologies which was manufacturing and selling products to customers in the UAE which in turn made those products available to end users in Iran. Huawei products are listed in the invoices in the disclosure. Keysight Technologies agreed to pay $473,157 to settle its potential civil liability for reexports of U.S. export-controlled test measurement equipment to Iran. | Keysight Technologies - Public Action | Huawei (Generic) |
| IRAN, SYRIA, UKRAINE | 3/19/2020 | 6/9/2021 | 31 C.F.R. §§ 560.204, 542.207, 589.201, and section 1(a) of E.O. 13685 | Disclosure concerns downloads of software controlled under the EAR by parties on the BIS Entity List, including Huawei Technologies Co, Ltd, Huawei Technologies Canada Co, Ltd; and Huawei Technologies Sweden AB. By providing U.S.-origin software and services to persons in Iran, Syria and the Crimea region of Ukraine, the subject may have violated the ITSR, SySR, and Executive Order 13685. OFAC issued a Cautionary Letter to the company. | A U.S. technology company | Huawei Technologies Co |
| CUBA, SYRIA, IRAN, UKRAINE | 2/9/2021 | 6/18/2024 | 31 C.F.R. §§ 515.201, 542.207, 560.204, and 589.207 | The subject of the investigation provided services and software to four users associated with Huawei, an entity identified on the BIS Entity List, after Huawei was added to the Entity List. Some of the activity may have involved unlicesed activity in comprehensively sanctioned jurisdictions. OFAC issued a Cautionary Letter to the company. | A U.S. technology company | Huawei (Generic) |
| GLOMAG | 11/15/2023 | 1/17/2024 | 31 C.F.R. part 583 | Disclosure regarding software provision by subject of the investigation to entites on the BIS list, including among others, Huawei and an SDN. OFAC issued a Cautionary Letter to the company. | A U.S. technology company | Huawei (Generic) |
| CUBA, IRAN, SYRIA, VENEZUELA | 12/2/2020 | 6/3/2024 | 31 C.F.R. §§ 515.201(b), 560.204, 542.207, and E.O. 13884 | The subject was involved in certain exports, reexports, or transfers of its EAR99 software to a number of restricted end-users or destinations without validated export licenses. The subject's provision of services in the form of free access to its software and webinar services to people in Cuba, Syria, and Iran may have violated the CACR, SySR, and ITSR. OFAC issued a Cautionary Letter to the company. | A U.S. technology company | Huawei (Generic) |
| CUBA, SYRIA, IRAN | 4/25/2023 | 8/1/2023 | 31 C.F.R. §§ 515.201, 542.207, and 560.204 | Disclosure regarding downloads of software in embargoed countries, including by Huawei in Iran. OFAC issued a Cautionary Letter to the company. | A U.S. manufacturing company | Huawei (Generic) |