# Exhibit F

GOVERNMENT EXHIBIT
25000
18 CR 457 (AMD)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA, : 18-CR-00457(AMD)

-against- : United States Courthouse
: Brooklyn, New York

: Friday, September 24, 2021
WANZHOU MENG, : 1:00 p.m.

Defendant.

- - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
BEFORE THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

For the Government: JACQUELYN M. KASULIS, ESQ.
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
BY: ALEXANDER SOLOMON, ESQ.
DAVID K. KESSLER, ESQ.
JULIA NESTOR, ESQ.
SARAH EVANS, ESQ.
MEREDITH A. ARFA, ESQ.
Assistant United States Attorneys

A P P E A R A N C E S: (Continued)

For the Defendant: STEPTOE & JOHNSON, LLP
1114 Avenue of the Americas
New York, New York 10036
BY: MICHELLE L. LEVIN, ESQ.
JAMES BROCHIN, ESQ.
DAVID B. HIRSCH, ESQ.

Court Reporter: Stacy A. Mace, RMR, CRR, RPR, CCR
Official Court Reporter
E-mail: SMaceRPR@gmail.com

Proceedings recorded by computerized stenography. Transcript produced by Computer-aided Transcription.

(In open court.)

THE COURTROOM DEPUTY: All rise.

(Judge ANN M. DONNELLY entered the courtroom.)

THE COURTROOM DEPUTY: This is criminal cause for a change of plea hearing, Docket Number 18-CR-478, USA versus Wanzhou Meng.

Counsel state your appearance, Government first.

MR. SOLOMON: Good afternoon, Your Honor.

Alex Solomon, David Kessler, Julia Nestor, Sarah Evans and Meredith Arfa for the Government.

THE COURT: Good afternoon.

MS. LEVIN: Your Honor, good afternoon. Michelle Levin on behalf of Wanzhou Meng, who is appearing today by video, she's on the screen, Jim Brochin and David Hirsch from Steptoe.

THE COURT: Good afternoon. And good afternoon, Ms. Meng.

I think the first --

MS. LEVIN: Your Honor, we have requested a court-appointed interpreter --

THE COURT: Right, I was just about ready --

MS. LEVIN: -- to translate the proceedings into Mandarin. This is Lisa Lu, who is going to be interpreting.

THE COURT: Okay. Let me just ask you first to make sure you are using the microphone. Thanks so much.

And let's begin by swearing the interpreter in.

THE COURTROOM DEPUTY: Raise your right hand for me.

Do you solemnly swear or affirm that you will well and truly interpret the proceeding now before this court?

THE INTERPRETER: I do.

THE COURTROOM DEPUTY: Please put your name on the record.

THE INTERPRETER: Lisa Lu.

THE COURTROOM DEPUTY: Thank you.

THE COURT: Thank you so much.

I think the first thing that we have to do is to, first of all, swear in Ms. Meng.

THE DEFENDANT: Okay.

THE COURTROOM DEPUTY: Please stand and raise your right hand.

Do you solemnly swear or affirm that the answers you are about to give will be the truth, the whole truth, and nothing but the truth?

THE DEFENDANT: Yes.

THE COURTROOM DEPUTY: Thank you.

(Defendant sworn.)

THE COURT: All right, the first thing that we need to do is to make sure that Ms. Meng consents to appearing by video conference.

THE INTERPRETER: I'm sorry, Your Honor.

THE COURT: No, go ahead.

(Interpreter translating.)

THE DEFENDANT: Yes.

THE COURT: Ms. Meng is appearing for this arraignment by video at the joint request of her lawyers and the Government in light of the current pandemic and pursuant to the Coronavirus Aid Relief and Economic Security Act, which is called The Cares Act, as well as our chief judge's most recent administrative order, and also pursuant to the criminal procedure law. This administrative order that the chief judge has signed allows for certain types of hearings in criminal cases to proceed by video conference with the defendant's consent.

Our normal procedure is to do an arraignment with the defendant present in open court, but we are actually doing the arraignment in the courtroom, but Ms. Meng is appearing by video. So, I want to make sure that Ms. Meng understands that she has the right to be physically present in open court for this proceeding.

Do you understand?

THE DEFENDANT: Yes, I understand it.

THE COURT: I think we have lost the connection.

Ms. Meng, can you still hear us?

THE DEFENDANT: Yes.

THE COURT: Now you're back, okay.

So, the second thing I want to make sure you understand is that you have the right to consult with your lawyers during this proceeding.

Do you understand?

