SIDLEY JENNER&BLOCK LLP Steptoe

November 9, 2026

**Via ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Huawei Technologies Co. Ltd.*, No. 18-457 (S-4) (AMD) (JAM)
Huawei's Request for Identification of Employees Whose Intent The Government Seeks to Attribute to Defendants

Dear Judge Donnelly:

The government has charged the Huawei defendants with ten separate counts of conspiracy in addition to substantive offenses. *See generally* Fourth Superseding Indictment ("S4 Indictment"), Dkt. 689. Under the government's *respondeat superior* theory, it must prove, for each defendant and each count, that at least one of its employees had the required intent to commit the charged crime. The defendants have repeatedly asked the government to identify the employees whose intent it seeks to attribute to the defendants. The government has not done so. Now that the government has rested, the defendants respectfully request that the Court exercise its inherent power and direct the government to identify which employees' alleged intent it seeks to attribute to the defendants, so the parties may propose appropriate jury instructions and prepare for summation. *See United States v. Hasting*, 461 U.S. 499, 505 (1983).

* * *

Under federal law, a corporation can be held liable "for the criminal acts of its agents taken on behalf of the corporation and within the scope of the agent's authority via the principle of *respondeat superior*." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 368 (2d Cir. 2018); *see United States v. Steiner Plastics Mfg. Co.*, 231 F.2d 149, 153 (2d Cir. 1956) (applying rule "to the conspiracy count as well as the substantive counts"); *United States v. Demauro*, 581 F.2d 50, 53 (2d Cir. 1978) (applying rule). The government is proceeding on a *respondeat superior* theory in this case. *See, e.g.*, Gov't Opp'n to Mot. to Dismiss, Dkt. 496 at 11 ("[T]he government expects that it will elicit evidence establishing the corporate entities' liability under a *respondeat superior* theory …."); Proposed Jury Instructions, Dkt. 780 at 64–65 (government's proposed jury instruction premised on *respondeat superior*).

For specific-intent offenses involving corporations, whether "the proscribed corporate intent" exists "depends on the wrongful intent of *specific employees*." *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1118 (D.C. Cir. 2009) (emphasis added). "A corporation can be held to have a particular state of mind only when that state of mind is possessed by a single individual." *First Equity Corp. of Fla. v. Standard & Poor's Corp.*, 690 F. Supp. 256, 260 (S.D.N.Y. 1988), *aff'd*, 869 F.2d 175 (2d Cir. 1989). Convicting each corporate defendant of

conspiracy, for example, requires the government to prove beyond a reasonable doubt that at least one of that defendant's employees, acting within the scope of employment, *knowingly* and *willfully* formed or joined the agreement charged. *See United States v. Berger*, 224 F.3d 107, 114 (2d Cir. 2000) (discussing conspiracy elements); *see also N.Y. Cent. & H. R.R. Co. v. United States*, 212 U.S. 481, 495 (1909) (recognizing the "knowledge and intent" of employees may be attributed to a corporate defendant). Because each defendant's liability on each count turns on the intent of a specific employee, the identity of that employee is not a peripheral detail; it is the central factual question of the government's case against that defendant.

The defense has long requested that the government identify the individuals it alleges conspired. Prior to trial, the defendants asked the government to identify the employee or employees whose state of mind it would seek to impute to each corporate defendant. The government provided a list of 348 individuals who, it alleges, "entered into the conspiracies charged in Counts One, Two, and Three." But roughly three-quarters of the names on the list were never mentioned in the government's case in chief, and the list itself makes no distinction between individuals who allegedly formed or participated in the overarching conspiracies charged in those counts and those who appeared in a single episode without any evidence they joined any overall conspiracy. Nor does the list address the seven other conspiracy counts or the substantive counts at all.

The government's case in chief did not resolve the issue. Although the government asserted in its opening that individuals in China were "pull[ing] the strings," Tr. 212, the government's evidence for Counts Two and Three focused on individual incidents of purported trade secret theft and on the individuals involved in those discrete incidents. *See, e.g.*, Tr. 1214–1216 (T-Mobile: Adam Xiong and Frank Wang); Tr. 2094, 5158, 5165 (Quintel: Dr. Sean Ma); Tr. 2004, 2490, 2500–2502 (CNEX: Hou Jiancen, Tang Kun, and Professor Bo Mao); Tr. 593 (Fujitsu: Zhu Yi Bin); Tr. 2651, 2711–2712 (Cisco: Zhao Yi and Sean Mao). The government did not establish that any of them coordinated with anyone "pulling the strings" or with any of the individuals involved in any other episode. As a result, with the government's evidence now closed, the defendants still do not know the government's theory of *respondeat superior*, *i.e.*, whose state of mind the government will ask the jury to attribute to each defendant.

