Hon. Judge Ann Donnelly
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Public Access To Verdict Sheet and Jury Charge
U.S. v. Huawei Technologies Co., LTD et al., ~~1:24-cr-00260~~
CR.18-457

Dear Judge Donnelly,

We are reporters from Law360, Bloomberg, MLex, the New York Law Journal and Courthouse News, and we write to you in connection with the trial in U.S. v. Huawei et al. We are requesting public access to the jury charge (aka jury instructions) and verdict sheet in this case, as a final version of these documents has not been filed publicly on the docket, to the best of our knowledge.

Respectfully, we request that these documents either be publicly filed on the docket or that paper copies be given to the press. This is common practice among many judges in the Eastern District of New York and the Southern District of New York, and the jury charge has already been read orally in open court.

As you know, this is a highly complex and unique case, in both subject matter and the law. Access to these documents will help the press and the public understand the charges, and will be of great assistance to the press in our reporting on the verdict in this case, which is a matter of significant public interest.

Well established law in the U.S. Supreme Court and the Second Circuit supports our request.

Criminal trials are presumptively open, and the Supreme Court has recognized that the right of access for the press and public to criminal trials is paramount. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980) "it would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted[.]" See also, Globe Newspaper Co. v. Superior Ct., 457 U.S. 596 (1982) at 604–05 (quotations omitted) ("to the extent that the First Amendment embraces a right of access to criminal trials, it is to ensure that [the] constitutionally protected discussion of governmental affairs is an informed one.").

When considering the presumption of access, the Second Circuit has found that it's based "on the need for federal courts, although independent--indeed, particularly because they are independent--to have a measure of accountability and for the public to have confidence in the administration of justice." See U.S. v. Anthony R. Amodeo, Sr., et al.,.in Re Application of Newsday, Inc., Non-party Applicant-appellee, v. Meyer, Suozzi, English & Klein, P.c., Affected Non-party Appellant, 71 F.3d 1044 (2d Cir. Dec. 8, 1995) "Amodeo II."

The Second Circuit further held that "professional and public monitoring is an essential feature of democratic control," and "such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions." Amodeo II.

In considering what qualifies as a judicial document, the Second Circuit has found that it must "be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." U.S. v. Amodeo, 44 F.3d 141 (2d Cir. Jan. 4, 1995)) "Amodeo I."

Under this standard, we think the jury charge and verdict sheet clearly qualify as judicial documents. Contemporaneous access to these documents is also of great importance here, as a jury verdict could be handed down at any moment.

The Second Circuit has also weighed in favor of contemporaneous access to judicial documents, "[A] presumption of immediate access applies under both the common law and the First Amendment." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).

The Lugosch decision cites Grove Fresh Distrib., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir.1994) "[O]nce found to be appropriate, access should be immediate and contemporaneous...The newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression."

Thank you for your consideration of our request.

Sincerely,

Stewart Bishop -- Law360
Patricia Hurtado -- Bloomberg News
Samuel Rubenfeld -- MLex
Alyssa Aquino -- New York Law Journal
Nina Pullano -- Courthouse News

Alyssa Aquino