COURT EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

**UNITED STATES OF AMERICA,**

– against –

**HUAWEI TECHNOLOGIES CO., LTD.**, *et al.*,

Defendants.

**JURY INSTRUCTIONS**

18-CR-457 (AMD) (JAM)

--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Ladies and gentlemen of the jury, you have heard all the evidence in the case as well as the lawyers' arguments. I will now instruct you on the law that applies to this case. You have paid close attention to this case and I ask that you continue to do so as I give you these instructions. My instructions are divided into three parts.

First, I will instruct you about the general rules that define and govern your duties as jurors in a criminal case.

Second, I will give you instructions about the crimes charged in this case and the elements that the government must prove beyond a reasonable doubt for those crimes.

Third, I will give you some general rules about the process of your deliberations.

Keep in mind that you will have copies of the charge in the jury room.

## Table of Contents


GENERAL RULES AND DUTY OF THE JURY ....................4

I. Role of the Court and of the Jury ....................4

A. Equality of the Parties Before the Court ....................5

B. No Basing Verdict on Sympathy or Bias ....................5

C. Indictment, Burden of Proof, and Presumption of Innocence ....................6

D. Reasonable Doubt ....................7

E. Punishment ....................8

II. Evidence ....................8

A. The Definition of Evidence ....................8

B. Direct and Circumstantial Evidence ....................10

C. Charts and Summaries ....................12

D. Witness Testimony ....................12

E. No Particular Proof or Investigative Techniques Required ....................18

F. Evidence Lawfully Obtained ....................19

G. All Available Evidence Need Not Be Produced ....................19

H. Transcripts ....................19

I. Redactions ....................19

J. Depositions ....................20

K. Translations ....................20

THE LEGAL ELEMENTS OF THE CRIMES CHARGED ....................22

III. Indictment ....................22

IV. Venue ....................24

V. "And" Means "Or" ....................27

VI. Knowledge, Intent, and Willfulness ....................27

A. Intent to Defraud ....................29

VII. Conspiracy ....................30

A. Multiple Conspiracies ....................35

VIII. Acts and Statements of Co-Conspirators ....................36

IX. Aiding and Abetting ....................38

X. Corporate Liability ....................42

XI. Substantive Counts ....................44

A. Count Two: Conspiracy to Steal Trade Secrets ....................44

B. Count Three: Wire Fraud Conspiracy ..... 53
C. Count Six: Bank Fraud ..... 60
D. Count Four: Conspiracy to Commit Bank Fraud ..... 65
E. Count Five: Conspiracy to Commit Wire Fraud ..... 66
F. Count Seven: Wire Fraud ..... 67
G. Count Eight: Conspiracy to Defraud the United States ..... 68
H. Count Ten: IEEPA Violation ..... 74
I. Count Nine: Conspiracy to Violate IEEPA ..... 78
J. Count Eleven: Money Laundering Conspiracy ..... 79
K. Count Twelve: Conspiracy to Obstruct Justice ..... 83
L. Count One: Racketeering Conspiracy ..... 84
CLOSING INSTRUCTIONS ..... 100
I. Foreperson ..... 100
II. Deliberations ..... 100
III. Communication with the Court and Others ..... 101
IV. Right to See Exhibits and Testimony ..... 102
V. Verdict ..... 102
VI. Oath Reminder and Closing Remarks ..... 103

## GENERAL RULES AND DUTY OF THE JURY

### I. Role of the Court and of the Jury

I am going to begin by reminding you of your role as jurors and my role as the judge.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts in the evidence, and to draw those inferences that you believe are reasonable and warranted from the evidence.

My job is to instruct you on the law. You must follow the law as I give it to you and apply the law to the facts as you find them. It is your sworn obligation to follow the law as I give it to you, whether you agree with that law or not. You should not be concerned about the wisdom of any rule of law that I describe. Regardless of any opinion you may have about what the law may be — or what the law should be — you would violate your oaths as jurors if you based your verdict on anything other than the law as I give it to you.

If the lawyers have said something about the law that differs from my instructions, you must ignore it and be guided only by what I instruct you on the law. You should not single out any one instruction, but should consider my instructions as a whole.

Since it is your job — not mine — to find the facts, I have not expressed or implied an opinion about how you should decide the facts of this case. You should not conclude from any rulings I have made or anything I have said during the trial, including these instructions, that I have any opinion about the facts or the merits of this case, or about what your verdict should be. Don't attach any special significance to any questions that I asked the witnesses. If I asked a question, I did so either to make something clearer or to expedite the trial. I have no view about the guilt or innocence of the defendants. It is your job to determine the facts, not mine.

A. Equality of the Parties Before the Court

The fact that the government is prosecuting this case in the name of the United States of America should not affect your evaluation of the evidence and facts before you. The government is not entitled to greater consideration than the defendants. By the same token, it is entitled to no less consideration. All parties — government or individuals — stand as equals in this court and are entitled to equal consideration. Neither the government nor the defendants are entitled to any sympathy or favor.

B. No Basing Verdict on Sympathy or Bias

It is your responsibility to decide the facts with complete fairness and impartiality and without any bias or prejudice or sympathy for any party. You

must perform your duties as jurors with complete fairness and impartiality. You must consider the evidence carefully and impartially, follow the law as I give it to you, and reach a just verdict regardless of the consequences.

It would be improper for you to consider race, religion, national origin, ethnic background, occupation, sex, age or political views in any way during your deliberations. Every defendant is entitled to the presumption of innocence, and the government has the same burden of proof as to every defendant. It would also be improper for you to allow any feelings you may have about the nature of the crimes charged to influence your decision-making process.

C. Indictment, Burden of Proof, and Presumption of Innocence

The indictment is a document that the government uses to give the defendants notice of the charges against them and to bring them before the court. As I believe I said to you in my opening remarks, the indictment is an accusation and nothing more. The indictment is not evidence and it is entitled to no weight in your determination of the facts.

The defendants have pled not guilty to the indictment. The burden is on the government to prove the defendants guilty beyond a reasonable doubt. This burden never shifts to the defendants. They do not have to prove that they are not guilty; they do not have to present any evidence at all. The fact that the defendants presented evidence in their defense does not mean that the defendants have to

prove that they are not guilty. If the government does not meet its burden of proving each defendant's guilt beyond a reasonable doubt, you must reach a verdict of not guilty.

The defendants are presumed to be innocent of all charges against them. The presumption of innocence by itself, unless overcome by proof beyond a reasonable doubt, is enough to reach a verdict of not guilty. The defendants are presumed innocent unless and until you decide unanimously that the government has met its burden and proven each defendant guilty beyond a reasonable doubt. This presumption was with the defendants when the trial began, it remains with them now, and will continue into your deliberations, unless and until you are convinced that the government has proven their guilt beyond a reasonable doubt.

D. Reasonable Doubt

The standard of proof in a criminal case is proof beyond a reasonable doubt. What is a "reasonable doubt?" It is a doubt based upon reason and common sense — the kind of doubt that would cause a reasonable person to hesitate to rely on it and act on it in a matter of importance in his or her own life.

A reasonable doubt is not a caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid an unpleasant duty. It is not based on sympathy. Proof beyond a reasonable doubt is not proof beyond all doubt; rather,

it is proof that is so convincing that a reasonable person, based on that proof, would not hesitate to draw the conclusion offered by the government.

If after fair and impartial consideration of all the evidence you have heard in this trial, you have a reasonable doubt, it is your duty to acquit the defendants. But, if after fair and impartial consideration of all the evidence you have heard, you are satisfied of each defendant's guilt beyond a reasonable doubt, you should vote to convict.

E. Punishment

Under your oath as jurors, you are not permitted to consider the question of the punishment the defendants will receive if they are convicted. It is my duty, and my duty alone, to impose a sentence if a defendant is convicted. It is your job to weigh the evidence in the case and to determine whether the defendants are guilty beyond a reasonable doubt, solely based on the evidence.

## II. Evidence

I will now talk to you about what is evidence and how you should consider it.

A. The Definition of Evidence

You must determine the facts in this case based only on the evidence that you heard during the course of the trial, and on inferences that can reasonably be drawn from that evidence. The evidence consists of testimony from the witnesses on direct examination and cross examination, the physical exhibits that were

admitted into evidence, and any stipulations between the parties. A stipulation is an agreement between the parties that certain facts are true. You should regard the facts in the stipulations as true.

Certain things are not evidence and you should disregard them in deciding what the facts are in this case:

First, the lawyers' arguments and statements, including in their opening statements and closing arguments, are not evidence. If a lawyer said something about the evidence in an opening statement or in a closing argument that conflicts with your recollection of the evidence, it is your recollection that governs.

Second, questions that a lawyer asked a witness that the witness did not answer are not evidence.

Third, objections to the questions or exhibits are not evidence. Also, any statements the lawyers made when they objected are not evidence. The lawyers have a right and a duty to object and request a sidebar conference when they believe that a question is improper, or that a piece of evidence should not be received. You should not be influenced by any objections or by any of my rulings on the objections. If I sustained an objection, ignore the question. If I overruled an objection, treat the answer like any other answer.

Fourth, anything that I have stricken from the record and told you to disregard is not evidence.

Fifth, anything you may have seen or heard outside of the courtroom is not evidence. Your verdict, as I've said, must be based solely upon the evidence presented at this trial, or the lack of evidence. In this regard I have directed you not to read any newspaper articles to the extent there are any, watch any television or listen to radio news about this case or anything associated with it, or read anything on the Internet. That instruction continues to the very end of the case, until after you have rendered your verdict.

B. Direct and Circumstantial Evidence

There are, generally, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case.

Direct evidence is testimony from a witness about something the witness knows from the witness's own senses — something he or she has seen, felt, touched, tasted or heard.

Circumstantial evidence is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. In this courthouse we use a simple example to describe circumstantial evidence. Suppose you came to court on a day when the weather was clear, sunny and dry. And suppose that you can't look out the window. After you've been sitting in the courtroom for several hours, you see someone come in wearing a wet raincoat and another person shaking a wet umbrella. Now you cannot look outside of the courtroom and you cannot know

with your own senses whether or not it is raining. You have no direct evidence that it rained. But it would be reasonable and logical for you to infer from these circumstances — the wet coat, the wet umbrella — that it rained outside while you were sitting in court.

That is all there is to circumstantial evidence. On the basis of reason, experience and common sense, you can infer the existence or nonexistence of a fact from one or more established facts. Inferences are conclusions that reason and common sense lead you to draw from the facts that were established by the evidence. Use your common sense in drawing inferences. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. So, while you are considering the evidence, you are permitted to draw reasonable inferences from the proven facts in this trial.

The law makes no distinction between the weight to be given to direct and circumstantial evidence; one kind of evidence is not better than the other. You must base your verdict on a reasonable assessment of all the evidence in the case. I remind you that whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from the evidence, you must be convinced of a defendant's guilt beyond a reasonable doubt before you may convict.

C. Charts and Summaries

The government and the defendants presented exhibits in the form of charts and summaries. Some of the charts and summaries were admitted into evidence, and you may consider them as evidence. Other charts and summaries were used for demonstrative purposes and were not admitted into evidence. These were shown to you in order to save time, make certain evidence more meaningful, and to aid you in considering the evidence. It is for you to decide whether the charts or summaries correctly present the information from testimony and from the exhibits on which they were based.