THE DEFENDANT: Yes, I understand.

THE COURT: All right.

Have you consulted with your lawyers about waiving your right to appear in person?

THE DEFENDANT: Yes.

THE COURT: And do you agree to waive your right to appear in person and agree, instead, to appear by video?

THE DEFENDANT: Yes, I agree.

THE COURT: Okay.

Mr. Solomon, do we also have to get a consent to jurisdiction here? No? Okay, all right.

I think the next thing to do is then to arraign, Ms. Meng. Is that right?

MS. LEVIN: Your Honor.

THE COURT: Yes.

MS. LEVIN: To that point, we do waive the reading of the indictment.

THE COURT: Okay, but I am just going to do the rest of it, if that's all right with you?

MS. LEVIN: Of course.

THE COURT: All right.

Ms. Meng, you have been charged by a grand jury with conspiracy to commit bank fraud, with bank fraud, conspiracy to commit wire fraud, and with wire fraud.

Have you received a copy of, I think it is, the third superseding indictment?

THE DEFENDANT: Yes.

THE COURT: And have you had time to consult with your lawyers about the third superseding indictment?

THE DEFENDANT: Yes.

THE COURT: And do you understand the charges?

THE DEFENDANT: Yes.

THE COURT: I want to make sure that counsel has had enough time to discuss the charges with Ms. Meng.

Have you?

MS. LEVIN: Your Honor, we have, yes; thank you.

THE COURT: And I understand also, as you said before, that you are waiving a reading of the indictment; correct?

MS. LEVIN: Correct.

THE COURT: All right.

Ms. Meng, how do you plead to the charges, guilty or not guilty?

THE DEFENDANT: Not guilty, not guilty.

THE COURT: Okay. Before I hear from the Government on the speedy trial issue, I just want to put on the record

pursuant to Federal Rule of Criminal Procedure 5(f), I have already entered a written order on the docket to this effect, but I am reminding the prosecution of its obligation under Brady against Maryland and its progeny --

THE INTERPRETER: Sorry, Your Honor.

THE COURT: Progeny, P-R-O-G-E-N-Y.

(Interpreter translating.)

THE COURT: -- to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or punishment and known to the prosecution. The prosecution must make good faith efforts to disclose such information to the defense as soon as reasonably possible.

As I said, I have already put the written order on the docket that describes this obligation more fully, and that order applies to Ms. Meng, as well.

The prosecution has already confirmed that it understands its obligations and will fulfill them, but I am just ensuring that the prosecution understands the obligations with regard to this defendant and will fulfill them.

MR. KESSLER: Yes, Your Honor.

THE COURT: Okay.

Now, the next thing, perhaps, it's best to hear from Mr. Kessler about how you want to proceed next.

MR. KESSLER: Thank you, Your Honor.

At this time, the Government would like to make a motion for exclusion of time, and set forth the basis of that motion on the record.

So, Your Honor, the Government moves to exclude time in this case between today's date and December 1st, 2022 under the speedy trial statute.

Your Honor, the basis of that motion is a deferred prosecution agreement between the parties. A copy of that agreement has been provided to the Court, and it is signed by the Government by Ms. Meng, by her counsel, and by a translator for Ms. Meng.

Your Honor, I'd like to review some of the provisions of the DPA to establish the record for the exclusion of time.

So, the DPA calls for an exclusion of time from the date of Ms. Meng's arrest for four years, a period that would end on December 1st, 2022.

Pursuant to paragraph 4, if Ms. Meng complies with all of her obligations under the DPA, then the Government will move to dismiss the charges against her at the end of the deferral period.

Pursuant to paragraph 5 of the DPA, if Ms. Meng does not comply with her obligations, she can be prosecuted for the crimes in the third superseding indictment.

Paragraphs 6 and 7 relate to certain facts in a

Statement of Facts, and I would just like to read those two paragraphs in their entirety.

THE COURT: Okay.

MR. KESSLER: Paragraph 6 states:

Ms. Meng stipulates that she has reviewed the facts described in the Statement of Facts attached as Exhibit A to this agreement and incorporated by reference with the undersigned counsel and a translator, and that all of the facts in the Statement of Facts are true and accurate to the best of her information and belief. Should the offices pursue the prosecution that is deferred by this agreement, Meng stipulates to the admissibility of the Statement of Facts attached as Exhibit A to this agreement in any proceeding against her, including any trial, guilty plea or sentencing proceeding, and will not contradict anything in the Statement of Facts at any such proceeding.

And I will note for the record that there is a four-page Statement of Facts attached to the Deferred Prosecution Agreement.