The government's failure to identify the specific employees for these counts—and for the other charges—creates at least two distinct problems.

*First*, the failure to identify whose state of mind actually is at issue deprives the defendants of fair notice as to the theory of prosecution to which they must respond during closing argument. The conspiracy charges depend entirely on whether specific individuals knowingly and willfully agreed to the charged conspiracies, intending to further their criminal objectives. In Counts Two and Three, for example, the government must show that particular employees intended to enter a single conspiracy to steal the trade secrets of certain U.S. tech companies from 2000 to February 2020 and a single conspiracy to defraud those companies from 2009 to February 2020. S4 Indictment ¶¶ 92, 95; *see* Dkt. 547 at 28–29. But the alleged trade-secret episodes involve "entirely different Victim Companies, different alleged trade secrets, different individuals, different methods, and different, often widely disjointed timeframes over a span of twenty years." Dkt. 474-2 at 14. Without knowing whose intent is being attributed to them, the defendants cannot meet the

government's theory directly. *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (The "wide latitude accorded the prosecution" in a RICO conspiracy case comes with "an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope."); *United States v. Bortnovsky*, 820 F.2d 572, 574–75 (2d Cir. 1987) (finding defendants "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information" where "[t]he relevance of key events was shrouded in mystery at the commencement of and throughout the trial).

*Second*, the failure to identify, for each count, whose state of mind forms the basis of *respondeat superior* liability risks a conviction without juror unanimity. *Cf. First Equity*, 690 F. Supp. at 260 ("A corporation can be held to have a particular state of mind only when that state of mind is possessed by a single individual."). For the conspiracy counts, one subset of jurors may believe that individual A had the requisite intent, another subset that individual B did, and a third subset that C did. Without specifying the individual whose intent is at issue, the jury could convict without unanimously agreeing that anyone actually had the intent necessary to establish criminal corporate liability. *See Richardson v. United States*, 526 U.S. 813, 819, (1999) (requiring unanimity of which underlying violations satisfied statute to prevent "cover[ing] up wide disagreement among the jurors about just what the defendant did, or did not, do"); *United States v. Schiff*, 801 F.2d 108, 115 (2d Cir. 1986) (risk of juror non-unanimity where "complexity of the evidence or other factors create a genuine danger of jury confusion" (citing *United States v. Payseno*, 782 F.2d 832, 835–37 (9th Cir. 1986), which found lack of specific unanimity instruction where evidence showed acts affected different victims, at different times, in different locations, and by different means and individuals).

The request imposes little burden. The government has rested and its evidence is closed; there is no reason to continue to withhold its theory of liability from the defense. The Court has the inherent authority to require the government to disclose information material to the defense when the request is "reasonable in light of the circumstances." *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975), as well as "supervisory powers" "to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury," *Hasting*, 461 U.S. at 505; *see also* Fed. R. Crim. P. 57(b). Requiring the government to state its view now will narrow the issues for the charge conference, allow both sides to address the relevant evidence in summation, and reduce the risk of a verdict resting on an impermissible theory.

For these reasons, the defendants respectfully request that the Court direct the government to promptly identify, for each defendant and for each count, the employee or employees whose knowledge and intent purportedly establishes the defendant's guilt.

Respectfully submitted,

*/s/ David Bitkower*
David Bitkower
Katya Jestin
Matthew S. Hellman
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, D.C. 20001
(202) 639-6048
dbitkower@jenner.com

*/s/ Douglas A. Axel*
Douglas A. Axel
Melissa Colón-Bosolet
Michael A. Levy
Ellyce R. Cooper
Frank R. Volpe
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
(212) 839-5300
daxel@sidley.com

*/s/ Brian M. Heberlig*
Brian M. Heberlig
Ryan P. Poscablo
Julia Gatto
William L. Drake
Jessica I. Rothschild
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
rposcablo@steptoe.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc., Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*