D. Witness Testimony

*1. Witness Credibility*

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. There is no magical formula for determining that a witness is credible. You all make these decisions in your own lives, and the standards you use in your own lives are the same standards you should use here. Your determination of credibility depends upon the impression that a witness made upon you as to whether that witness was telling the truth or giving you an accurate version of what occurred. One of the best tools that you have is your common sense. In making your decision, you may take into account any number of factors, including the following:

- Did the witness have the opportunity to see, hear and know about the events he or she described?
- Could the witness remember and describe those things accurately?
- How did the witness testify? Was the witness honest and forthright? Did it seem like the witness was hiding something? Was the witness evasive? Did the witness testify differently on direct examination than on cross-examination?
- Was the witness' testimony reasonable in light of all the evidence in the case?
- Did the witness have any possible bias, any relationship to the government or the defendants, any loyalty or motive to shade the truth, or any possible interest in the outcome of the trial?
- Was the witness' testimony contradicted by the witness' other testimony, by what that witness said or did on a prior occasion, by other witnesses' testimony, or by other evidence?

Inconsistencies or discrepancies in a witness's testimony, or among the testimony of different witnesses, may or may not cause you to discredit a witness's testimony. If there is a discrepancy or an inconsistency, you should consider whether it relates to an important fact or whether it is an unimportant detail, whether it was intentional or was the result of an innocent mistake, and whether the witness had a common-sense explanation for the inconsistency. If you determine that a witness purposely lied to you, that is important and you should take it seriously.

As I mentioned, one factor you may consider in assessing credibility is whether the witness is interested or disinterested in the outcome of the trial. If the

witness is interested, you may consider that interest in determining how much credit or weight you will give the witness' testimony. A witness is an interested witness when, because of a relationship, friendship, antagonism, financial interest, or prejudice, the witness is biased or likely to be biased toward one side. On the other hand, a disinterested witness is a person who has no interest whatsoever in the outcome of the trial — a factor that you may consider in determining the credibility and weight that you want to give it.

However, you should not reject an interested witness' testimony merely because of that interest. Nor should you accept a witness' testimony merely because that witness is disinterested. It is your duty for all witnesses to accept the testimony that you believe is truthful and reject the testimony you believe is false. Interest and disinterest are merely factors you may consider in evaluating witness credibility.

A witness' testimony may be discredited or impeached by showing that the witness previously made statements that are inconsistent with the witness' testimony before you. It is your job to determine the weight, if any, to be given to all or part of the testimony of a witness who has been impeached by prior inconsistent statements. You should first determine whether the prior statement is inconsistent. If you find that a witness made an inconsistent statement, you may consider that fact in your assessment of that witness' credibility. You may

consider whether you believe the witness or accept the witness' testimony even though there was a prior inconsistent statement. In making this determination, you should consider the importance of the subject matter of the statement. If you find that the matter is relatively unimportant, you may decide not to attach much significance to the inconsistency. If you find that the matter is important, you may decide it casts substantial doubt on the witness' credibility.

If you find that a witness' statement on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the entire testimony.

*2. Expert Witness*

You heard expert witness testimony from the following witnesses:

- Richard Goodin, who compared Cisco's source code and the defendants' source code;
- Robert Amenta, who testified about the international banking system;
- Joel de Capua, who testified about the networking and data transmission infrastructure in the New York city area;
- Vivek Subramanian, who testified about CNEX's solid state disk ("SSD") board.
- Ian Jestice, who also testified about CNEX's SSD board.

Ordinarily, witnesses are limited to testifying about matters of fact, and the rules of evidence do not allow witnesses to testify about their opinions or conclusions. Experts are the exception to this rule. An expert witness is allowed to express an opinion on matters about which the witness has special knowledge and training. If specialized knowledge will help the jury understand the evidence or decide a disputed fact, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about that evidence or facts in the form of an opinion.

You should consider the expert testimony you heard in this case and give it the weight that you think it deserves. In weighing expert testimony, you may consider the expert's qualifications, the expert's opinion, the expert's demeanor and reasons for testifying, as well as all the other considerations that ordinarily apply when you are assessing the credibility of a witness. If you decide that the expert witness' opinion is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion was outweighed by other evidence, you may disregard the opinion entirely.

In short, the expert witness is the same as any other witness. You should not accept the testimony of an expert witness merely because the witness is an expert, or merely because I allowed the witness to testify about his or her opinion. Nor

should you substitute it for your own reason, judgment and common sense. It is solely for you to determine what the facts are in this case.

*3. Law Enforcement Witnesses*

You have also heard testimony from law enforcement agents. You should evaluate these witnesses' testimony in the same manner that you evaluate the testimony of any other witness. The fact that a someone is a law enforcement agent does not mean that you should give that witness' testimony any more or less consideration than any other witness. You should use all of the tests of credibility I have discussed with you to evaluate a law enforcement witness' testimony. It is up to you to decide, after reviewing the evidence, whether to accept the testimony of the law enforcement witnesses, and to give it whatever weight you believe it deserves.

*4. Witness Interviews*

You heard testimony that attorneys interviewed witnesses when preparing for and during the trial. You must not draw any unfavorable inference from that fact. On the contrary, attorneys must prepare their case as thoroughly as possible, and, in discharging that responsibility, it is appropriate that they interview the witnesses in preparation for trial and during the trial.

*5. Uncalled Witnesses*

You heard testimony about various people who did not testify. You should not draw any inferences or reach any conclusions as to what they would have testified to had they testified.

Remember that a defendant in a criminal case does not have any burden to call witnesses or produce any evidence.

*6. People and Entities Not on Trial*

You have heard that people and entities other than the defendants were involved in the charged crimes, but they are not on trial here. You may not draw any inference, favorable or unfavorable, towards the government or toward the defendants from the fact that those people or entities are not on trial before you. You should not speculate about why they are not on trial before you, and the fact that they are not on trial must not influence your deliberations in this case in any way. Your concern is only with the defendants on trial here.

E. No Particular Proof or Investigative Techniques Required

Although the government bears the burden of proof, and although a reasonable doubt can arise from a lack of evidence, the law does not require that the government prove its case through any particular means. Law enforcement techniques are not your concern. You are not to speculate about why the government used the techniques they did or why they did not use other techniques.

Your concern is to determine whether, based upon all the evidence presented in the case, the government has proven the defendants' guilt beyond a reasonable doubt.

F. Evidence Lawfully Obtained

During the trial in this case, you have heard evidence about a variety of investigative techniques and methods of collecting evidence. The evidence presented to you was obtained legally, and you can consider it. The methods used to collect evidence or investigate should not enter into your deliberations in any respect.

G. All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial, nor does the law require any party to produce as exhibits all papers and other items mentioned during the course of the trial.

H. Transcripts

There are recordings in evidence. Transcripts of these recordings are also in evidence. You should make your own interpretation of what appears on the recording based on what you heard. If you think you heard something different than what the transcript says, what you heard is controlling.

I. Redactions

Among the exhibits received in evidence, there are some exhibits that are redacted. That just means that part of the document was taken out. The redacted portions of an exhibit are not evidence, and you are to concern yourself only with the part of the exhibit that has been admitted into evidence. You should not speculate as to why the exhibit was redacted and what might be in any redacted portions of the exhibit.

J. Depositions

You heard testimony in the form of depositions, which are in evidence. A deposition is an examination of a witness by attorneys for both sides before trial. A court stenographer records the deposition, and the witness testifies under oath. You should use the same standards to evaluate the testimony of a witness who testifies in a deposition as a witness who testifies at trial.

K. Translations

During the trial, you heard from some witnesses who testified through interpreters. You have also seen documents and recordings that were partially or entirely written in languages other than English and you were given English translations of those documents or portions of documents and recordings. The parties have agreed upon the English translations of those documents and recordings, and the Court has admitted the translations into evidence. You are to consider the translated versions of the evidence. All jurors must consider the same

evidence. If any of you speak the languages in which witnesses testified or documents or recordings were shown, you must base your decision on the evidence presented in the English translations. These translations are evidence, not just guides, and you must consider them just like any other evidence in this case.

## THE LEGAL ELEMENTS OF THE CRIMES CHARGED

I will now turn to the second part of these instructions. I will explain to you the elements of the crimes charged in the indictment that the government must prove beyond a reasonable doubt.

### III. Indictment

There are four defendants in this case: Huawei Technologies Co., Ltd., which I will refer to as "Huawei Technologies," Huawei Device Co., Ltd., which I will refer to as "Huawei Device," Huawei Device USA Inc., which I will refer to as "Huawei Device USA," and Futurewei Technologies, Inc., which I will refer to as "Futurewei." As I said before, the defendants are formally charged in an indictment which is not proof of anything and you should not consider it as proof of anything.

There are twelve counts for you to consider. You must render a separate verdict as to each count. I will go over the counts in detail later, but will summarize them now.

- Count One charges Huawei Technologies, Huawei Device USA, and FutureWei with racketeering conspiracy.
- Count Two charges all of the defendants with conspiracy to steal trade secrets.
- Count Three charges all of the defendants with conspiracy to commit wire fraud.
- Counts Four charges Huawei Technologies with conspiracy to commit bank fraud.

*U.S. v. Huawei Technologies Co. LTD et al.* **(18-cr-457)**

?? Duplicate

- Count Five charges Huawei Technologies with conspiracy to commit wire fraud.
- Count Six charges Huawei Technologies with bank fraud.
- Count Seven charges Huawei Technologies with wire fraud.
- Count Eight charges Huawei Technologies with conspiracy to impair, impede, obstruct, and defeat the lawful government functions of the Office of Foreign Assets Control ("OFAC").
- Count Nine charges Huawei Technologies with conspiracy to violate the International Emergency Economic Powers Act ("IEEPA").
- Count Ten charges Huawei Technologies with violating IEEPA.
- Count Eleven charges Huawei Technologies with money laundering conspiracy.
- Count Twelve charges Huawei Technologies and Huawei Device USA with conspiracy to obstruct justice.

Each count charges one or more of the defendants with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each count and defendant. Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

In reaching your verdict, bear in mind that the question of guilt is individual. Your verdict as to each defendant must be determined separately with respect to that defendant and solely on the evidence — or lack of evidence — presented against that defendant, without regard to the guilt or innocence of any other

defendant. Your verdict as to one defendant on any count should not control your decision as to any other defendant or any other count. You should not speculate about why a defendant is or is not charged in certain counts of the indictment.

## IV. Venue

Venue refers to the location of the charged crimes. The indictment alleges that the crimes charged occurred in part in this judicial district, which is the Eastern District of New York. This district encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island, and the waters within Manhattan and the Bronx, which include the waters surrounding the island of Manhattan that separate Manhattan from the outer boroughs of New York City and from the State of New Jersey, as well as the air space above the district or the waters in the district. The island of Manhattan itself is in the Southern District of New York.

To establish a venue for a crime in this district, the government may prove that some act constituting an element of the charged crime happened in the Eastern District of New York. This means that with respect to the crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act constituting an element of the crime took place in this district. Indeed, a defendant need not personally have been present in the district for venue to be

proper. Venue turns on whether any part of the crime was committed in the district. Venue is proper in a district where the defendant intentionally or knowingly causes an act constituting an element of the charged offense to occur or where it is foreseeable that such an act would occur in the district.

For some of the charges, the government may also prove venue in additional ways.

To establish venue for the conspiracies charged in Counts One, Two, Three, Four, Five, Eight, Nine, Eleven, and Twelve, the government need only establish that an overt act in furtherance of the conspiracy was committed in the Eastern District of New York. An overt act is any act performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy. The act need not be unlawful; it can be any act, innocent or illegal, as long as it is done in furtherance of the object or purpose of the conspiracy. Additionally, the actions of co-conspirators, as well as actions of third parties caused by defendants or their co-conspirators, may establish venue if the acts are overt acts in furtherance of the conspiracy and it was reasonably foreseeable to the defendant that the acts would occur in the Eastern District of New York. For the conspiracy to obstruct justice charge (Count Twelve) — and this charge alone — the government may demonstrate venue by proving that a defendant intended to affect an official proceeding, whether or not that proceeding was pending or about to be instituted,

in this district. Here, the government alleges that some defendants sought to obstruct a grand jury investigation in this district.