Paragraph 7 reads:

Ms. Meng agrees that her entry into this agreement in general and, in particular, that her agreement that the Statement of Facts is true and accurate is being made knowingly and voluntarily.

Ms. Meng further agrees that she and her lawyers and

representatives authorized to speak on her behalf will not make any statements after entry into this agreement that, one, contradict any of the facts in the Statement of Facts or, two, state, suggest or imply in any way that her entry into this agreement was involuntary, unknowing or coerced. Any such statements by Meng, her lawyers or her representatives will constitute a breach of agreement under the terms of paragraph 5.

Pursuant to paragraph 3 of the agreement, the offices will recommend that Ms. Meng be released on a personal recognizance bond subject to certain standard conditions of release, which I think we can get to later in the proceeding.

And finally, under paragraph 2, upon execution of this Deferred Prosecution Agreement by all parties and approval by the Court of an exclusion of time under this agreement, the DOJ will promptly notify the Minister of Justice of Canada that it is withdrawing its request for Ms. Meng's extradition.

Your Honor, the Government submits that this Deferred Prosecution Agreement provides a valid basis pursuant to which to exclude --

THE COURTROOM DEPUTY: We lost feed.

THE COURT: I think we have just lost the video with Ms. Meng.

Can you hear us?

THE DEFENDANT: Yes.

THE INTERPRETER: Yes, she can hear.

THE COURT: Now she's back again.

MR. KESSLER: I will start again.

THE COURT: I think she disappeared after you stopped talking and is back now, so I think we're good.

MR. KESSLER: Okay, so as I said --

THE COURT: We have lost you again, Ms. Meng.

THE DEFENDANT: Not very clear.

THE COURT: Oh. We can hear you, but we just can't see you.

Is she with her counsel in Canada?

MS. LEVIN: She's with Canadian counsel.

THE COURT: Now, she's back. Okay.

Can you hear us?

THE DEFENDANT: Yes.

THE COURT: Okay.

MR. KESSLER: So, Your Honor, we believe the DPA provides a valid basis for excluding time. However, we think it is prudent for the Court also to inquire of both defense counsel and of Ms. Meng, herself, about a few items. Specifically, to confirm that Ms. Meng has reviewed the terms of the DPA with the assistance of a translator, that she understands all those terms, and that she agrees knowingly and voluntarily to enter into the DPA and to exclude time.

And, Your Honor, we have recommended some specific inquiry related to the Statement of Facts.

THE COURT: Okay.

All right, Ms. Meng, with respect to that Deferred Prosecution Agreement, has the entire Statement of Facts been translated for you into Mandarin?

THE DEFENDANT: Yes.

THE COURT: All right, we've lost the video again. I just want to make sure. Let's see if we can get Ms. Meng back. I think you can hear us. Okay, we have --

THE DEFENDANT: Yes, I can hear you loud and clear.

THE COURT: Okay. You said it is clear, right?

THE DEFENDANT: Yes.

THE COURT: Okay. All right, we've lost the video again. I think since Ms. Meng can hear us, I think it is probably okay to continue and I guess she will come back intermittently.

Is that okay with counsel?

MS. LEVIN: That is okay, Your Honor, she can hear us.

MR. KESSLER: Yes, Your Honor.

THE COURT: Okay.

And, Ms. Meng, have you read the entire Statement of Facts in Mandarin?

THE DEFENDANT: Yes.

THE COURT: Have you reviewed the entire Statement of Facts with your United States legal counsel and have you asked them any questions that you might have about the Statement of Facts?

THE DEFENDANT: Yes.

THE COURT: And have your counsel answered all of your questions, any questions that you might have had about the Statement of Facts?

THE DEFENDANT: Yes.

THE COURT: And is every statement of fact that is in the Statement of Facts true and accurate?

THE DEFENDANT: Yes.

THE COURT: Do you disagree with any statement of fact that is in the Statement of Facts?

THE DEFENDANT: No.

THE COURT: All right, now, with respect to the Deferred Prosecution Agreement, itself, have you had enough time to talk with your lawyer about that agreement?

THE DEFENDANT: Yes.

THE COURT: And do you understand it?

THE DEFENDANT: Yes.

THE COURT: And let me just ask counsel, have you had enough time to confer with Ms. Meng about the Deferred Prosecution Agreement and about excluding time pursuant to the Speedy Trial Act?

MS. LEVIN: Yes, Your Honor, we have.

THE COURT: I just want to make sure that the interpreter has a chance to interpret that.