In determining whether an act constituting an element or an overt act in furtherance of the crime you are considering occurred in the Eastern District of New York, you may consider a number of things. Venue can be conferred based on physical presence or conduct. Passing through a district, including through or over waters, is sufficient to confer venue. For wire fraud and wire fraud conspiracy charges, venue can be based on electronic impulses, including electronic communications, data transfers, or banking transfers passing through a district. For those counts, venue lies in any district where electronic communications or banking transfers are sent or received and any district through which electronic communications or banking transfers are routed. The government does not need to prove all of these bases of venue; any one is sufficient. It is up to you to determine whether the government has proved them.

While the government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, the government must prove venue by the lesser standard of preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial.

## V. "And" Means "Or"

Although the indictment charges that the statute was violated by acts that are connected with the word "and," it is sufficient if the evidence establishes violations of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## VI. Knowledge, Intent, and Willfulness

During these instructions, you will hear me use the terms "knowingly," "intentionally," "willfully," and "intent to defraud." I will define these terms for you now.

To act "knowingly" means to act purposefully and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by its conduct and by all of the facts and circumstances surrounding the case.

A defendant acts "intentionally" when it acts deliberately and purposefully. That is, the defendant's acts must have been the product of its conscious, objective decision, rather than the product of a mistake or accident. You may infer that a defendant ordinarily intends all natural and probable consequences of an act knowingly done. It is sufficient that a defendant intentionally engages in conduct, and that the law forbids that conduct. For its act to be "intentional," the defendant

need not have been aware of the specific law that its conduct may have violated, or indeed of the fact that the conduct violated the law at all.

An act is done "willfully" if it is done with a knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. While the government must show that the defendant knew that its conduct was unlawful, it is not necessary for the government to show that the defendant was aware of the specific law, rule, or regulation that the conduct may have violated. The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Similarly, if a defendant believed in good faith that it was acting properly or within the bounds of the law, its conduct was not "willful." This is true even if the defendant was mistaken in its belief that its conduct was lawful, and even if others were injured by its conduct, because a good faith belief in the lawfulness of one's conduct is inconsistent with willfulness and criminal intent. Good faith is a complete defense to any charges that require willfulness, intent to defraud, or corrupt intent. The defendants do not have to prove that they were acting in good faith because the defendants do not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with an intent to defraud, willfulness, or other criminal intent.

A. Intent to Defraud

To act with "intent to defraud" or a "specific intent to defraud" means to act knowingly and with the specific intent to deceive for the purpose of obtaining money or property from the victim. There is no requirement that the intended victim actually suffered financial loss, only that loss of money or property was intended by the defendant. A statement made with a good faith belief in its accuracy is not a knowingly false statement and is not fraudulent. This is so even if the statement is untrue.

A defendant who acts, or causes another person or entity to act, on a belief or an honestly held opinion is not liable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct. However, a defendant does not act in good faith if, even if the defendant honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises about that opinion or belief.

Whether a defendant acted knowingly, intentionally, willfully, or with intent to defraud is a question of fact for you to determine, like any other fact question. Direct proof of a defendant's state of mind is almost never available. It would be a rare case where it could be shown that a defendant wrote or stated that as of a given time in the past the defendant committed an act with fraudulent intent. Such direct

proof is not required. The ultimate facts of a defendant's state of mind may be established by circumstantial evidence, such as a defendant's outward manifestations, words, conduct, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

## VII. Conspiracy

The indictment, in nine counts, alleges that the defendants conspired to violate different federal laws. First, I will instruct you on the elements of conspiracy under federal law. Later, I will give you instructions on the federal laws the indictment charges that the defendants conspired to violate.

A conspiracy is an agreement by two or more people to accomplish some unlawful purpose. A conspiracy is sometimes referred to as a criminal partnership. The crime of conspiracy is an offense that is separate from the crime the alleged conspirators intended to commit. A conspiracy is in and of itself a crime, even if it does not achieve its purpose.

The Indictment charges the defendants with nine conspiracies. Here are the elements of the crime of conspiracy:

<u>First:</u> two or more people or entities knowingly and intentionally conspired, or agreed to commit an unlawful act; and

<u>Second:</u> the defendant you are considering knowingly and intentionally became a member of the conspiracy.

The first element of conspiracy requires that two or more people or entities knowingly and intentionally conspired or agreed to commit an unlawful act. The essence of the crime of conspiracy is an understanding or agreement between or among two or more people or entities to act together to accomplish a common objective that they know is unlawful. The illegal goal the co-conspirators agree or hope to achieve is called the "object of the conspiracy." You may find a defendant guilty of conspiracy — in other words, agreeing to commit the unlawful acts charged — even if you find that the objects of the conspiracy were never committed. Count One charges racketeering conspiracy, Count Two charges conspiracy to steal trade secrets, Counts Three and Five charge conspiracy to commit wire fraud, Count Four charges conspiracy to commit bank fraud, Count Eight charges conspiracy to defraud the United States, Count Nine charges conspiracy to violate IEEPA, Count Eleven charges money laundering conspiracy, and Count Twelve charges conspiracy to obstruct justice. I will explain to you more fully the nature of a conspiracy, and the kind of evidence that proves the existence of an agreement.

In order for the government to satisfy this element, you do not have to find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or

purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. The government must prove that there was a mutual understanding, either spoken or unspoken, between two or more people or entities to cooperate with each other to accomplish an unlawful act.

You may find there is direct proof of an agreement to disobey or disregard the law. But since conspiracy is generally, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of the case and the conduct of the parties involved.

In the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed, consider the actions and statements of all those you find to be participants as proof that a common design existed on the part of those people to act together for the accomplishment of an unlawful purpose.

The second element requires the government to prove that the defendant you are considering knowingly and intentionally joined the conspiracy. I have already instructed you on the terms "knowingly" and "intentionally," which you should apply here. For the government to prove the conspiratorial guilt of a defendant, it must establish both that a conspiracy existed and that the defendant became a member of or participated in the conspiracy intentionally and with knowledge and in furtherance of its unlawful purpose. In deciding whether a defendant was a

member of the conspiracy, you should consider whether, based upon all of the evidence, the defendant knowingly and intentionally joined the conspiracy. Did it participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objectives? Proof of a financial interest in the outcome of a scheme is not essential, although if you find that a defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a defendant's motive to join the conspiracy.

If a defendant joined the conspiracy, the extent of his participation does not matter. In other words, the law does not require that a defendant play an equal role as another conspirator. Each member of a conspiracy may perform different acts and may perform them at different times. Some conspirators may play major roles, others may play minor roles. Even if a defendant played only a minor role in the conspiracy, you may find it guilty of participation if you find that it joined the conspiracy.

The government must prove a defendant's participation in the conspiracy beyond a reasonable doubt, by proof based on reasonable inferences drawn from evidence of a defendant's acts, conduct, statements, or declarations, and its connection with the acts and conduct of other alleged co-conspirators.

The defendants need not have been members of the conspiracy from its very start to be co-conspirators. They may have joined in at any point during its

progress and be held responsible for all that was done before they joined and after they joined. A person or entity who has no knowledge of the conspiracy but happens to act in a way that furthers some object or purpose of the conspiracy does not thereby become a co-conspirator. To find that a defendant joined in a conspiracy, you must be convinced beyond a reasonable doubt that a defendant knowingly and voluntarily entered into the alleged agreement.

Keep in mind, though, that mere similarity of conduct or the fact that people may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that a defendant's acts merely happen to further the purposes or objectives of the conspiracy, without its knowledge, does not make that defendant a member of the conspiracy. More is required under the law. A defendant must have participated with knowledge of the purpose of the conspiracy and with the intention of aiding in the accomplishment of that unlawful purpose.

Some conspiracies require an "overt act." An "overt act" is any action intended to help achieve the object of the conspiracy. The act itself does not have to be a crime, considered on its own. It may be as innocent or simple as attending a meeting; writing or sending a letter, note, or fax; depositing, cashing,

transferring, or issuing a check; or placing a telephone call. However, it must be an act that furthers or lends to the accomplishment of the plan or scheme. When I address the various charged conspiracies, I will tell you whether the government must prove an overt act.

A. Multiple Conspiracies

In this case, the government has charged the defendants with conspiracies in Counts One, Two, Three, Four, Five, Eight, Nine, Eleven, and Twelve. For each conspiracy count, the government is required to prove that there was a single conspiracy, not multiple conspiracies. Multiple conspiracies exist when there are separate unlawful agreements, operating independently of each other, to achieve distinct purposes or objectives. The defendants contend that, as to each conspiracy count, the government has not proved the existence of a single conspiracy.

In order to prove a single conspiracy, the government must prove that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal. The co-conspirators do not need to agree on the details of the conspiracy, as long as they agreed on the essential nature of the plan. It is also not necessary that the conspirators know the identities of all of the other conspirators for you to find that there was a single conspiracy.

You may find that there was a single conspiracy even if there were changes in membership by the termination, withdrawal, additions of new members, or activities, or both, as long as you find that some of the co-conspirators continued to act for the duration of the conspiracy for the purpose charged in the respective count of the Indictment.

A single conspiracy is not transformed into multiple conspiracies merely because it may involve two or more phases, changes in location, or different time periods, as long as there is sufficient proof of mutual dependence and assistance.

On the other hand, if you find that for a particular count there was no conspiracy, or that there were multiple conspiracies, you cannot find any defendant guilty of the conspiracy charged in that count. Likewise, if you find that the conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in a particular count, then you must acquit that defendant of the conspiracy charged in that count.

## VIII. Acts and Statements of Co-Conspirators

I have admitted into evidence against the defendants the acts and statements of people who were, the government charges, the defendants' co-conspirators on trial.

The reason to allow this evidence has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for those acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then acts or statements in furtherance of the conspiracy of anyone that you find was a member of that conspiracy may be considered against the defendant as long as the acts and statements were reasonably foreseeable to the defendant. This is so even if those acts were done and statements were made without the defendant's knowledge.

However, before you may consider a co-conspirator's statements or acts in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements were made by someone who was not a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, you may not consider them as evidence against a defendant.

## IX. Aiding and Abetting

There is a separate theory by which a defendant can be guilty of committing a crime, even if the defendant does not directly commit the crime itself. This is called "aiding and abetting." This theory of guilt does not apply to every count. When I give the instructions for each count, I will identify those for which you may find a defendant's guilt as an aider or abettor. I will now instruct you on the two ways in which a defendant may be found guilty of aiding and abetting under federal law.

The first is defined under federal law in Title 18, United States Code, Section 2, which provides, in relevant part:

> Whoever commits an offense against the United States or aids and abets or counsels, commands or induces, or procures its commission, is punishable as a principal; and

Under this section of the aiding and abetting statute, the government does not have to prove that a defendant physically committed the act or crime with

which it is charged in order to find the defendant guilty. A person or entity that aids or abets another to commit a crime is just as guilty of that crime as if the person or entity committed it themselves.

Accordingly, you may find a defendant guilty of the crime charged under this section of the aiding and abetting statute if you find that the government has proven beyond a reasonable doubt that another person or entity actually committed the crime with which the defendant is charged, and that the defendant aided or abetted that person or entity in the commission of the crime.