Do you want me to say that again?

THE INTERPRETER: No.

THE COURT: All right.

(Interpreter translating.)

THE COURT: And are you entering into this agreement voluntarily and of your own free will?

THE DEFENDANT: Yes.

THE COURT: And has anybody forced you or threatened you to get you to sign, to agree to the Deferred Prosecution Agreement?

THE DEFENDANT: No.

THE COURT: And I have the same questions about the excluding the time, the speedy trial time.

Have your lawyers spoken to you about the fact that the speedy trial time will be excluded until December 1st --

MR. KESSLER: 2022.

THE COURT: -- of 2022?

THE DEFENDANT: Yes.

THE COURT: And do you understand that the time will be excluded until then?

THE DEFENDANT: Yes.

THE COURT: And, counsel, have you spoken to your

client about the Speedy Trial Act?

MS. LEVIN: Yes, Your Honor, we have.

THE COURT: Okay.

And are you voluntarily agreeing to exclude time under the Speedy Trial Act until December 1st of 2022?

THE DEFENDANT: Yes.

THE COURT: Excuse me for just a second.

(Pause.)

THE COURT: Has anybody forced you or threatened you to get you to agree to exclude the time?

THE DEFENDANT: No.

THE COURT: Anything else that the Government wants me to put to Ms. Meng?

MR. KESSLER: Your Honor, the only thing would be maybe a formality, but to inquire of Ms. Meng whether she is taking any medication or consumed any alcohol or anything that would make her mind not clear.

THE INTERPRETER: Your Honor, I didn't hear. I'm sorry.

MR. KESSLER: I'm sorry.

THE COURT: You know what, I will just ask the question.

And, just finally, Ms. Meng, have you taken any medication or anything that would interfere with your ability to understand today's proceedings?

THE DEFENDANT: No, I do not take any medication or any illegal substance that's going to affect my judgment.

THE COURT: Okay, and your mind is clear today, right?

THE DEFENDANT: Yes.

THE COURT: Okay.

Anything else that either side wants me to inquire of Ms. Meng?

MR. KESSLER: Not on this point, Your Honor.

MS. LEVIN: No, Your Honor.

THE COURT: All right.

Now, I think the next thing to be done is the issue of the personal recognizance bond. And do you have anything that you want to say about that?

I know it is detailed in the Deferred Prosecution Agreement. And let me just let the interpreter translate.

(Interpreter translating.)

THE DEFENDANT: Okay.

MR. KESSLER: So, Your Honor, we just put on the record that there was an agreement about her release on a personal recognizance bond subject to some of the standard conditions of release.

We believe that recommendation has been reviewed with Ms. Meng, and assuming the Court imposes those conditions of release as set forth in the DPA, we do not object to the

Court or defense counsel signing on Ms. Meng's behalf.

THE COURT: And I just think before we do all that, I should accept, I do accept the Deferred Prosecution Agreement and I find that the Government has established that the Deferred Prosecution Agreement is bona fide, so I will exclude the time until December 1st, 2022.

I should have done this at the beginning, I really apologize to the parties for keeping you waiting. I was otherwise detained, but I am sorry that you had to sit around for so long.

All right, anything else?

So, I have the personal recognizance bond. I think what I will do is give it to Ms. Greene, and I don't know what else you have to say about that. I guess I'll sign it.

MR. KESSLER: Your Honor, just to confirm that the conditions have been reviewed with Ms. Meng. I don't think you need to review them with her now.

THE COURT: Okay.

Ms. Meng, I just want to make sure that your counsel has reviewed the conditions of release with you.

THE DEFENDANT: Yes.

THE COURT: Anything else that we have to accomplish today?

MR. KESSLER: Your Honor, just to confirm that Ms. Meng doesn't object to the Court or her attorney signing

on her behalf.

THE COURT: Oh, of course.

Ms. Meng, I just want to make sure that you do not object to having your lawyer sign the Deferred Prosecution Agreement on your behalf.

THE DEFENDANT: Thank you, Your Honor. I have no objection.

THE COURT: Okay. All right, anything else?

MR. KESSLER: Not from the Government, Your Honor; thank you.

THE COURT: All right, thank you.

I think then we're done. I think I have to sign the bond, but other than that....

(Pause.)

THE COURT: All right, everybody. Thanks so much.

MR. KESSLER: Thank you.

THE COURT: Thank you, Ms. Meng.

THE DEFENDANT: Thank you.

(Matter adjourned.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Stacy A. Mace — September 24, 2021

STACY A. MACE — DATE