As you can see, the first requirement is that you find that a person or entity actually committed the act or crime charged. No one can be convicted of aiding or abetting the criminal acts of another under this section of the statute if the other person or entity did not commit a crime in the first place. If you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that it participated in the crime by doing some act to help make the crime succeed.

To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

Merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. A person or entity who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did it participate in the crime charged as something it wished to bring about?
- Did it knowingly and willfully associate himself with the criminal venture?

- Did it seek by its actions to make the criminal venture succeed?

If it did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then that defendant is not an aider and abettor, and you must find it not guilty.

The second way of aiding and abetting a crime is by willfully causing a crime. Section 2(b) of the aiding and abetting statute reads:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

What does the term "willfully caused" mean? It does not mean that the defendant itself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

- Did the defendant intend that the crime occur?
- Did the defendant intentionally cause another person or entity to commit the crime?

If you are persuaded beyond a reasonable doubt that the answers to both of these questions is "yes," then the defendant is guilty of the charged crime just as if it had actually committed it. If, on the other hand, your answer to any of those

questions is "no," then you must find the defendant not guilty as an aider and abettor under this section of the aiding and abetting statute.

## X. Corporate Liability

In this case, the defendants are corporations. A corporation is a legal entity and is considered a person under law. You should not treat the defendants any differently just because they are corporations. A corporate defendant is entitled to the same fair consideration that you would give any individual defendant.

A corporation may be found guilty of a criminal offense. A corporation can only act through its agents – that is, its directors, officers, and employees, or other people authorized to act for it, like its owners or principals. A corporation is legally responsible for its agents' acts or omissions in the course of their employment. Before you may find a corporate defendant guilty, you must find that the government has proved beyond a reasonable doubt that all of the elements of the offenses as I will explain them to you have been met with respect to the corporation in the form of acts or omissions of its agents that were performed within the scope of their employment.

The government may establish that an agent was acting within the scope of his or her employment in various ways.

First, if the corporation specifically authorized the act or omission, the act or omission was within the scope of the agent's employment.

Second, even if the corporation did not expressly authorize the act or omission, it may still be within the scope of an agent's employment if the agent intended that his or her act would produce some benefit to the corporation and that the agent was acting within his or her authority. An act is within an agent's authority if it was directly related to the performance of the kind of duties that the agent had the general authority to perform. The government does not have to prove that the corporation actually benefited – only that the agent intended that the corporation would benefit.

If you find that the agent was acting within the scope of his or her employment, the fact that the agent's act was illegal, contrary to the employer's instructions, or against the corporation's policies will not relieve the corporation of responsibility for the act. However, in deciding whether the agent intended to benefit the corporation, or was acting within his or her authority, you may consider whether the agent disobeyed instructions or violated company policy. The government does not need to prove that the agent was concerned only with benefiting the corporation; as long as one of the agent's purposes was to benefit the corporation, that is sufficient.

Finally, if you find that the agent was not acting within the scope of his or her authority at the time, you should then consider whether the corporation later approved the act. An act is approved after it is performed if another agent of the

corporation, having full knowledge of the act and acting within the scope of his or her employment, approves the act by words or conduct. A corporation is responsible for any act or omission that its agents approved in this way.

## XI. Substantive Counts

I will now instruct you on the specific charges. I will begin with the instructions for Count Two through Twelve, before instructing you on Count One.

### A. Count Two: Conspiracy to Steal Trade Secrets

Count Two charges Huawei Technologies, Huawei Device, Huawei Device USA, and FutureWei with conspiracy to steal trade secrets:

> In or about and between 2000 and February 2020, both dates being approximate and inclusive, in the Eastern District of New York and elsewhere, the defendants HUAWEI TECHNOLOGIES, HUAWEI DEVICE, HUAWEI DEVICE USA and FUTUREWEI, together with others, knowingly, and with intent to convert one or more trade secrets that were related to a product used in or intended for use in interstate and foreign commerce, conspired to (a) steal, and without authorization appropriate, take, carry away and conceal, and obtain by fraud, artifice and deception such trade secrets, (b) without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate and convey such trade secrets, (c) receive, buy and possess such trade secrets, knowing the same to have been stolen and appropriated, obtained and converted without authorization, to the economic benefit of HUAWEI TECHNOLOGIES, HUAWEI DEVICE, HUAWEI DEVICE USA and FUTUREWEI, and intending or knowing that the offense would injure any owner of those

of nonpublic intellectual property belonging to other companies.

These overt acts alleged in the indictment are examples of conduct that the defendants or their co-conspirators are alleged to have undertaken to further the conspiracy. The government is not required to prove all of these acts. For the government to satisfy its burden of proof on this element, it must prove, beyond a reasonable doubt, either that the defendants or at least one co-conspirator knowingly committed at least one overt act in furtherance of some object or purpose of the conspiracy.

You do not have to reach a unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was committed in furtherance of the conspiracy charged in Count Two.

The object of the charged conspiracy in Count Two is to steal trade secrets. I will now explain the elements for the theft of trade secrets charge. Some of the statutory requirements for theft of trade secrets changed on December 28, 2012, and you must apply different standards to conduct that occurred before December 28, 2012 and conduct that occurred after December 28, 2012. Theft of trade secrets has five elements:

(b) On or about May 29, 2013, a HUAWEI DEVICE USA employee accessed a T-Mobile USA, Inc. ("T-Mobile") laboratory and surreptitiously placed a robot arm, which comprised and included trade secret information of T-Mobile, into a laptop bag and secreted the robot arm from the laboratory.

(c) In or about July 2013, HUAWEI TECHNOLOGIES and HUAWEI DEVICE launched a formal policy to encourage employees to steal confidential information from competitors.

(d) On or about June 9, 2015, CNEX Labs, Inc. ("CNEX") emailed a presentation marked "Proprietary and Confidential" to HUAWEI TECHNOLOGIES describing CNEX's architecture for solid state drives, which HUAWEI TECHNOLOGIES personnel distributed internally, notwithstanding oral promises to maintain confidentiality and not to distribute the information to HUAWEI engineers.

(e) On or about June 18 and 21, 2017, HUAWEI TECHNOLOGIES tried unsuccessfully to purchase CNEX's nonpublic proprietary technology directly from the Distributor without CNEX's permission and without informing CNEX.

(f) On or about August 2, 2017, Professor Bo Mao emailed testing results of software run on the Board to HUAWEI TECHNOLOGIES, contrary to the Agreement between Professor Bo Mao and CNEX, which expressly prohibited the direct or indirect transfer of rights or usage in the Board to third parties.

(g) In or about 2017, HUAWEI TECHNOLOGIES circulated an internal memorandum calling for the use of reverse engineering teams which would rely on external resources to obtain third-party analysis

of conspiracy to steal trade secrets, the government must prove each of two elements beyond a reasonable doubt.

First, the government must prove the existence of a conspiracy between two or more people or entities to steal trade secrets. I have previously instructed you about the elements of conspiracy, and those instructions apply here.

Second, the government must prove that each defendant knowingly and intentionally became a member of, and joined in, that conspiracy. I have previously instructed you about the definition of "knowingly" and "intentionally", and those instructions apply here.

For this conspiracy, the government must prove beyond a reasonable doubt that some member of the conspiracy, not necessarily a defendant, committed an overt act in furtherance of the conspiracy after February 13, 2015 and did so knowingly — that is, voluntarily and purposely and not because of mistake or accident or some other innocent reason.

For Count Two, the indictment alleges the following overt acts were committed in the Eastern District of New York and elsewhere:

> (a) On or about October 30, 2009, FUTUREWEI filed a provisional patent application with the U.S. Patent and Trademark Office that used and relied upon in large part misappropriated Quintel USA Inc./Quintel Technology Limited ("Quintel") trade secret information.

> trade secrets, to wit: the trade secrets of companies headquartered or with offices in the United States.

The relevant statute covering this charge is section 1832(a) of Title 18 of the United States Code. That section states that it is unlawful for someone with the "intent to convert a trade secret, that is related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret," to "knowingly"

> (1) steal, or without authorization appropriate, take, carry away, or conceal, or by fraud, artifice, or deception obtain such information;
>
> (2) without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicates, transmit, deliver, send, mail, communicate, or convey such information; or
>
> (3) receive, buy, or possess such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization.

As I explained earlier, the crime of conspiracy to violate a federal law is a separate offense from the underlying crime. For Count Two, the government does not have to prove that the defendants actually stole trade secrets, the unlawful act charged as the object of the conspiracy in Count Two. The government does not have to prove that the technology at issue was a trade secret, but that the defendants believed it was a trade secret. However, to prove the defendants' guilt

First, the defendants knowingly copied, stole, transmitted, or possessed, bought or received information from the owner of the information, knowing that it did not have the owner's authorization to obtain the information;

Second, that the stolen information was a "trade secret," which I will define for you;

Third, that the defendant knew the information was proprietary;

Fourth, for conduct occurring before December 28, 2012, that the information was related to or included in a product placed in or produced for interstate or foreign commerce. For conduct after December 28, 2012, that the information was related to a product or service used in or intended for use in interstate or foreign commerce; and

Fifth, that the defendant acted with the intent to convert the information to the economic benefit of itself or another, knowing or intending that this would injure the owner of the information.

I will now explain each of these elements.

The first element is that the defendant knowingly copied, stole, transmitted, or possessed, bought or received, knowing that it did not have the owner's authorization to obtain the information.

As I have previously instructed you, to act knowingly means to act purposefully and voluntarily, and not because of mistake, accident, or carelessness.

To act without authorization means to act without the owner's permission, approval, or consent. An owner of information may provide proprietary information to others for a limited purpose, such as allowing an employee to bring the information home to work on for the employer's benefit. However, if the employee then starts to use the information for his or her own benefit, or provides it to another for that other person's or company's benefit, then at that point the employee acts without authorization.

The second element the government must prove beyond a reasonable doubt is that the stolen information was a "trade secret."

A "trade secret" can be any form of specialized financial, business, scientific, technical, economic, or engineering information as long as two requirements are met:

First, the owner of the information must have taken reasonable precautions under the circumstances to keep the information secret. Whether the steps taken by the owner were reasonable depends on the nature of the trade secret, its economic value, and the threat and ease of theft.

Second, the information must have been economically valuable to the owner because it was secret, meaning that other people who could have drawn economic value from using or disclosing the information generally could not obtain the information.

The third element the government must prove beyond a reasonable doubt is that the defendant knew the information was proprietary.

The government is not required to prove that the defendant knew that the information met all of the legal requirements of a trade secret as I just defined that term. What the government must prove beyond a reasonable doubt is that the defendant or a co-conspirator believed that the information was a trade secret.

For conduct occurring before December 28, 2012, the fourth element the government must prove beyond a reasonable doubt is that the information was related to or included in a product placed in or produced for interstate or foreign commerce. For conduct occurring after December 28, 2012, the fourth element the government must prove beyond a reasonable doubt is that the information was included in a product or service used in or intended for use in interstate or foreign commerce.

Interstate commerce means commerce between businesses or individuals in different states. Foreign commerce is commerce between individuals and businesses in the United States and those outside the United States.

For conduct occurring before December 28, 2012, a product is "placed in" interstate or foreign commerce when it is introduced into the marketplace. A product is "produced for" interstate or foreign commerce when it is still being developed or readied for future introduction into the marketplace but has not yet

reached the marketplace. For conduct after December 28, 2012, a trade secret is related to a product or service used in or intended for use in interstate or foreign commerce when it is incorporated into a product or service that is distributed in interstate commerce or is incorporated in a product or service that is used or intended to be used by its owner to engage in transactions in interstate commerce.

The fifth element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to convert the information to the economic benefit of itself or another, knowing or intending that this would injure the owner of the information.

To act with intent means to act purposefully and deliberately and not because of accident, mistake, carelessness or other innocent reason.

To convert means to take possession of another's property in a way that interferes with the owner's right to control or use its property.

In the context of this case, an intent to convert the information means that the defendant intended to use the owner's trade secret for its economic benefit or for the benefit of some other person or company, and to the detriment of the owner. The government is not required to prove that the defendant or any other party actually benefitted from taking the trade secret, although you may take into consideration whether someone benefitted or not in determining whether the defendant had this intent.

B. Count Three: Wire Fraud Conspiracy

Count Three charges Huawei Technologies, Huawei Device, Huawei Device USA, and FutureWei with wire fraud conspiracy:

> In or about and between 2009 and February 2020, both dates being approximate and inclusive, in the Eastern District of New York and elsewhere, the defendants HUAWEI TECHNOLOGIES, HUAWEI DEVICE, HUAWEI DEVICE USA and FUTUREWEI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud companies headquartered or with offices in the United States, and to obtain money and property from companies headquartered or with offices in the United States, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds.

In order to sustain its burden of proof with respect to the conspiracy to commit wire fraud charged in Count Three, the government must prove each of two elements.

First, it must prove that there was a conspiracy between two or more people or entities to commit wire fraud. I have previously instructed you on the elements of conspiracy, and those instructions apply here.

Second, the government must prove that the defendant knowingly and intentionally became a member of and joined that conspiracy. I have previously

defined knowingly and intentionally, and those definitions apply here. For this conspiracy, the government is not required to prove an overt act.

The government must also prove that the conspiracy to commit wire fraud charged in Count Three continued after February 13, 2015.

As I explained earlier, the crime of conspiracy to violate a federal law is a separate offense from the underlying crime. Conspiracy to commit wire fraud is a separate and distinct crime from wire fraud, which is the object of the conspiracy. Wire fraud is the "substantive crime." For Count Three, the government does not have to prove that the defendants actually committed wire fraud, the object of the conspiracy. However, you must find beyond a reasonable doubt that the defendants, understanding the unlawfulness of the charged conspiracy, knowingly and with an intent to defraud, at some point joined and participated in the conspiracy to further its unlawful object — wire fraud.

I will now explain the elements of wire fraud. Wire fraud is a violation of Title 18, United States Code, Section 1343. That statute provides, in pertinent part: Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any

writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be guilty of a federal crime.

The crime of wire fraud has three elements:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false pretenses, representations or promises;

Second, that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution or in furtherance of the scheme, the defendant used, or caused to be used, interstate or foreign wires.

*1. First Element*

The first element is the existence of a scheme or artifice to defraud, and to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is merely a plan to accomplish an object. "Defraud" means to deprive another of money or property by dishonest means. Property includes confidential business information that has economic value, such as trade secrets. A "scheme to defraud" is any plan, device, or course of action to obtain money or property from another by trick, deceit, deception, or swindle.

***U.S. v. Huawei Technologies Co. LTD et al.* (18-cr-457)**

In this case, indictment alleges that the defendants carried out the scheme to defraud by making false and fraudulent statements, representations, and claims. A statement, representation, or claim is false if it is untrue when it was made, and the person or entity that made the statement or caused it to be made knew it was untrue. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements or half-truths, or concealing material facts may also constitute false or fraudulent statements under the statute.

The deception does not have to be premised upon spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance. If there is a deception, the manner in which it is accomplished is immaterial.

The false or fraudulent pretense, representation, promise, or statement must relate to a material fact or matter. A material fact is one that would be of concern to a reasonable and prudent person who is relying upon the representation, promise, or statement in making a decision with respect to the transaction at issue. This means that if you find that a particular statement of fact or representation was false, you must also determine whether that statement or representation was one that a reasonable person in the alleged victim-companies' positions would have considered important in making its decision. The same principle applies if the defendants' representations were fraudulent half-truths or omissions of material

fact. The government does not need to prove that anyone actually relied on the false statement or representation. Rather, it is sufficient if the misrepresentation was one that was capable of influencing a reasonable person's decision and was intended to do so.

If you find that there was a scheme or artifice to defraud, it does not matter whether victims might have discovered the fraud if they had probed further. If there was a scheme to defraud, it is irrelevant whether you believe that the victims were careless, gullible, or even negligent.

In addition to proving that a pretense, representation, promise, or statement was false or fraudulent and related to a material fact, the government must also prove that the alleged scheme contemplated depriving another of money or property. The government is not required, however, to prove that the scheme or artifice to defraud actually succeeded — that is, the government is not required to prove that the defendants realized any gain or profit from the scheme, or that the intended victim suffered any loss or harm. Nor is the government required to prove that the defendant intended to inflict economic harm or to profit from the scheme. The question you must decide is whether the government has proved that the defendant knowingly devised, or participated in, a scheme to defraud. Whether the scheme actually succeeded is not a question you may consider in determining whether such a scheme existed.

Further, while the indictment charges that the alleged conspiracy to commit wire fraud began in or around 2009 and continued up to in or around 2020, it is not essential that the government prove that the conspiracy started and ended on those specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

2. *Second Element*

The second element of wire fraud is that the defendant devised or participated in the fraudulent scheme knowingly and with the specific intent to defraud. You are familiar with the terms "devised" and "participated." To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with the scheme, intending that the scheme succeed. While a mere onlooker is not a participant in a scheme to defraud, a participant does not have to be someone who personally and visibly executes the scheme to defraud. The government must also show that the defendants acted knowingly and with a specific intent to defraud. I have previously defined the terms "knowingly" and "intent to defraud," and those instructions apply here.

To act with a "specific intent to defraud" means to act knowingly and with the specific intent to deceive for the purpose of obtaining money or property from the victim. There is no requirement that the intended victim actually suffered

financial loss; only that the scheme contemplated depriving the victim of money or property.

3. *Third Element*

The third and final element for wire fraud is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud. Interstate or foreign wires include telephone or other electronic communications, including email, from one state to another or between the United States and a foreign country. The term also includes a wire transfer of funds from one state to another or between the United States and a foreign country.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of wire communications between New York and another state, such as Connecticut, or a territory, such as the U.S. Virgin Islands, or between the United States and another country. It is not necessary that a defendant be directly or personally involved in any wire communication, as long as the wire communication is reasonably foreseeable in the execution of the alleged scheme to defraud.

In this regard, you may find that this element is satisfied if you find that a defendant caused others to use the wire communications. This does not mean that a defendant itself must have specifically authorized others to execute a wire

communication. When the defendant does an act with knowledge that the use of wire communications will be used in the ordinary course of business, or where the use of wire communications can reasonably be foreseen, even though not actually intended, then the defendant causes the wires to be used. This wire communication requirement is satisfied even if the wire communication was done by a person or entity with no knowledge of the fraudulent scheme, including a victim of the alleged fraud. The use of the wire communication does not itself have to be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

Only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

C. <u>Count Six: Bank Fraud</u>

I will now instruct you on Counts Four and Six, which charge Huawei Technologies with bank fraud conspiracy and bank fraud, respectively. I will start with Count Six, the substantive bank fraud charge, which alleges as follows:

> In or about and between August 2010 and May 2015, both dates being approximate and inclusive, within the Eastern

> District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and intentionally execute a scheme and artifice to defraud HSBC Bank USA, a financial institution, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of said financial institution, by means of one or more materially false and fraudulent pretenses, representations and promises.

The relevant statute on this topic is Title 18, United States Code, Section 1344, which provides in relevant part that:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice [] to defraud a financial institution; or [] to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises is guilty of a crime.

The government can prove bank fraud in two ways. You may find the defendant guilty of bank fraud if you find all of the elements of one form of bank fraud proven. You do not need to find both forms proven. But to find the defendant guilty, you must be unanimous as to which theory of bank fraud you find, and you must find every element of that theory proven beyond a reasonable doubt.

### *1. First Way to Prove Bank Fraud*

I will now instruct you on the first way to prove bank fraud. Under Section 1344(1), the government must prove beyond a reasonable doubt each of the following elements:

First, that the defendant executed or attempted to execute a scheme to defraud a bank concerning a material matter;

Second, that the defendant knowingly participated in this scheme with the intent to deprive the bank of money or property; and

Third, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation, or FDIC.

I will now explain each element in more detail.

*a. First Element*

The first element is that there was a scheme to defraud a bank by means of false or fraudulent pretenses, representations, or promises. In this case, the victim bank was HSBC Bank USA. I have previously instructed you on the meaning of "scheme to defraud" and "material," and those instructions apply here.

As I said before, if you find that there was a scheme to defraud, it does not matter whether the victim might have discovered the fraud if they had probed further. If there was a scheme to defraud, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent.

*b. Second Element*

The second element the government must prove beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme knowingly and with the intent to defraud the bank. As I explained before, to act with intent to

defraud means to act knowingly and with the specific intent to deceive for the purpose of obtaining money or property from the victim. While the government must prove that in executing the scheme to defraud, the defendant knew that the scheme would deprive the bank of money or property — such as money deposited with the bank — the government does not need to prove that the defendant intended to cause the bank any financial harm or loss.

*c. Third Element*

The third element is that at the time of the execution of the scheme, HSBC Bank USA had its deposits insured by the FDIC. The government does not have to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that HSBC Bank USA was insured by the FDIC. It must prove, however, that the defendant intended to defraud a financial institution.

*2. Second Way to Prove Bank Fraud*

There is a second way that the government can prove bank fraud. Under Section 1344(2), the government must prove beyond a reasonable doubt each of the following elements:

First, that there was a scheme to obtain money or property owned or under the custody or control of HSBC Bank USA by materially false or fraudulent pretenses, representations, or promises;

Second, that the defendant executed or attempted to execute the scheme knowingly and with the intent to obtain money or property owned or under the custody or control of the bank; and

Third, that at the time of the execution of the scheme, HSBC Bank USA had its deposits insured by the FDIC.

*a. First Element*

The first element is that there was a scheme to obtain money or property owned by or under the custody or control of HSBC Bank U.S.A. by means of false or fraudulent pretenses, representations, or promises. I have previously instructed you on the meaning of "scheme," "false or fraudulent," and "material," and those instructions apply here. For the scheme to obtain money or property "by means of" false or fraudulent, pretenses, representations or promises, a false statement must be the thing that causes the bank to part with money or property in its control. However, the government does not have to prove that the misrepresentation was made directly to the bank, but only that the misrepresentation would naturally induce the bank to part with money in its control. The government does not need to prove that the scheme succeeded, only that it was planned.

Again, if you find that there was a scheme, it does not matter whether the victim might have discovered the fraud if they had probed further. If there was a

scheme to defraud, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent.

*b. Second Element*

The second element is that the defendant executed or attempted to execute the scheme knowingly and with the intent to obtain money or funds owned by or under the custody or control of the bank. I have already instructed you on the terms "knowingly" and "intentionally," and those definitions apply here.

*c. Third Element*

The government must also establish that, at the time of the execution of the scheme, the FDIC insured HSBC Bank USA's deposits. The government does not have to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that HSBC Bank USA was insured by the FDIC. It must prove, however, that the defendant intended to obtain money or funds owned or under the custody or control of a financial institution.

For Count Six, the government may also prove a defendant's guilt if the defendant aided and abetted another person or entity to commit bank fraud. I have previously instructed you on aiding and abetting.

D. <u>Count Four: Conspiracy to Commit Bank Fraud</u>

Count Four charges Huawei Technologies with conspiring to commit bank fraud:

> In or about and between August 2010 and May 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud HSBC USA, a financial institution, and to obtain moneys, funds, credits and other property owned by and under the custody and control of said financial institution, by means of one or more materially false and fraudulent pretenses, representations and promises.

For the conspiracy to commit bank fraud charged in Count Four, the government must prove each of the following elements beyond a reasonable doubt.

First, the government must prove the existence of the conspiracy charged in the indictment. Bank fraud is the unlawful act charged as the object of the conspiracy charged in Count Four. I have previously instructed you on the elements of conspiracy and bank fraud, and those instructions apply here.

Second, the government must prove that the defendant knowingly and intentionally became a member of and joined in that conspiracy. I have previously defined knowingly and intentionally, and those instructions apply here. For this conspiracy, the government is not required to prove an overt act.

E. Count Five: Conspiracy to Commit Wire Fraud

Count Five charges Huawei Technologies with wire fraud conspiracy. Count Five charges as follows:

> In or about and between August 2010 and May 2018, both dates being approximate and inclusive, within the Eastern

> District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud HSBC, Standard Chartered Bank, BNP Paribas, and their U.S. and Eurozone subsidiaries and branches, and to obtain money and property from [those] institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds.

The government must prove each of the following elements beyond a reasonable doubt.

First, it must prove the existence of the conspiracy charged in the indictment. Wire fraud is the unlawful act charged as the object of the conspiracy charged in Count Five. I have previously instructed you on the elements of conspiracy and wire fraud, and those instructions apply here.

Second, it must prove that Huawei Technologies knowingly and intentionally became a member of, and joined in, that conspiracy. I previously defined knowingly and intentionally, and those instructions apply here. For this conspiracy, the government is not required to prove an overt act.

F. Count Seven: Wire Fraud

Count Seven charges Huawei Technologies with wire fraud. Count Seven charges as follows:

> In or about and between August 2010 and May 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HSBC, Standard Chartered Bank, BNP Paribas, and their U.S. and Eurozone subsidiaries and branches (the "Institutions"), and to obtain money and property from the Institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: the defendant HUAWEI TECHNOLOGIES, together with others, (a) made, and caused to be made, a series of misrepresentations through email communications, written communications otherwise conveyed through the wires, and oral communications made with knowledge that the oral communications would be memorialized and subsequently transmitted through the wires, about, among other things, the relationship between HUAWEI TECHNOLOGIES and Skycom, HUAWEI TECHNOLOGIES's compliance with U.S. and U.N. laws and regulations, and the kinds of financial transactions in which HUAWEI TECHNOLOGIES engaged through the Institutions; and (b) as a result of the misrepresentations, caused a series of wires to be sent by financial institutions from outside of the United States through the United States.

I have previously instructed you on the elements of wire fraud and the meaning of "knowingly" and "intentionally." Those instructions apply here.

G. Count Eight: Conspiracy to Defraud the United States

Count Eight charges Huawei Technologies with conspiring to defraud the United States by obstructing the lawful function of the Office of Foreign Assets

Control. In this trial the Office of Foreign Assets Control has been referred to as "OFAC." Specifically, Count Eight charges:

> In or about and between December 2008 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and willfully conspire to defraud the United States by impairing, impeding, obstructing and defeating, through deceitful and dishonest means, the lawful governmental functions and operations of the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), an agency of the United States, in the enforcement of economic sanctions laws and regulations administered by that agency and the issuance by that agency of appropriate licenses relating to the provision of financial services.

As relevant to this count, Section 371 of Title 18 of the United States Code provides that it is unlawful for "two or more persons [to] conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy."

In order to sustain its burden of proof with respect to the conspiracy to defraud the United States charged in Count Eight, the government must prove each of three elements beyond a reasonable doubt.

First, that the conspiracy charged in Count Eight existed. In other words, that there was an agreement or understanding between two or more people or entities to impair, impede, obstruct, or defeat the lawful and legitimate

governmental functions and operations of OFAC through fraudulent or dishonest means.

Second, that Huawei Technologies knowingly and willfully became a member of that conspiracy, with knowledge of its unlawful objective; and

Third, that one of the conspirators knowingly committed at least one overt act in furtherance of the conspiracy after August 22, 2013.

I will now discuss each of these elements in more detail.

*1. First Element*

The first element that the government must prove beyond a reasonable doubt is that two or more people or entities entered into the unlawful agreement charged in Count Eight of the indictment. I have previously instructed you on the elements of conspiracy, which apply here.

The object of the conspiracy as alleged in Count Eight is defrauding the United States by impeding, impairing, obstructing or defeating OFAC's lawful governmental functions and operations through deceitful or dishonest means. Specifically, the members of the conspiracy allegedly sought to impair OFAC's enforcement of economic sanctions laws and regulations and the issuance by that agency of appropriate licenses relating to the provision of financial services.

OFAC is an agency of the United States. OFAC is responsible for enforcing economic sanctions laws and regulations. As part of those efforts, OFAC requires

that persons or entities seeking to engage in conduct that violates OFAC's sanctions laws and regulations, such as financial transactions pertaining to the export of U.S.-origin goods, technology, and services to Iran and the Government of Iran, apply for and receive a license from OFAC. Thus, the phrase "conspiracy to defraud the United States" in this Indictment means that each defendant and its co-conspirators allegedly conspired to impede, impair, obstruct or defeat OFAC's lawful function or operations to enforce economic sanctions laws and regulations and issue appropriate licenses relating to the provision of financial services. You may only find a defendant guilty if you determine unanimously that one of the purposes of the scheme was to impede, impair, obstruct or defeat OFAC's enforcement of economic sanctions laws and regulations and issuance of appropriate licenses relating to the provision of financial services.

In order to find a conspiracy to "impair, impede, or obstruct" a legitimate governmental function, you must find beyond a reasonable doubt that the object of the conspiracy was to make it more difficult for OFAC to carry out its lawful and legitimate functions and that the scheme depended on fraudulent and dishonest means. You do not have to find that OFAC actually examined a defendant or co-conspirator's conduct or that a defendant or co-conspirator had any contact with OFAC. Nor do you need to find that the government lost money or property as a result of the conspiracy. You also do not have to find that the impairment of

OFAC violated any separate law. All that is required is that the object of the conspiracy was to interfere with or obstruct one of the United States' lawful governmental functions by deceit, craft or trickery, or by means that are dishonest.

2. *Second Element*

The Government must also prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy. I have already defined "knowingly," and "willfully," and those instructions apply here.

3. *Third Element*

The third element that the government must prove is that some member of the conspiracy, not necessarily the defendant, committed an overt act in furtherance of the conspiracy and did so knowingly — that is voluntarily and purposely and not because of mistake or accident or some other innocent reason.

I have already explained what an "overt act" is, and those instructions apply here. For Count Eight, the indictment alleges the following overt acts were committed in the Eastern District of New York and elsewhere:

(a) On or about September 13, 2012, Huawei Senior Vice President Charles Ding testified before U.S. Congress that HUAWEI TECHNOLOGIES's business in Iran had not "violated any laws and regulations including sanction-related requirements."

(b) On or about July 24, 2013, Skycom caused HSBC Bank USA to process a U.S.-dollar clearing transaction of $52,791.08. 20518 tracing #9

(c) On or about April 11, 2014, Skycom caused Barclays bank, a bank located in the United States, to process a U.S. dollar-clearing transaction of $118,842.45. 20015 excel.

(d) In or about April 2018, HUAWEI TECHNOLOGIES made efforts to move Yang Zhang, an employee with knowledge about HUAWEI TECHNOLOGIES's Iran-based businesses to the [People's Republic of China], and beyond the jurisdiction of the U.S. government.

These overt acts alleged in the indictment are examples of conduct that the defendants or their alleged co-conspirators are alleged to have undertaken to further the conspiracy. The government is not required to prove all of these acts. For the government to satisfy its burden of proof on this element, it must prove, beyond a reasonable doubt, either that the defendants or at least one co-conspirator knowingly committed at least one overt act in furtherance of some object or purpose of the conspiracy.

You do not have to reach a unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was committed in furtherance of the conspiracy charged in Count Eight. Also, in order for you to find the overt act requirement satisfied,

you must find beyond a reasonable doubt that an overt act in furtherance of the conspiracy was committed after August 22, 2013.

H. Count Ten: IEEPA Violation

Before instructing you on the conspiracy to violate IEEPA charged in Count Nine, I will first instruct you on Count Ten, which charges Huawei Technologies with violating the International Emergency Economic Powers Act ("IEEPA"). I will first explain the relevant statutory and regulatory provisions before discussing the allegations in this case.

The relevant statute prohibits willfully causing a violation of any license, order, regulation, or prohibition issued under IEEPA. Under IEEPA, the United States has adopted certain restrictions on transactions with or involving Iran. These restrictions are referred to as sanctions and are contained in the "Iranian Transactions and Sanctions Regulations" or "ITSR" in Title 31, Part 560 of the Code of Federal Regulations. I will refer to them as the ITSR. At all times relevant to Count Ten of the indictment, as well as Count Nine, the ITSR prohibited the following conduct:

- the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a U.S. person or entity, wherever located, of any services to Iran or the Government of Iran; and
- the engagement in any transaction or dealing by a U.S. person or entity relating to services for exportation,

> reexportation, sale or supply directly or indirectly, to Iran or the Government of Iran.

Part of the ITSR changed on October 22, 2012. Before October 22, 2012, the ITSR prohibited:

- any transaction by any U.S. person or entity or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions contained in the ITSR.

After October 22, 2012, the ITSR prohibited:

- any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the ITSR.

payment found 8/20/13

tracing it GX 20525

In this case, Count Ten charges as follows:

> In or about and between December 2008 and November 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and willfully cause the export, reexport, sale and supply, directly and indirectly, of services, to wit: banking and other financial services from the United States to Iran and the Government of Iran, without having first obtained the required OFAC license.

In order to prove that Huawei Technologies is guilty of violating IEEPA, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant caused financial institutions in the United States to export or attempt to export financial services, directly or indirectly, to Iran or the Government of Iran;

Second, that the defendant acted knowingly and willfully; and

Third, that the export was not authorized by any part of the ITSR or a license issued by OFAC.

I will now discuss each of these elements in more detail.

*1. First Element*

The first element that the government must prove is that the defendant caused financial institutions in the United States to export or attempt to export financial services, directly or indirectly, to Iran or the Government of Iran.

I am now going to define some of the terms that I just used. The "Government of Iran" means the state and the government of the Islamic Republic of Iran as well as any political subdivision, agency, or instrumentality of the government of the Islamic Republic of Iran. The "Government of Iran" also includes any entity or business owned or controlled directly or indirectly by the government of Iran, and any person or entity acting or purporting to act directly or indirectly for or on behalf of the government of Iran.

The term "export" means the act of sending or carrying goods, or providing services, from one country to another. With respect to Count Ten, the indictment charges the defendant with exporting "services" from the United States to Iran; specifically, they are charged with exporting the financial services provided by U.S. correspondent banks in processing wire transfers of funds. These services are also known as dollar clearing services. They are considered "services" under the

ITSR. The supply of services "directly or indirectly" to Iran includes, for example, funds that are transferred to Iran or on behalf of an Iranian person or business through an intermediary, to a third party for the benefit of, or on behalf of, the government of Iran, or to a third party acting as an agent of the government of Iran.

You heard some evidence about export controls at various points during the trial. The defendants are not charged with violating export control laws by exporting U.S. origin goods to Iran. You also heard evidence about sanctioned countries other than Iran, including North Korea. The defendants are not charged with violating U.S. sanctions on North Korea.

2. *Second Element*

The second element that the government must prove is that the defendant acted knowingly and willfully. I have already instructed you as to the terms "knowingly" and "willfully" and you should apply those instructions here. In the context of the IEEPA counts, the government must show that the defendant knew that the exportation of services to Iran or the Government of Iran in this case was illegal. But it is not necessary for the government to prove that a defendant had read, was aware of, or had consulted IEEPA or any other specific law or regulation that a defendant's conduct may have violated.

3. *Third Element*

The third element that the government must prove is that at the time of the transactions at issue, the transactions were not authorized by the ITSR or a license issued by OFAC.

I. Count Nine: Conspiracy to Violate IEEPA

Count Nine, which alleges a conspiracy to violate IEEPA, charges as follows:

> In or about and between December 2008 and November 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and willfully conspire to cause the export, reexport, sale and supply, directly and indirectly, of services, to wit: banking and other financial services from the United States to Iran and the Government of Iran, without having first obtained the required OFAC license.

In order to sustain its burden of proof with respect to the conspiracy to violate IEEPA charged in Count Nine, the government must prove each of the following elements beyond a reasonable doubt.

First, it must prove the existence of the conspiracy charged in the indictment. The object of the conspiracy charged in Count Nine is violating IEEPA. I have previously instructed you on the elements of conspiracy, and both apply here.

Second, it must prove that the defendant knowingly and willfully became a member of, and joined in, that conspiracy. I previously defined "knowingly" and

"willfully," and you should apply those instructions here. As I said, in the context of the IEEPA counts, the government must show that the defendant knew that the exportation of services to Iran or the Government of Iran in this case was illegal. But it is not necessary for the government to prove that a defendant had read, was aware of, or had consulted IEEPA or any other specific law or regulation that a defendant's conduct may have violated. For this conspiracy, the government is not required to prove an overt act.

The government must also prove that the conspiracy to violate IEEPA continued after August 22, 2013.

J. Count Eleven: Money Laundering Conspiracy

Count Eleven charges Huawei Technologies with conspiring to launder money:

> In or about and between December 2008 and November 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HUAWEI TECHNOLOGIES, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from one or more places in the United States to and through one or more places outside the United States and to one or more places in the United States from and through one or more places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: conspiracy to violate IEEPA.

In order to sustain its burden of proof with respect to the conspiracy to launder money charged in Count Eleven, the government must prove the following elements beyond a reasonable doubt.

First, the government must prove the existence of a conspiracy between two or more people or entities to commit the money laundering offense. I have previously instructed you on the elements of conspiracy, and those apply here. I will explain the elements of money laundering below.

Second, the government must prove that the defendant knowingly and intentionally became a member of and joined in that conspiracy. I have previously instructed you about the definition of "knowingly" and "intentionally," and those instructions apply here. For this conspiracy, the government is not required to prove an overt act.

The government must also prove that the conspiracy to commit money laundering continued after August 22, 2013.

The object of the charged conspiracy in Count Eleven is money laundering. The money laundering statute is Title 18, United States Code, Section 1956(a)(2)(A), which reads as follows:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States

> with the intent to promote the carrying on of specified unlawful activity [shall be guilty of an offense].

To prove a violation of the money laundering statute, the government must prove two elements beyond a reasonable doubt.

The first element is that the defendant or a co-conspirator transported or transferred or transmitted, or attempted to transport or transfer or transmit, a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery. The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transported" or "transferred" or "transmitted" have their ordinary, everyday meaning. The defendant or a co-conspirator does not have to have physically carried funds or monetary instruments in order to prove that the defendant is responsible for transferring or transporting or transmitting. All that is required is that the defendant or a co-conspirator caused the funds or monetary instrument to be transported or transferred or transmitted by another person or

entity. To satisfy this element, the funds or monetary instruments must have been transported, transferred or transmitted from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States. This element is satisfied if funds or monetary instruments were transported, transferred or transmitted into or out of or through United States-based accounts, even if the United States was not the country the funds or monetary instruments were originally coming from or ultimately headed to.

The second element is that the defendant acted with intent to promote the carrying on of one or more crimes, referred to as a "Specified Unlawful Activity" or "SUA," not just that it had the effect of doing so. I instruct you that as a matter of law, that the conspiracy to violate IEEPA charged in Count Nine is a Specified Unlawful Activity. I have previously instructed you on conspiracy to violate IEEPA, and those instructions apply here.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting a conspiracy to violate IEEPA. The government does not have to prove that the defendant was aware of the specific provision of the law that it is charged with violating or any other specific provision, as long as that the defendant knew that its conduct was, in a general sense, unlawful. You also do not have to find that the

Specified Unlawful Activity actually occurred, but merely that the defendant acted to promote, facilitate, or assist it to occur.

K. Count Twelve: Conspiracy to Obstruct Justice

Count Twelve charges Huawei Technologies and Huawei Device USA with conspiring to obstruct justice, in violation of 18 U.S.C. § 1512:

> In or about and between January 2017 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HUAWEI TECHNOLOGIES and HUAWEI DEVICE USA, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York.

In order to sustain its burden of proof with respect to the conspiracy to obstruct justice charged in Count Twelve, the government must prove each of two elements beyond a reasonable doubt.

First, the government must prove the existence of a conspiracy between two or more people or entities to obstruct justice. I have previously instructed you about the elements of conspiracy, and those instructions apply here. I will explain the elements of obstruction of justice in a moment.

Second, the government must prove that each defendant knowingly and intentionally became a member of, and joined in, that conspiracy. I have previously instructed you about the definition of "knowingly" and "intentionally", and those instructions apply here.

The object of the conspiracy charged in Count Twelve is to obstruct justice. Title 18, United States Code, Section 1512(c)(2), has two elements:

The first element that the government must prove beyond a reasonable doubt is that the defendant obstructed, influenced, or impeded an official proceeding. An official proceeding means a proceeding before a court, judge, federal agency, or congressional hearing. Here, the government alleges that the official proceeding was a federal grand jury investigation in the Eastern District of New York. A federal grand jury investigation is an official proceeding. The law does not require that the official proceeding be pending at the time of the defendant's actions, as long as an official proceeding was foreseeable such that the defendant knew that its actions were likely to affect the official proceeding. In addition, the government does not have to prove that defendant knew that the proceeding would be in federal court or before a federal grand jury.

The second element is that the defendant acted corruptly. To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

L. Count One: Racketeering Conspiracy

I will now instruct you on Count One of the indictment, which charges Huawei Technologies, Huawei Device USA, and Futurewei with conspiracy to

violate the Racketeer Influenced and Corrupt Organizations Act. This is commonly referred to as the RICO Act.

The indictment reads as follows:

> In or about and between 1999 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HUAWEI TECHNOLOGIES, HUAWEI DEVICE USA and FUTUREWEI, together with others, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(a), that is, to use and invest, directly and indirectly, a part of income and the proceeds of income, to wit: income received by HUAWEI TECHNOLOGIES, HUAWEI DEVICE USA and FUTUREWEI and derived, directly and indirectly, from a pattern of racketeering activity, in which HUAWEI TECHNOLOGIES, HUAWEI DEVICE USA and FUTUREWEI participated as principals within the meaning of Title 18, United States Code, Section 2, in the establishment and operation of the Huawei Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce.
>
> The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of multiple acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud), 1344 (relating to financial institution fraud), 1503 (relating to obstruction of justice), 1512 (relating to tampering with a witness, victim or evidence), 1832 (relating to theft of trade secrets), 1956 (relating to the laundering of monetary instruments), and 2319 (relating to criminal infringement of a copyright).

Huawei Technologies, Huawei Device USA, and Futurewei are charged with violating section 1962(d) of Title 18 of the United States Code. Section 1962(d) provides that "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The defendants are charged with conspiring to violate subsection (a) of the RICO statute which provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

The racketeering conspiracy offense charged in Count One is a conspiracy, which means it is the agreement to commit this substantive RICO offense. I have already instructed you on conspiracy, and those definitions apply here. In this case, the alleged unlawful object of the conspiracy is to use or invest income derived from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise. There is no overt act requirement for the RICO conspiracy offense charged in Count One.

In order to prove that the defendant violated section 1962(d), the Government must establish beyond a reasonable doubt each of the following elements of the offense:

First, that there was an agreement among two or more persons to use or invest income derived from a pattern of racketeering activity in which one of those persons participated as a principal to acquire an interest in, to establish, or to operate an enterprise;

Second, that the enterprise or its activities would have affected, or in fact affected, interstate or foreign commerce; and

Third, that the defendant knowingly and willfully became a member of that agreement.

1. *First Element*

The first element the government must establish beyond a reasonable doubt is that there was an agreement among two or more persons to use or invest income derived from a pattern of racketeering activity in which one of those persons participated as a principal to acquire an interest in, establish, or operate an enterprise. Under the statute, a "person" includes any individual or entity capable of holding a legal or beneficial interest in property.

To satisfy the first element, you must find that the defendant or another member of the conspiracy agreed to use, directly or indirectly, in the United States, any part of the income derived from a pattern of racketeering activity in which one of those participated as a principal to acquire an interest in, to establish, or to operate the enterprise charged in the indictment. This element is satisfied if you

find that the defendant or a co-conspirator agreed to invest income from racketeering activities that they participated in as a principal in the enterprise, or if you find that it agreed to use such income to establish or operate the enterprise.

The use or reinvestment of income derived from the pattern of racketeering does not need to trace back specifically or directly to the commission of a particular act of racketeering, as long as the evidence establishes a sufficient relationship between the income and the reinvestment in the enterprise.

I will now define some of these terms for you.

*i. Enterprise*

An enterprise is a group of people or entities that have associated together for a common purpose of engaging in a course of conduct. In this case, the indictment alleges that the Huawei family of companies — including Huawei Technologies, Huawei Device, Huawei Device USA, Futurewei, and Skycom — were an enterprise. The defendants do not dispute that the Huawei family of companies is an enterprise.

The essence of the crime of RICO conspiracy is an agreement. Though proof that members and associates engaged in racketeering activity may serve as evidence of the conspiracy, the government is not required to prove that the enterprise actually affected interstate commerce, or that anyone actually used or invested income derived from a pattern of racketeering activity to acquire an

interest in, establish, or operate an enterprise engaged in interstate or foreign commerce.

Rather, the government must prove beyond a reasonable doubt that two or more persons agreed to use or invest income derived from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise engaged in interstate or foreign commerce.

*ii. Income Derived from a Pattern of Racketeering Activity*

To derive income from a pattern of racketeering activity means to earn some income through the commission of at least two racketeering acts sufficiently related to constitute a pattern.

"Income" means a gain or recurrent benefit usually measured in money that derives from capital or labor. For the purpose of the RICO statute, monies saved (that is, not expended) by means of racketeering activity constitute income.

"Racketeering activity" means the commission of certain crimes. A "pattern of racketeering activity" generally means the following:

First, the defendant agreed that the defendant or a co-conspirator would commit two or more racketeering acts. The most recent racketeering act must have occurred within ten years after the commission of a prior racketeering act. Your verdict must be unanimous as to the type of racketeering acts you find that the

defendant agreed would be committed. I will instruct you on the elements regarding each of the alleged racketeering acts.

Second, the racketeering acts must have a "nexus" to the enterprise and the racketeering acts must be "related." A racketeering act has a "nexus" to the enterprise if it has a meaningful connection to the enterprise. To be "related," the racketeering acts cannot be merely isolated events. The racketeering acts must have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics.

Third, the racketeering acts either extended over a substantial period of time or posed a threat of continued criminal activity. The government does not have to prove a threat of continuity by any mathematical formula or by any particular method of proof. Rather, the government may prove this element in a variety of ways. For example, the government may prove the threat of continued unlawful activity if the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes or if the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise.

Moreover, in determining whether the government has proven the threat of continued unlawful activity, you are not limited to considering the specific racketeering acts charged against in the indictment. Rather, in addition to the charged racketeering acts, you also may consider the nature of the enterprise, and

other unlawful activities of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.

**RACKETEERING ACTS**

The pattern of racketeering activity that is subject of the RICO conspiracy charged in Count One involves alleged violations of the following criminal statutes:

- Title 18, United States Code, Section 1343 (relating to wire fraud); Count 7
- Title 18, United States Code, Section 1344 (relating to financial institution fraud); Count 6
- Title 18, United States Code, Section 1503 (relating to obstruction of justice); superseding? & deleting files → Count 12
- Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim or evidence);
- Title 18, United States Code, Section 1832 (relating to theft of trade secrets); Count 2
- Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments); and Count 11
- Title 18, United States Code, Section 2319 (relating to criminal infringement of a copyright). Cisco

I will now explain the elements for each of these types of racketeering activity.

a. <u>Wire Fraud</u>

I have previously instructed you on the elements of wire fraud. Those instructions apply here.

b. <u>Bank Fraud</u>

I have previously instructed you on the elements of bank fraud. Those instructions apply here.

c. <u>Obstruction of Justice</u>

There are two applicable obstruction of justice statutes for Count One. I have already instructed you on the elements of one of them, Title 18, United States Code, Section 1512. Those instructions apply here. I will now instruct you on the other one, Title 18, United States Code, Section 1503(a).

Title 18, United States Code, Section 1503(a) provides, in pertinent part, that "[w]hoever corruptly . . . influences, obstructs or impedes, or endeavors to influence, obstruct or impede the due administration of justice shall be [guilty of a crime]."

This law is designed to prevent a miscarriage of justice resulting from corrupt methods. It is aimed at a variety of means by which the orderly and due process of the administration of justice may be impeded, thwarted or corrupted.

The term "due administration of justice" refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution, disposition or trial of any matter, civil or criminal, in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and

determination of the rights of parties, whether government or individual. Thus, due administration of justice includes but is not limited to a federal grand jury investigation or a federal prosecution and criminal trial.

To "endeavor" means to make any effort or commit any act, however contrived, to obstruct, impede or interfere with a federal grand jury investigation or a federal prosecution and criminal trial. The endeavor is the gist of this crime. The endeavor does not have to succeed. It includes any effort, whether it is successful or not, that is made for the purpose of corrupting, obstructing, or impeding the proceeding.

As I explained before, acting "corruptly" means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede, or influence the due administration of justice.

Obstruction under Section 1503 includes the following three elements.

First, that there was a proceeding pending before a federal court or federal grand jury;

Second, that a defendant knew of the proceeding; and

Third, that the defendant corruptly acted to obstruct or impede, or endeavored to obstruct or impede the proceeding.

d. Theft of Trade Secrets

When I instructed you on the elements of theft of trade secrets, I explained that you must apply different standards to conduct that occurred before December 28, 2012 and conduct that occurred after December 28, 2012 because some of the statutory requirements changed on December 28, 2012. For purposes of this racketeering act — the theft of trade secrets statute — you may consider only conduct that occurred after May 11, 2016. Therefore, you should apply the standards that apply to conduct that occurred after December 28, 2012, as I instructed you before.

e. Money Laundering

I have previously instructed you on the elements of money laundering. Those instructions apply here.

f. Copyright Infringement

Under Title 18, United States Code, Section 2319, any person or entity who willfully infringes a copyright

(A) for purposes of commercial advantage or private financial gain;

(B) by the reproduction or distribution, including by electronic means, during any 180-day period, of 10 or more copies or phonorecords of 1 or more copyrighted works, which have a total retail value of more than $2,500

shall be guilty of a crime.

*U.S. v. Huawei Technologies Co. LTD et al.* **(18-cr-457)**

"Copyright" is the name for the protection that the law extends to the creator of an original work against the unauthorized appropriation of that work by others. The term is derived from the fact that the creator of the work has the exclusive right to copy the work, and therefore may exclude others from copying the work. The term "work" refers to any material that is subject to protection under the copyright laws. In addition to literary works, this includes musical works, audiovisual works, motion pictures, and computer programs.

The person or entity that creates the work is the "owner" of the copyright. The term owner also includes any person or entity to whom the creator may assign, sell, lease, or otherwise transfer the copyright. The owner of a copyright has the right to exclude any other person or entity from reproducing or distributing the work covered by the copyright for a specific period of time. A copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

(2) recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work; and

(3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership.

For a defendant to be guilty of criminal copyright infringement, the government must prove three elements beyond a reasonable doubt:

First, the defendant willfully infringed a copyrighted work. To infringe a copyright means to violate any of the exclusive rights of the copyright owner. Infringing includes making or distributing unauthorized copies of a copyrighted work. A copyrighted work is registered by the owner with the United States Copyright Office. I have previously instructed you on the meaning of the word "willfully," but willfully has a slightly different meaning under the copyright infringement statute. Here, a willful act means a voluntary and intentional violation of a known legal duty. Thus, the government must prove that the defendant possessed the specific intent to infringe on the copyrighted works knowing that this was against the law, and did not act by mistake, accident or in good faith. I have previously defined good faith, and those instructions apply here.

Second, the defendant did so for purposes of commercial or private financial gain. The phrase "commercial advantage or private financial gain" should be given its ordinary and natural meaning. "Commercial advantage" is a profit or gain in money or property obtained through business activity. "Private financial gain" is profit or gain in money or property, including the receipt of other copyrighted works, specifically for a particular person, entity or group. The government is not required to prove that the defendant actually received some

financial benefit, although you may consider evidence that the defendant did or did not receive financial benefit in deciding whether it acted for the purpose of achieving commercial advantage or private financial gain.

Third, during a 180-day period, the defendant reproduced or distributed at least 10 copies of one or more copyrighted works, which have a total retail value of more than $2,500. In determining the value of the property, you may look at the face or par value of the property, or its market value — that is, the amount of money the property could be sold for in the open market. You should consider the aggregate, or total, value of all the property referred to in each count of the Indictment. It does not matter if you find the defendant actually received less than $2,500 for the property. If the evidence shows, and you find beyond a reasonable doubt that the property's total face, par, or market value was at least $2,500, then this element of the offense is satisfied.

*2. Second Element*

The second element is that the enterprise would have had some effect on interstate or foreign commerce, or in fact had such an effect.

As I instructed you before, interstate commerce means trading or conducting business or travel between one state and another state or the District of Columbia; and foreign commerce means such trade, business or travel between the United States and another country. Therefore, interstate and foreign commerce may

include the movement of money, goods, services or persons from one state to another state or the District of Columbia or between the United States and another country. This may include, among other matters, the purchase or sale of goods or supplies from outside the United States, the use of interstate or international mail or wire facilities, or the causing of any of those things. It does not matter if the interstate commerce affected is legal or illegal.

The government does not have to prove that the defendant's acts affected interstate commerce or that the defendant knew he was affecting interstate commerce. Instead, the government must prove that the alleged enterprise engaged in or would have engaged in interstate or foreign commerce or that its activities affected or would have affected interstate or foreign commerce in any way, no matter how minimal. It is not necessary to prove that the acts of the defendant affected interstate or foreign commerce as long as the acts of the alleged enterprise had such effect.

*3. Third Element*

The third element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the conspiracy charged in the indictment. I have already instructed you on knowledge and willfulness and the law of conspiracy under federal law, and those instructions apply here.

### 4. *Statute of Limitations*

If you find that bank fraud was a racketeering act, you must determine whether the conspiracy charged in Count One continued beyond February 13, 2010. However, if you do not find that bank fraud was a racketeering act, you must determine whether the RICO conspiracy charged in Count One continued beyond February 13, 2015.

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy, and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy. If a continuing conspiracy is shown to exist, the burden is on the defendant to prove that the conspiracy was terminated or that it took affirmative steps to withdraw. Termination of the conspiracy requires evidence from which the jury could have found that the goals of the conspiracy were accomplished in some final manner.

***U.S. v. Huawei Technologies Co. LTD et al.*** **(18-cr-457)**

## CLOSING INSTRUCTIONS

We are now at the third and final part of the instructions. In a few minutes you will begin your deliberations. I will give you some general rules regarding your deliberations. Keep in mind that nothing I have said in these instructions is meant to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

### I. Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. Traditionally, juror number one acts as the foreperson. However, if, when you begin deliberations, you all decide that you want to elect another foreperson, you may do so. The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations. The foreperson's vote is entitled to no greater weight than that of any other juror.

### II. Deliberations

Your duty is to reach a fair conclusion from the law as I have given it to you and from the evidence presented in this case. This duty is important. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. It is the duty of each one of you as jurors to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do that without violating your individual judgment. No one should

Deputy Marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed note, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or here in open court.

If, during your deliberations, you have questions about the law, or if you want further explanation about the law, you may send me a note.

## IV. Right to See Exhibits and Testimony

You will be permitted to review any of the exhibits admitted at trial, as well as transcripts of the trial testimony.

## V. Verdict

The government must prove each of the defendants' guilt beyond a reasonable doubt, as we have already talked about. If you find that the government has met its burden, then your verdict should be guilty; if the government does not meet its burden, your verdict should be not guilty. To reach a verdict, you must be unanimous.

I have prepared a verdict form that includes the counts listed in the indictment. Beneath each count is a space marked "guilty" and "not guilty." The form is in no way intended to tell you how to deliberate or decide the facts of this case. Your verdict as to each count must be recorded on the foreperson's verdict form. The foreperson should use a check mark in the appropriate space for

surrender a conscientious conviction of what the truth is and what the weight and effect of the evidence is. Each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. You should examine the issues and the evidence before you with candor and frankness, and with proper deference to and regard for the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change your opinions if you are convinced they are wrong. However, do not surrender an honest conviction about the weight and effect of the evidence just to arrive at a verdict.

The decision you reach must be unanimous; you all must agree.

## III. Communication with the Court and Others

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything related to this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, smart watch, tablet, computer, the Internet, any text or instant messaging service, blog, or social networking site to communicate with anyone regarding any information about this case or to conduct any research or do any kind of investigation about this case until after I accept your verdict.

There is only one exception to this rule. If you have a question for me, or it becomes necessary to communicate with me, you may send a note, through the

"guilty" or "not guilty," for each count of the indictment. The foreperson should also put his or her initials and the date beside each mark on the verdict form. Again, the verdict form must reflect your unanimous verdict as to each count.

As we talked about, each of you is entitled to your opinion; however, you should consult with one another and reach an agreement based solely and wholly on the evidence — if you can do so without contradicting your own individual judgment. Each of you must decide the case for yourself, after consideration with your fellow jurors. But, if, after carefully considering all the evidence and the arguments of your fellow jurors, your view is different from the others, you should not change your opinion just because you are outnumbered or because it is late. Your final vote must reflect your conviction as to how the issues should be decided.

When you have reached a verdict, just send me a note signed by your foreperson that says that you have reached a verdict. Do not write down what the verdict is. You should never give a numerical count of where the jury stands in its deliberations, in any communication with the court.

## VI. Oath Reminder and Closing Remarks

The government, the defendants and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By doing so, you carry out your oaths as jurors — to render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further we need to discuss.